UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INVESTMENT HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |

**STIPULATION RESOLVING WILLIAM ADAMCZYK'S LIMITED OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF LITIGATION AND CLAIMS ASSERTED BY AND AGAINST METRO HOMES NORTHWEST, LLC**

Douglas R. Adelsperger, Trustee ("the Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, and William Adamczyk ("Adamczyk"), a creditor, by counsel, submit this "Stipulation Resolving William Adamczyk's Limited Objection to Trustee's Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" (the "Stipulation"). In support of this Stipulation, the parties state as follows:

**I.    FACTS**

1.    On January 14, 2016, Adamczyk filed his Complaint in the United States District Court, Northern District of Illinois, Case No. 1:16-cv-00516, against defendants Earl Miller, Matthew Gingerich, 5 Star Investment Group I, LLC, 5 Star Investment Group V, LLC, 5 Star Investment Group, VII, LLC, 5 Star Investment Group, LLC, 5 Star Investment

Commercial, LLC, 5 Star Portland Holdings, LLC (collectively, the "5 Star Defendants"), Twin City of Winston Salem, LLC, Southern Equity Group Trust, Metro Homes Northwest, LLC ("Metro Homes"), and Dilusso Homes, LLC.

2. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

3. Adamczyk's lawsuit against the 5 Star Debtors has been stayed by operation of the automatic stay found in 11 U.S.C. § 362. Adamczyk's Complaint against the non 5 Star Defendants has continued unaffected by the automatic stay.

4. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

5. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

6. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016,

the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

7. On May 17, 2016, the Trustee filed Trustee's Motion for Substantive Consolidation. On June 24, 2016, the Court entered its "Agreed Order Granting Trustee's Motion for Substantive Consolidation", substantively consolidating the Bankruptcy Cases for all post-petition matters and purposes, effective as of the Petition Date, and deeming that all assets and liabilities of the Bankruptcy Cases to be consolidated into one (1) bankruptcy estate, to be administered in accordance with the Bankruptcy Code under the jurisdiction of the Court (the "Consolidated Bankruptcy Estates").

8. On July 5, 2016, the Trustee filed his "Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" (the "Motion to Approve Settlement") (Docket Number 363).

9. Also on July 5, 2016, the Trustee filed his certificate of service of "Notice of Motion and Opportunity to Object" (the "Notice"). The Notice gave all creditors and parties in interest the opportunity to assert any objections they might have to the Motion to Approve Settlement (Document 364).

10. On the same date, the Trustee filed a proposed order granting the Motion to Approve Settlement. (Document Number 365).

11. In his Motion to Approve Settlement, the Trustee stated that this Court has jurisdiction over the bankruptcy cases pursuant to 28 U.S.C. §§ 157 and 1334 and that

venue is proper pursuant to 28 U.S.C. § 1408. The Court also has authority to grant the relief sought in this Motion.

12. In his Motion to Approve Settlement, the Trustee stated that the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

13. The Trustee asserted in the Motion to Approve Settlement that the Court has the authority to approve the proposed settlement between 5 Star and Metro Homes pursuant to Bankruptcy Rule 9019(a), which states that "on motion by the Trustee and after notice of hearing, the Court may approve the compromise or settlement".

14. Pursuant to the Notice, all parties had until Tuesday, July 26, 2016, to file a written objection to the Motion to Approve Settlement.

15. On July 25, 2016, Adamczyk, by counsel, timely filed his objection to the Trustee's Motion to Approve Settlement (Document 401).

16. Adamczyk is the only objector that has a pending lawsuit against Metro Homes. The substance of Adamczyk's objection is that he opposes the release of his claims against Metro Homes that he has asserted in his Illinois District Court lawsuit.

17. Counsel for the Trustee and for Adamczyk have entered into negotiations for the purpose of resolving Adamczyk's objection in order to avoid the expenses, delays and uncertainties associated with litigation.

18. The Trustee's counsel has conferred with Metro Homes' counsel and the following Stipulation, submitted by the Trustee and Adamczyk and consented to by Metro Homes, will resolve all issues asserted in Adamczyk's objection.

## II.  STIPULATIONS

19. The Trustee and Adamczyk stipulate A) that this Court has jurisdiction over the Motion to Approve Settlement, B) that venue is proper, C) that the Court has constitutional jurisdiction over the relief sought by the Trustee in his Motion, D) that the Trustee's Motion to Approve Settlement constitutes a core proceeding, and E) that pursuant to Bankruptcy Rule 9019(a), the Court has the authority to approve the Trustee's settlement with Metro Homes.

20. The Trustee and Adamczyk stipulate that the releases found in paragraphs 1(G) and 1(J) of the "Settlement Agreement and Release" (the "Settlement Agreement") signed by the Trustee and Metro Homes shall specifically except Adamczyk's lawsuit from being released.  Adamczyk can continue his lawsuit against Metro Homes ("Adamczyk's Claim").

21. The Trustee and Adamczyk further stipulate that the releases found in paragraphs 1(G) and 1(J) shall apply to all other creditors or parties who may attempt to assert a claim against Metro Homes after the approval of the settlement between the Trustee and Metro Homes.

22. In recognition of the Stipulation, Adamczyk withdraws his objection to the Trustee's Motion to Approve Settlement.

23. The Trustee and Adamczyk request that the Court enter the revised order granting the Motion to Approve Settlement as that Settlement Agreement is modified by this Stipulation.  The revised order differs from the original tendered order in that it provides that the Settlement Agreement will be attached to the order as Exhibit 1 and that

this Stipulation be attached as Exhibit 2, that both are to be approved, and that the parties are authorized to take whatever actions are necessary to implement the terms of the Settlement Agreement and the Stipulation. The order further states that the Settlement Agreement releases Metro Homes from any and all liability to any 5 Star investor related to the included transactions. Adamczyk's Claim is specifically excepted from the release.

24. The Trustee and Adamczyk assert that the Settlement Agreement, as modified by this Stipulation, is fair and equitable, that the Trustee has satisfied his obligation to exercise his prudent business judgment, and that the approval of the Settlement Agreement and this Stipulation is in the best interest of the creditors of this bankruptcy proceeding.

**WHEREFORE**, Douglas R. Adelsperger, Chapter 11 Trustee, and William Adamczyk, each by counsel, request that the Court A) approve this Stipulation and enter an order granting the Trustee's Motion to Approve Settlement with Metro Homes as set forth in the Settlement Agreement and modified by this Stipulation, and B) grant all other relief that is just and proper in the premises.

| **KOS & ASSOCIATES** | **BLUHM LEGAL CLINIC** |
|---|---|
| /s/ Edmund P. Kos | /s/ J. Samuel Tenenbaum |
| Edmund P. Kos (11234-49) | J. Samuel Tenenbaum (Illinois State Bar #2808315) |
| /s/ David M. Mustard | Attorneys for William Adamczyk |
| David M. Mustard (30056-02) | |
| Attorneys for Douglas R. Adelsperger, Chapter 11 Trustee | Northwestern University School of Law<br>375 East Chicago Avenue<br>Chicago, Illinois 60611<br>Telephone: (312) 503-4808 |
| 203 West Wayne Street, Suite 402<br>Fort Wayne, Indiana 46802 | Facsimile: (312) 503-8777<br>E-mail: s-tenenbaum@law.northwestern.edu |

Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

**CONSENT BY METRO HOMES NORTHWEST, LLC:**

Metro Homes Northwest, LLC, by counsel, has reviewed this Stipulation and consents to its terms.

**FARLEIGH WADA WITT**

/s/ Tara J. Schleicher
Tara J. Schleicher (Oregon State
  Bar #954021)

Attorneys for Metro Homes Northwest,
  LLC

121 SW Morrison Street, Suite 600
Portland, Oregon 97204
Telephone: (503) 228-6044
E-mail: tschleicher@fwwlaw.com

## CERTIFICATE OF SERVICE

I certify that on August 10, 2016, true and complete copies of the "Stipulation Resolving William Adamczyk's Limited Objection to Trustee's Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" was served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James G. Lauck, kmw@kgrlaw.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com
R. William Jonas, rwj@hajlaw.com

By regular mail to:

Grant Swartzentruber, Chairman
201 East Main Street, Suite 206
Washington, Indiana 47501

                                                /s/ Edmund P. Kos
                                                Edmund P. Kos