UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:                                              )
                                                    )
5 STAR INVESTMENT GROUP, LLC,                       )        CASE NO. 16-30078-hcd
5 STAR PORTLAND HOLDINGS, LLC,                      )
5 STAR INVESTMENT GROUP V, LLC,                     )
5 STAR COMMERCIAL, LLC,                             )        SUBSTANTIVELY CONSOLIDATED
5 STAR INVESTMENT GROUP VII, LLC,                   )        CHAPTER 11s
5 STAR HOLDINGS, LLC,                               )
5 STAR INVESTMENT GROUP III, LLC,                   )
5 STAR INVESTMENT HOLDINGS, LLC,                    )
5 STAR INVESTMENT GROUP II, LLC,                    )
5 STAR INVESTMENT GROUP IV, LLC                     )
and 5 STAR CAPITAL FUND, LLC,                       )
                                                    )
         Debtors.                                   )

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE

At South Bend, Indiana, on _____August 15, 2016_____.

This matter came before the Honorable Harry C. Dees, Jr. of the above-entitled

Court on the "Trustee's Motion to Approve Compromise and Settlement of Litigation and

Claims Asserted by and Against Metro Homes Northwest, LLC" (the "Motion") on August

17, 2016, at 10:00 p.m.  The Court has reviewed the Motion and supporting documents,

the balance of the records and files herein, and is fully advised in the premises.

**IT IS THEREFORE ORDERED** that the Motion is hereby granted.  The "Settlement

Agreement and Release" (the "Settlement") attached hereto as Exhibit 1, as modified by the

"Stipulation Resolving William Adamczyk's Limited Objection to Trustee's Motion to

Approve Compromise and Settlement of Litigation and Claims Asserted by and Against

Metro Homes Northwest, LLC" (the "Stipulation"), attached hereto as Exhibit 2, between

Douglas R. Adelsperger, as Trustee of the above-captioned case, and Metro Homes Northwest, LLC ("Metro") is hereby approved. The parties are authorized to take whatever actions are necessary to implement the terms of the Settlement as it is modified by the Stipulation. Further, the approval of this Settlement releases Metro from any and all liability to any 5 Star Investor related to any of the Included Transactions (as those terms are defined in the Settlement), except for William Adamczyk as set forth in the Stipulation.

Harry C. Dees, Jr.
Judge, United States Bankruptcy Court

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the date it is fully executed (the "Effective Date") by Douglas R. Adelsperger ("Trustee"), acting in his capacity as The Chapter 11 Trustee for 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, and related entities ("5 Star"), and Metro Homes Northwest LLC ("Metro"). 5 Star and Metro are collectively the "Parties," and each individually is a "Party."

## RECITALS

This Agreement is entered into with reference to the following facts and recitals which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

WHEREAS, Metro brought an action against 5 Star in the United States District Court, District of Oregon, Portland Division, Case No. 3:15-cv-01680-PK, which, along with any amendments, counterclaims, cross-claims, third-party claims, interventions, removals and appeals of the lawsuit shall be referred to as the "Litigation";

WHEREAS, in the Litigation, Metro alleges claims for breach of contract and other theories relating to the Parties' loan and property development transactions generally located in Portland, Oregon;

WHEREAS, in the Litigation, 5 Star has alleged that Metro breached the contract and acted fraudulently in its dealing with 5 Star.

WHEREAS, 5 Star filed for relief in the U.S. Bankruptcy Court, Northern District of Indiana, South Bend Division, Case No. 16-30078-hcd (the "Bankruptcy Proceeding");

WHEREAS, in the Litigation, Kenneth Eiler was appointed as Receiver ("Eiler" or "Receiver") to sell and liquidate certain real properties in which the Parties transacted ("Receiver Properties");

WHEREAS, on May 31, 2016, Metro filed a partially secured proof of claim in the Bankruptcy Proceeding in the amount of $7,633,000 to assert claims against 5 Star (the "Proof of Claim");

WHEREAS, in the Proof of Claim, Metro asserts that it is a secured creditor based upon its ownership of the Receiver Properties and its setoff rights;

WHEREAS, 5 Star, by the Trustee, intends to object to the Proof of Claim and its secured status;

WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of this Litigation by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact.

**EXHIBIT 1**

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## TERMS AND RELEASES

1. ### SETTLEMENT PROVISIONS

    A. **Five Million Dollar Payment from Receiver to 5 Star.** The Parties agree that 5 Star will be paid a sum of Five Million Dollars ($5,000,000.00) generated from the sale of Receiver Properties; such payment will come from the Receiver, as funds, net of Court approved Receiver fees, actual sale related expenses and proper non-5 Star liens, are generated from sales ("Net Sale Funds"). The Parties and Receiver anticipate sufficient funds to be generated to pay 5 Star the $5 million lump-sum Settlement Payment. However, in the event there are insufficient Sale Funds, then Metro is not obligated to make up the shortfall. The Receiver will promptly pay to 5 Star the Net Sale Funds up to $5 million dollars upon the entry of an order(s) of the Indiana Bankruptcy Court (the "Bankruptcy Court") approving this Agreement and directing the Receiver to turn over the settlement funds to the Trustee.

    B. **Shared Payment from Receiver.** After payment of the Five Million Dollar Payment, the Parties agree to split the Net Sale Funds on a percentage basis of 75% to Metro and 25% to 5 Star of any funds exceeding the $5 million. Metro's payment shall be capped at $650,000 after which 5 Star will receive any additional funds.

    C. **Included Transactions.** The Agreement applies to the completed pre-Receiver sales, Receiver sales, Metro Redevelopment, LLC properties, and the two transactions located at 611 NE 79th and 7827 N. Glouchester / 7906 N. Portsmouth, Portland, Oregon. Attached as Exhibit 1 is a list of properties covered by this Agreement ("Included Transactions").

    D. **Excluded Transactions.** This Agreement does not cover transactions to which neither Metro nor any related entity was a party such as West Coast Development properties. The Agreement also excludes the transaction involving 5421/5429 NE 42nd, which will be addressed separately between 5 Star and NE 42nd LLC. Attached as Exhibit 2 is a list of Excluded Transactions.

    E. **Dismissal with Prejudice.** The Parties agree to submit a stipulated Judgment of Dismissal with prejudice of any and all claims filed in the Litigation (the "Stipulated Judgment"). The Stipulated Judgment shall be filed as soon as practicable after the Receiver completes his efforts and sell any Receiver Properties remaining to be sold and after all Net Sale Funds are distributed.

    F. **Bankruptcy Claim.** Upon approval of this settlement agreement by the Bankruptcy Court, Metro will withdraw the Proof of Claim without prejudice. Metro shall retain the right to file additional claims to the extent it is found to be a co-maker of any note held by any investor in any 5 Star-related entity, including without limitation any

**EXHIBIT 1**

5 Star entity that is not currently a debtor in the consolidated Bankruptcy Proceeding ("5 Star Investor"). Any claim filed by Metro will be considered timely even if made after the bar date, but no later than thirty days before a hearing on the confirmation of 5 Star's plan of liquidation, and will be reviewed by the Trustee in due course like any other unsecured claims.

**G. Release by Third Parties.** The Order approving the Agreement entered by the Bankruptcy Court shall include a provision releasing Metro from liability to any 5 Star Investor related to any of the Included Transactions. It is the Parties' assertion that the settlement of 5 Star's claims against Metro, which includes the satisfaction of deeds-in-trust granted by Metro to 5 Star, satisfies all underlying notes between 5 Star, Metro and 5 Star's Investors.

**H. Payment is Consideration.** The settlement payments referenced in paragraphs 1(A) and 1(B) (the "Settlement Payments") and other terms and conditions described herein are the consideration for this Agreement and the terms herein, including but not limited to the Mutual Release.

**I. Full Satisfaction.** The Settlement Payments are in full satisfaction of each and every claim filed by Metro against 5 Star in the Litigation, and of each and every claim filed by 5 Star against Metro, and it includes all attorneys' fees and costs that either Metro or 5 Star may have incurred in connection with the Litigation.

**J. Mutual Release.** For consideration as provided herein, the receipt and sufficiency of which are hereby expressly acknowledged, each Party, for itself and each of its present and former partners, co-obligors, guarantors, sureties, attorneys, insurers, agents, representatives, predecessors, successors, assigns and all those who claim through them or could claim through them, unconditionally and irrevocably remises, waives, satisfies, releases, acquits, and forever discharges each other Party, and each of their present, former and future assigns, assignees, affiliates, subsidiaries, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent or actual), representatives, employees, managers, administrators, and/or each person or entity acting or purporting to act for them or on their behalf, and each of them respectively, from and against any and all past and present claims, counterclaims, actions, defenses, affirmative defenses, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorneys' fees, costs of litigation, expenses, claims and demands whatsoever that the Party, or its attorneys, agents, representatives, predecessors, successors and assigns, have or may have against any other Party, for, upon, or by reason of any matter, cause or thing, whatsoever, in law or equity, including, without limitation, the claims made or which could have been

**EXHIBIT 1**

made by the Parties in any way related to, arising out of or resulting from any matters in connection with the Litigation.

2.  **ADDITIONAL TERMS**

    A.  **Bankruptcy Court Approval.** This Agreement is subject to Bankruptcy Court approval. Upon receiving a fully executed Agreement, the Trustee shall file a motion to obtain Bankruptcy Court approval and serve a notice of the motion to all creditors and interested parties. Upon receiving Bankruptcy Court approval, the parties shall proceed with effectuating the remaining terms of this Agreement.

    B.  **Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate and substantial and consists only of the terms set forth in this Agreement.

    C.  **Covenant Not to Sue.** Each Party agrees not to cause claims to be made in any court or other forum against any other Party for any matter within the scope of the releases contained herein.

    D.  **Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

    E.  **No Admission of Liability.** Each Party understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any Party acted illegally, improperly, or in breach of law, contract or proper conduct.

    F.  **Waiver.** The failure of a Party to demand from the other performance of any act under the Agreement shall not be construed as a waiver of the right to demand, at any subsequent time, such performance.

    G.  **Tax Consequences.** Each Party agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit received pursuant to this Agreement, then that Party will be solely responsible for paying such taxes. No Party makes any representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by any other Party. Each Party further expressly acknowledges that it neither received nor relied upon any tax advice from any other Party or any other Party's representatives and attorneys.

**EXHIBIT 1**

**H. Choice of Law.** This Agreement shall be construed in accordance with, and all disputes hereunder shall be controlled by, the laws of the State of Oregon without regard to Oregon's choice of law rules.

**I. Parties' Counsel.** As used in this Agreement, the phrase "5 Star's Counsel" means Edmund P. Kos, Kos & Associates, 203 West Wayne Street, Central Building Suite 402, Fort Wayne, Indiana 46802 and James P. Laurick, Kilmer, Voorhees & Laurick, PC, 732 NW 19th Avenue, Portland, Oregon 97209. As used in this Agreement, the phrase "Metro's Counsel" means Keil M. Mueller, Stoll Stoll Berne Lokting & Shlachter PC, 209 SW Oak Street, Suite 500, Portland, Oregon 97204, and Tara J. Schleicher, Farleigh Wada Witt, 121 SW Morrison Street, Suite 600, Portland, Oregon 97204.

**J. No Interpretation of Captions or Headings.** The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

**K. Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

**L. Neutral Interpretation and Counterparts.** The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party. This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original. All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

**M. Integration / Single Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.

**N. Amendments to the Agreement.** This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

**EXHIBIT 1**

**O. Authority.** Each Party represents and warrants that it is authorized to enter into this Agreement.

**P. Advice of Counsel.** Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.

**Q. Successors.** This Agreement shall inure to the benefit of the respective successors and assigns of the Parties, and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement.

**R. Attorneys' Fees.** Each Party shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover from the losing Party its costs, including reasonable attorneys' fees, at both the trial and appellate levels.

**EXHIBIT 1**

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

5 Star Investment Group, LLC                     Date

_____        _____
Douglas R. Adelsperger, Chapter 11 Trustee

5 Star Portland Holdings, LLC                    Date

_____        _____
Douglas R. Adelsperger, Chapter 11 Trustee

Metro Homes Northwest LLC                     Date

_____        $6 \cdot 29 - 16$
Randall Palazzo, Operations Manager

AGREED AS TO FORM:

_____
Edmund P. Kos
Attorney for 5 Star

_____
James P. Laurick
Attorney for 5 Star

_____
Keil M. Mueller
Attorney for Metro

_____
Tara J. Schleicher
Attorney for Metro

Page 7 of 7

**EXHIBIT 1**

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

5 Star Investment Group, LLC       Date

_____       _____
Douglas R. Adelsperger, Chapter 11 Trustee

5 Star Portland Holdings, LLC       Date

_____       _____
Douglas R. Adelsperger, Chapter 11 Trustee

Metro Homes Northwest LLC       Date

_____       _____
Randall Palazzo, Operations Manager

AGREED AS TO FORM:

_____
Edmund P. Kos
Attorney for 5 Star

_____
James P. Laurick
Attorney for 5 Star

_____
Keil M. Mueller
Attorney for Metro

_____
Tara J. Schleicher
Attorney for Metro

Page 7 of 7

**EXHIBIT 1**

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

5 Star Investment Group, LLC     Date

_Douglas R. Adelsperger_ _TTEE_     _June 30, 2016_
Douglas R. Adelsperger, Chapter 11 Trustee

5 Star Portland Holdings, LLC     Date

_Douglas R. Adelsperger_ _TTEE_     _June 30, 2016_
Douglas R. Adelsperger, Chapter 11 Trustee

Metro Homes Northwest LLC     Date

_____   _____
Randall Palazzo, Operations Manager

AGREED AS TO FORM:

_Edmund P. Kos_
Edmund P. Kos
Attorney for 5 Star

_____
James P. Laurick
Attorney for 5 Star

_____
Keil M. Mueller
Attorney for Metro

_____
Tara J. Schleicher
Attorney for Metro

Page 7 of 7

**EXHIBIT 1**

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

5 Star Investment Group, LLC        Date

_____     _____
Douglas R. Adelsperger, Chapter 11 Trustee

5 Star Portland Holdings, LLC        Date

_____     _____
Douglas R. Adelsperger, Chapter 11 Trustee

Metro Homes Northwest LLC        Date

_____     _____
Randall Palazzo, Operations Manager

AGREED AS TO FORM:

_____
Edmund P. Kos
Attorney for 5 Star

_____
James P. Laurick
Attorney for 5 Star

_____
Keil M. Mueller
Attorney for Metro

_____
Tara J. Schleicher
Attorney for Metro

Page 7 of 7

**EXHIBIT 1**

EXHIBIT 1
Included Transactions

625 SE 49th Ave,  Portland OR  97215
923 NE Beech St, Portland  OR 97212
1113 N Terry St, Portland  OR  97217
7878 N Missouri Ave, Portland OR 97217
1537 NE 72nd Ave, Portland OR 97213
1559 NE 72nd Ave, Portland OR 97213
1565 NE 72nd Ave, Portland OR 97213
1625 SE 88th Ave, Portland  OR 97216
1629 SE 88th Ave, Portland OR 97216
2025 SE Harold St , Portland OR 97202
2215 SE Nehalem St, Portland OR 97202
2534 N Argyle St, Portland OR 97217
2530 N Argyle St, Portland OR 97217
2538 N Argyle St, Portland OR 97217
2933 NE Skidmore St. Portland OR 97211
3315 NE 43rd Ave, Portland OR  97213
4006 NE 7th Ave, Portland OR  97212
4134 N Michigan Ave, Portland, OR 97217
4454 NE Skidmore St, Portland OR 97218
4450 NE Skidmore St, Portland  OR 97218
4460 NE Skidmore St, Portland  Or  97218
4524 N Michigan Ave, Portland, OR 97217
4526 N Michigan Ave, Portland  OR  97217
4528 N Michigan Ave, Portland  OR 97217
4816 NE 35th Ave, Portland OR 97211
4800 NE 35th Ave, Portland, OR 97211
4818 NE 35th  Ave, Portland, OR 97211
5217 SE 47th Ave, Portland, OR 97206
5209 SE 47th  Ave, Portland, OR 97206
5219 SE 47th  Ave, Portland, OR 97206
5307 SE 60th Ave, Portland OR 97206
5315 SE 60th Ave, Portland OR 97206
5429 N Minnesota Ave, Portlnad OR  97217
5518 SE 56th Ave, Portland OR 97206
5520 SE 56th Ave, Portland OR 97206
5524 SE 56th Ave, Portland OR 97206
5634 NE 32nd Ave, Portland OR 97211
5656 NE 32nd Ave, Portland OR 97211
5947 NE 60th Ave, Portland, OR 97218
7211 N Richards St, Portland  OR 97203
8004 SE Rhine St, Portland, OR 97206
3536 SE 80th Ave, Portland OR 97206
8606 SE 16th Ave, Portland OR 97202
8602 SE 16th Ave, Portland OR 97202

10133 SE Knight St, Portland  OR 97266
3632 SE 27th Ave, Portland OR 97202
Trolley South 8
3632 SE 27th Ave, Portland OR 97202
611 NE 79th Ave, Portland  OR 97213
613 NE 79th Ave, Portland  OR  97213
623 NE 79th Ave, Portland  OR 97213
1116 NE Failing St, Portland  OR 97212
1532 NE 73rd Ave, Portland  OR 97213
1522 NE 73rd Ave, Portland  OR 97213
1526 NE 73rd Ave, Portland  OR 97213
1735 NE Holman St, Portland OR 97211
2134 NE Rodney Ave, Portland  OR 97212
3109 NE 81st Ave, Portland  OR 97213
3115 NE 81st Ave, Portland  OR 97213
8055 NE Siskiyou St, Portland  OR  97213
3136 NE 47th Ave, Portland  OR 97213
3646 NE 44th Ave, Portland  OR 97213
3960 NE 6th Ave, Portland  OR 97212
3968 NE 6th Ave, Portland  OR 97212
4016 NE 7th Ave, Portland  OR 97212
4109 NE Sumner St, Portland  OR 97211
4115 NE sumner St,  Portland  OR 97211
4142 SE 52nd  Ave, Portland  OR 97206
5104 SE 58th Ave, Portland  OR 97206
6007 NE 25th Ave, Portland  OR 97211
6345 N Depauw St, Portland  OR 97203
7304 N Westanna St, Portland  OR  97203
6810 SE 31st Ave, Portland   OR 97202
6906 SE 31st  Ave, Portland  OR 97202
6858 N Willamette Blvd, Portland   OR 97203
6933 N Olympia St, Portland  OR 97203
6951 N Olympia St, Portland  OR 97203
6945 N Olympia St, Portland  OR 97203
10036 N Midway Ave, Portland  OR 97203
7212 N Portsmouth Ave, Portland  OR  97203
5281 N Syracuse St Portland  OR  97203
7307 N Newell Ave, Portland  OR  97203
7305 N Newell Ave, Portland  OR  97203
7315 N Newell Ave, Portland  OR  97203
7416 N Leonard St, Portland  OR 97203
7406 N Leonard St, Portland  OR 97203
7827 N Gloucester Ave, Portland  OR  97203
7906 N Portsmouth Ave, Portland  OR  97203

**EXHIBIT 1**

1612 SE Clatsop St, Portland  OR 97202

8710 SE Hawthorne St, Portland OR  97216

1520 SE 87th Ave, Portland, OR 97216

1522 SE 87th Ave, Portland OR 97216

8806 SE Harney St, Portland OR 97266

9005 N Oswego Ave, Portland  OR 97203

9009 N Oswego Ave, Portland  OR 97203

8115 N Hudson St, Portland  OR 97203

9144 N Smith St, Portland  OR  97203

9216 N Portsmouth Ave, Portland  OR 97203

9224 N Portsmouth Ave, Portland  OR 97203

5252 N Newark St, Portland  OR 97203

9322 N Richmond Ave, Portland  OR 97203

9555 N Tioga Ave, Portland  OR 97203

8235 SE 45th Ave,  Portland  OR  97206

4453 SE Umatilla Ave,  Portland  OR  97206

9041 N Oswego Ave,  Portland  OR  97203

9043 N Oswego  Ave,  Portland  OR  97203

9101 N Oswego Ave,  Portland  OR  97203

9416 N Alma Ave,  Portland  OR  97203

11416 SW 47th Ave,  Portland  OR  97219

Trolley West 5

3574 SE 26th  Ave, Portland OR 97202

3586 SE 26th  Ave, Portland OR 97202

3607 SE 27th  Ave, Portland OR 97202

3603 SE 27th  Ave, Portland OR 97202

3601 SE 27th  Ave, Portland OR 97202

2645 SW Schaeffer Rd,   West Linn   OR  97068

**EXHIBIT 1**

EXHIBIT 2
Excluded Transactions

5421/5429 NE 42nd Ave, Portland OR 97218
4821 NE Grand Ave
7539 SW 25th Ave
9108 SW 50th Ave
9435 SW 47th Ave
25568 Cheryl Dr.

**EXHIBIT 1**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INVESTMENT HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | .) | |
| | ) | |
| Debtors. | ) | |

## STIPULATION RESOLVING WILLIAM ADAMCZYK'S LIMITED OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF LITIGATION AND CLAIMS ASSERTED BY AND AGAINST METRO HOMES NORTHWEST, LLC

Douglas R. Adelsperger, Trustee ("the Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, and William Adamczyk ("Adamczyk"), a creditor, by counsel, submit this "Stipulation Resolving William Adamczyk's Limited Objection to Trustee's Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" (the "Stipulation"). In support of this Stipulation, the parties state as follows:

### I.     FACTS

1.     On January 14, 2016, Adamczyk filed his Complaint in the United States District Court, Northern District of Illinois, Case No. 1:16-cv-00516, against defendants Earl Miller, Matthew Gingerich, 5 Star Investment Group I, LLC, 5 Star Investment Group V, LLC, 5 Star Investment Group, VII, LLC, 5 Star Investment Group, LLC, 5 Star Investment

**EXHIBIT 2**

Commercial, LLC, 5 Star Portland Holdings, LLC (collectively, the "5 Star Defendants"), Twin City of Winston Salem, LLC, Southern Equity Group Trust, Metro Homes Northwest, LLC ("Metro Homes"), and Dilusso Homes, LLC.

2. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

3. Adamczyk's lawsuit against the 5 Star Debtors has been stayed by operation of the automatic stay found in 11 U.S.C. § 362. Adamczyk's Complaint against the non 5 Star Defendants has continued unaffected by the automatic stay.

4. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

5. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

6. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016,

2

**EXHIBIT 2**

the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

7.     On May 17, 2016, the Trustee filed Trustee's Motion for Substantive Consolidation.  On June 24, 2016, the Court entered its "Agreed Order Granting Trustee's Motion for Substantive Consolidation", substantively consolidating the Bankruptcy Cases for all post-petition matters and purposes, effective as of the Petition Date, and deeming that all assets and liabilities of the Bankruptcy Cases to be consolidated into one (1) bankruptcy estate, to be administered in accordance with the Bankruptcy Code under the jurisdiction of the Court (the "Consolidated Bankruptcy Estates").

8.     On July 5, 2016, the Trustee filed his "Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" (the "Motion to Approve Settlement") (Docket Number 363).

9.     Also on July 5, 2016, the Trustee filed his certificate of service of "Notice of Motion and Opportunity to Object" (the "Notice").  The Notice gave all creditors and parties in interest the opportunity to assert any objections they might have to the Motion to Approve Settlement (Document 364).

10.     On the same date, the Trustee filed a proposed order granting the Motion to Approve Settlement. (Document Number 365).

11.     In his Motion to Approve Settlement, the Trustee stated that this Court has jurisdiction over the bankruptcy cases pursuant to 28 U.S.C. §§ 157 and 1334 and that

3

**EXHIBIT 2**

venue is proper pursuant to 28 U.S.C. § 1408. The Court also has authority to grant the relief sought in this Motion.

12. In his Motion to Approve Settlement, the Trustee stated that the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

13. The Trustee asserted in the Motion to Approve Settlement that the Court has the authority to approve the proposed settlement between 5 Star and Metro Homes pursuant to Bankruptcy Rule 9019(a), which states that "on motion by the Trustee and after notice of hearing, the Court may approve the compromise or settlement".

14. Pursuant to the Notice, all parties had until Tuesday, July 26, 2016, to file a written objection to the Motion to Approve Settlement.

15. On July 25, 2016, Adamczyk, by counsel, timely filed his objection to the Trustee's Motion to Approve Settlement (Document 401).

16. Adamczyk is the only objector that has a pending lawsuit against Metro Homes. The substance of Adamczyk's objection is that he opposes the release of his claims against Metro Homes that he has asserted in his Illinois District Court lawsuit.

17. Counsel for the Trustee and for Adamczyk have entered into negotiations for the purpose of resolving Adamczyk's objection in order to avoid the expenses, delays and uncertainties associated with litigation.

18. The Trustee's counsel has conferred with Metro Homes' counsel and the following Stipulation, submitted by the Trustee and Adamczyk and consented to by Metro Homes, will resolve all issues asserted in Adamczyk's objection.

4

**EXHIBIT 2**

## II.  STIPULATIONS

19.    The Trustee and Adamczyk stipulate A) that this Court has jurisdiction over the Motion to Approve Settlement, B) that venue is proper, C) that the Court has constitutional jurisdiction over the relief sought by the Trustee in his Motion, D) that the Trustee's Motion to Approve Settlement constitutes a core proceeding, and E) that pursuant to Bankruptcy Rule 9019(a), the Court has the authority to approve the Trustee's settlement with Metro Homes.

20.    The Trustee and Adamczyk stipulate that the releases found in paragraphs 1(G) and 1(J) of the "Settlement Agreement and Release" (the "Settlement Agreement") signed by the Trustee and Metro Homes shall specifically except Adamczyk's lawsuit from being released.  Adamczyk can continue his lawsuit against Metro Homes ("Adamczyk's Claim").

21.    The Trustee and Adamczyk further stipulate that the releases found in paragraphs 1(G) and 1(J) shall apply to all other creditors or parties who may attempt to assert a claim against Metro Homes after the approval of the settlement between the Trustee and Metro Homes.

22.    In recognition of the Stipulation, Adamczyk withdraws his objection to the Trustee's Motion to Approve Settlement.

23.    The Trustee and Adamczyk request that the Court enter the revised order granting the Motion to Approve Settlement as that Settlement Agreement is modified by this Stipulation.  The revised order differs from the original tendered order in that it provides that the Settlement Agreement will be attached to the order as Exhibit 1 and that

**EXHIBIT 2**

this Stipulation be attached as Exhibit 2, that both are to be approved, and that the parties are authorized to take whatever actions are necessary to implement the terms of the Settlement Agreement and the Stipulation. The order further states that the Settlement Agreement releases Metro Homes from any and all liability to any 5 Star investor related to the included transactions. Adamczyk's Claim is specifically excepted from the release.

24.     The Trustee and Adamczyk assert that the Settlement Agreement, as modified by this Stipulation, is fair and equitable, that the Trustee has satisfied his obligation to exercise his prudent business judgment, and that the approval of the Settlement Agreement and this Stipulation is in the best interest of the creditors of this bankruptcy proceeding.

**WHEREFORE**, Douglas R. Adelsperger, Chapter 11 Trustee, and William Adamczyk, each by counsel, request that the Court A) approve this Stipulation and enter an order granting the Trustee's Motion to Approve Settlement with Metro Homes as set forth in the Settlement Agreement and modified by this Stipulation, and B) grant all other relief that is just and proper in the premises.

**KOS & ASSOCIATES**                    **BLUHM LEGAL CLINIC**


/s/ Edmund P. Kos                       /s/ J. Samuel Tenenbaum
Edmund P. Kos (11234-49)                J. Samuel Tenenbaum (Illinois State
                                          Bar #2808315)

/s/ David M. Mustard                    Attorneys for William Adamczyk
David M. Mustard (30056-02)
                                        Northwestern University School of Law
Attorneys for Douglas R. Adelsperger,   375 East Chicago Avenue
  Chapter 11 Trustee                    Chicago, Illinois 60611
                                        Telephone: (312) 503-4808
203 West Wayne Street, Suite 402        Facsimile: (312) 503-8777
Fort Wayne, Indiana 46802               E-mail: s-tenenbaum@law.northwestern.edu

**EXHIBIT 2**

Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

**CONSENT BY METRO HOMES NORTHWEST, LLC:**

Metro Homes Northwest, LLC, by counsel, has reviewed this Stipulation and consents to its terms.

**FARLEIGH WADA WITT**

/s/ Tara J. Schleicher
Tara J. Schleicher (Oregon State
  Bar #954021)

Attorneys for Metro Homes Northwest,
  LLC

121 SW Morrison Street, Suite 600
Portland, Oregon 97204
Telephone: (503) 228-6044
E-mail: tschleicher@fwwlaw.com

**EXHIBIT 2**

## CERTIFICATE OF SERVICE

I certify that on August 10, 2016, true and complete copies of the "Stipulation Resolving William Adamczyk's Limited Objection to Trustee's Motion to Approve Compromise and Settlement of Litigation and Claims Asserted by and Against Metro Homes Northwest, LLC" was served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James G. Lauck, kmw@kgrlaw.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com
R. William Jonas, rwj@hajlaw.com

By regular mail to:

Grant Swartzentruber, Chairman
201 East Main Street, Suite 206
Washington, Indiana 47501

/s/ Edmund P. Kos_____
Edmund P. Kos

**EXHIBIT 2**