UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 5 STAR INVESTMENT GROUP, LLC, ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP V, LLC, ) | |
| 5 STAR COMMERCIAL, LLC, ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP III, LLC, ) | |
| 5 STAR INDIANA HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP II, LLC, ) | |
| 5 STAR INVESTMENT GROUP IV, LLC ) | |
| and 5 STAR CAPITAL FUND, LLC, ) | |
| ) | |
| Debtors. ) | |

TRUSTEE'S MOTION TO APPROVE SETTLEMENT
OF LITIGATION AGAINST SERVANTS OF THE STREETS
MINISTRIES, INC. AND MARIO L. VILLELA

Pursuant to Bankruptcy Rule 9019, Douglas R. Adelsperger, Trustee (the "Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, submits his motion to approve settlement of claims asserted in Adversary Proceeding No. 16-03049-hcd (the "Adversary Proceeding") against Servants of the Streets Ministries, Inc. and Mario L. Villela (collectively, "Servants of the Streets"). In support of this motion, the Trustee states as follows:

I.     PROCEDURAL BACKGROUND

1. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star

Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "5 Star Entities") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2. The Debtors are all Indiana limited liability companies owned as of the Petition Date by one[1] individual – Earl Miller – and by reason of common ownership are affiliates as defined by 11 U.S.C. §101(2).[2]

3. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

5. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

---

[1] Prior to July 31, 2014, the Debtors were co-owned by Earl Miller and Matthew Gingerich. Please note that Gingerich may still be an owner pursuant to the terms of a purchase agreement between Miller and Gingerich.
[2] *See* Debtors' February 4, 2016, "Motion for Joint Administration and Request for Expedited Relief", p. 2, ¶ 6.

6. This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408. This Court also has constitutional jurisdiction over the relief sought in this motion.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

8. Pursuant to Bankruptcy Rule 9019(a), "on motions by the trustee and after notice and a hearing, the Court may approve a compromise or settlement".

## II.    FACTUAL BACKGROUND

9. On March 25, 2009, Federal National Mortgage Association ("Fannie Mae") acquired the property commonly known as 735 West Wolf Avenue, Elkhart, Indiana 46516 (the "Real Estate") by way of a $78,764.68 credit bid at a Sheriff's sale conducted by the Sheriff of Elkhart County, Indiana.  Thereafter, on October 28, 2009, 5 Star Investment Group, LLC ("5 Star Investment") purchased the Real Estate from Fannie Mae for $29,000.

10. On November 25, 2009, 5 Star Investment granted a $26,000 mortgage on the Real Estate to John Slabach.  On that same day, 5 Star Investment also granted a $15,000 mortgage on the Real Estate to Morris Wiser and Linda Fleischman.

11. On May 6, 2013, Servants of the Streets Ministries, Inc. entered into a "Contract for Sale of Real Estate" (the "Land Contract") with 5 Star Investment to purchase the Real Estate; Mario L. Villela executed the Land Contract on behalf of Servants of the Streets.  Pursuant to the Land Contract, 5 Star Investment agreed to sell the Real Estate to Servants of the Streets for $25,000.  The Land Contract further stated that 5 Star Investment was making a charitable contribution of $10,000, which reduced the $25,000 purchase price

for the Real Estate to $15,000.  The Land Contract required Servants of the Streets to pay the remaining $15,000 by making monthly installment payments and by paying all real estate taxes and other expenses related to the Real Estate.

12. On May 15, 2013, 5 Star Investment granted a $15,000 mortgage on the Real Estate to Victor and Lydia Lengacher.  A day later, on May 16, 2013, 5 Star Investment granted a $15,000 mortgage on the Real Estate to Lester and Amanda Schmucker.

13. On July 11, 2013, the Land Contract was recorded in the office of the Elkhart County Recorder.  The Real Estate is encumbered by mortgages having a face value of $71,000.

14. During the time that 5 Star Investment has owned the Real Estate, its tax valuation has varied from $65,300 in 2011, to $25,800 in 2012 and 2013, to its present 2016 valuation of $55,800.  The Trustee has asserted that at the time the Land Contract was signed, the Real Estate's value exceeded the $15,000 net price set forth in the Land Contract.

15. At the time that Trustee Adelsperger was appointed, the Defendants were in default on the Land Contract because they had failed to make several Land Contract payments and the real estate taxes were not paid.  Servants of the Streets' last payment on the Land Contract was made in September 2016.

16. Servants of the Streets has asserted that it has satisfied the Land Contract.

17. The Trustee has asserted that the Land Contract was a fraudulent transfer that would be voidable pursuant to 11 U.S.C. § 544 and IND. CODE §§ 32-18-2-14, 15 and 17.

18. The Trustee has also asserted that the transfer was voidable pursuant to 11 U.S.C. § 550(a)(1).

19. On October 31, 2016, the Trustee filed his adversary complaint against Servants of the Streets.

20. Servants of the Streets has answered and denied the Trustee's allegations.

21. To avoid the delays, costs and uncertainty associated with litigation, the Trustee and Servants of the Streets entered into negotiations in an attempt to settle the allegations contained in the Trustee's Adversary Proceeding. Servants of the Streets has made a settlement proposal that the Trustee has evaluated and believes is fair, equitable and, in his business judgment, in the best interest of the 5 Star Entities' bankruptcy estate. A true and accurate copy of the "Settlement Agreement" is attached to this motion.

### III.   SETTLEMENT TERMS

22. The parties' Settlement Agreement is contingent upon the Bankruptcy Court approving it.

23. The Trustee agrees to dismiss the Adversary Proceeding and to transfer the Real Estate to Servants of the Streets free and clear of all liens, mortgages and encumbrances pursuant to the terms that follow.

24. The Trustee and Servants of the Streets agree that the Real Estate had a value of $25,000 at the time that 5 Star Investment sold the Real Estate to Servants of the Streets.

25. The parties agree that the $10,000 donation and purchase price reduction for a charitable contribution set forth in the original Land Contract will be voided.

26. The parties agree that Servants of the Streets will be given a credit for the payments that it has made to date in the agreed amount of $16,000.

27. Based upon the agreed valuation of the Real Estate and the agreed credit for payments already received, Servants of the Streets will pay the Trustee $9,000.

28. Additionally, Servants of the Streets will, after the Settlement Agreement is approved by the Bankruptcy Court, pay all real estate taxes due on the property, including penalties, and all real estate taxes due and payable thereafter. Presently, $2,766.24 is due on or before May 10, 2017.

29. Servants of the Streets will also pay all closing expenses, including the cost for an owner's title policy, a lender's title policy, if one is required, and recording fees.

30. The 5 Star Entities will incur all expenses required to obtain the Bankruptcy Court's approval of the parties' Settlement Agreement and the dismissal of the Adversary Proceeding.

31. In addition to the notice required by the Bankruptcy Court, the Trustee will provide notice of the parties' Settlement Agreement to the mortgage holders, John Slabach, Morris Wiser, Linda Fleischman, Victor and Lydia Lengacher, and Lester and Amanda Schmucker (collectively, the "Mortgage Holders").

32. The Settlement Agreement and the sale of the Real Estate to Servants of the Streets is conditioned upon Servants of the Streets receiving title to the Real Estate free and clear of all liens and encumbrances, including the release of mortgages held by the Mortgage Holders.

33. The order approving the parties' settlement shall include a provision that the Mortgage Holders' mortgages be released with the Mortgage Holders' liens attaching to the proceeds.

34. Servants of the Streets will receive a Trustee's deed for the Real Estate. The Trustee shall be authorized to release the mortgages for the Mortgage Holders.

35. All funds received by the Trustee pursuant to the parties' Settlement Agreement will be held in an escrow account and not distributed until the validity and amount of the Mortgage Holders' claims and liens are determined by an order of the Bankruptcy Court.

36. No commissions will be paid by either party concerning the settlement of the Adversary Proceeding or the sale of the Real Estate to complete the Land Contract originally entered into by Servants of the Streets and 5 Star Investment.

37. If the parties' settlement is not approved by the Bankruptcy Court, then it will be a void.

## IV.     TRUSTEE'S BUSINESS JUDGMENT

38. Trustee Adelsperger has fully reviewed the settlement offered by Servants of the Streets, and he has concluded that this settlement is in the best interests of the consolidated bankruptcy estates.

39. Trustee Adelsperger has applied his best business judgment in fully investigating and analyzing all claims he has asserted and Servants of the Streets' denial of those claims.

40. Trustee Adelsperger recognizes that if his claims against Servants of the Streets are litigated, there is a risk at trial that the Trustee may not prevail, or may prevail only on some of his claims. This settlement recovers the full original sale price for the Real Estate and it will give Servants of the Streets title to the Real Estate free and clear of all liens, mortgages and encumbrances pursuant to the terms of the original Land Contract.

41. Trustee Adelsperger asserts that the acceptance of the settlement will avoid litigation and collection expenses.

42. Trustee Adelsperger believes that the settlement is fair and equitable and that he has satisfied his obligation to exercise prudent business judgment in evaluating the settlement.

**WHEREFORE,** Douglas R. Adelsperger, Chapter 11 Trustee, by counsel, requests that the Court A) enter an order granting this motion and approving his settlement with defendants Servants of the Streets Ministries, Inc. and Mario L. Villela, as outlined in this motion and as further set forth in the attached "Settlement Agreement", and B) grant all other relief that is just and proper in the premises.

Respectfully submitted,

**KOS & ASSOCIATES**

/s/ Edmund P Kos
Edmund P. Kos (11234-49)

/s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
  Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

## CERTIFICATE OF SERVICE

I certify that on May 9, 2017, true and complete copies of the "Trustee's Motion to Approve Settlement of Litigation Against Servants of the Streets Ministries, Inc. and Mario L. Villela" were served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com

By regular mail to:

Grant Swartzentruber, Chairman
201 East Main Street, Suite 206
Washington, Indiana 47501

Also by regular mail to Mortgage Holders:

| | |
|---|---|
| John Slabach<br>60450 County Road 33<br>Goshen, Indiana 46528 | Morris Wiser<br>23276 Crest Court<br>Elkhart, Indiana 46514 |
| Linda Fleischman<br>23276 Crest Court<br>Elkhart, Indiana 46514 | Victor and Lydia Lengacher<br>6499 North 700 East<br>Montgomery, Indiana 47558 |
| Lester and Amanda Schmucker<br>12117 Page Road<br>Grabill, Indiana 46741 | |

 /s/ Edmund P Kos
Edmund P. Kos