UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INVESTMENT HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DOUGLAS R. ADELSPERGER, TRUSTEE FOR | ) | ADV. PROC. NO. 16-03049-hcd |
| THE SUBSTANTIVELY CONSOLIDATED | ) | |
| BANKRUPTCY ESTATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANTS OF THE STREET MINISTRIES, | ) | |
| INC. and MARIO L. VILLELA, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("the Agreement") is made and entered into as of the date it is fully executed by Douglas R. Adelsperger (the "Trustee"), acting in his capacity as the Chapter 11 Trustee for the substantively consolidated bankruptcy estates of 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5

Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Investment Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "5 Star Entities") and defendants Servants of the Streets Ministries, Inc. and Mario L. Villela (collectively, "Servants of the Streets").

## FACTS

On March 25, 2009, Federal National Mortgage Association ("Fannie Mae") acquired the property commonly known as 735 West Wolf Avenue, Elkhart, Indiana 46516 (the "Real Estate") by way of a $78,764.68 credit bid at a Sheriff's sale conducted by the Sheriff of Elkhart County, Indiana. Thereafter, on October 28, 2009, 5 Star Investment Group, LLC ("5 Star Investment") purchased the Real Estate from Fannie Mae for $29,000.

On November 25, 2009, 5 Star Investment granted a $26,000 mortgage on the Real Estate to John Slabach. On that same day, 5 Star Investment also granted a $15,000 mortgage on the Real Estate to Morris Wiser and Linda Fleischman.

On May 6, 2013, Servants of the Streets entered into a "Contract for Sale of Real Estate" (the "Land Contract") with 5 Star Investment to purchase the Real Estate; Villela executed the Land Contract on behalf of Servants of the Streets. Pursuant to the Land Contract, 5 Star Investment agreed to sell the Real Estate to Servants of the Streets for $25,000. The Land Contract further stated that 5 Star Investment was making a charitable contribution of $10,000, which reduced the $25,000 purchase price for the Real Estate to $15,000. The Land Contract required Servants of the Streets to pay the remaining $15,000

by making monthly installment payments and by paying all real estate taxes and other expenses related to the property.

On May 15, 2013, 5 Star Investment granted a $15,000 mortgage on the Real Estate to Victor and Lydia Lengacher. A day later, on May 16, 2013, 5 Star Investment granted a $15,000 mortgage on the Real Estate to Lester and Amanda Schmucker.

On July 11, 2013, the Land Contract was recorded in the office of the Elkhart County Recorder. The Real Estate is encumbered by mortgages having a face value of $71,000.

During the time that 5 Star Investment has owned the Real Estate, its tax valuation has varied from $65,300 in 2011, to $25,800 in 2012 and 2013, to its present 2016 valuation of $55,800. The Trustee has asserted that at the time the Land Contract was signed, the Real Estate's value exceeded the $15,000 net price set forth in the Land Contract.

At the time that Trustee Adelsperger was appointed, the Defendants were in default on the Land Contract because they had failed to make several Land Contract payments and the real estate taxes were not paid. Servants of the Streets' last payment was made in September 2016, and it has asserted that it satisfied the Land Contract. The Trustee has asserted that the Land Contract was a fraudulent transfer that would be voidable pursuant to 11 U.S.C. § 544 and IND. CODE §§ 32-18-2-14, 15 and 17. The Trustee has also asserted that the transfer was voidable pursuant to 11 U.S.C. § 550(a)(1). On October 31, 2016, the Trustee filed his adversary complaint in this matter. Servants of the Streets has answered and denied the Trustee's allegations.

To avoid the delays, costs and uncertainty associated with litigation, the Trustee and Servants of the Streets have entered into negotiations in an attempt to settle the allegations contained in the Trustee's adversary proceeding. Servants of the Streets has made a settlement proposal that the Trustee has evaluated and believes is fair, equitable and, in his business judgment, in the best interest of the 5 Star Entities' bankruptcy estate.

**THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Trustee and Servants of the Streets, conditioned upon the Bankruptcy Court's approval, agree as follows:

### THE TRUSTEE'S REPRESENTATIONS AND WARRANTIES TO SERVANTS OF THE STREETS

In consideration of Servants of the Streets' promises to perform the terms of this Agreement, the Trustee represents and warrants to Servants of the Streets that, as of the date of this Agreement:

1. The Trustee has the full corporate power, authority and legal right to enter into this Agreement on behalf of the 5 Star Entities and their bankruptcy estate, subject to the Bankruptcy Court's approval of the Agreement's terms.

2. This Agreement constitutes the 5 Star Entities' legal, valid and binding obligation and is enforceable against the 5 Star Entities, in accordance with its terms.

### SERVANTS OF THE STREETS' REPRESENTATIONS AND WARRANTIES TO THE TRUSTEE

3. In consideration of the Trustee's promises to perform the terms of this Agreement, Servants of the Streets represents and warrants to the Trustee that, as of the date

of this Agreement, Servants of the Streets has the full corporate power, authority and legal right to enter into this Agreement.

4. This Agreement constitutes Servants of the Streets' legal, valid and binding obligation and is enforceable against it, in accordance with its terms.

### SETTLEMENT TERMS

5. This Agreement is contingent upon the Bankruptcy Court approving it.

6. The Trustee agrees to dismiss the adversary proceeding and will transfer the Real Estate to Servants of the Streets free and clear of all liens, mortgages and encumbrances pursuant to the terms that follow.

7. The Trustee and Servants of the Streets agree that the Real Estate had a value of $25,000 at the time that 5 Star Investment sold it to Servants of the Streets.

8. The parties to this Agreement agree that the $10,000 donation and purchase price reduction for a charitable contribution set forth in the original Land Contract will be voided.

9. The parties agree that Servants of the Streets will be given a credit for the payments that it has made to date in the agreed amount of $16,000.

10. Based upon the agreed valuation of the Real Estate and the agreed credit for payments already received, Servants of the Streets will pay the Trustee $9,000. Additionally, Servants of the Streets will, after the Agreement is approved by the Bankruptcy Court, pay all real estate taxes due on the Real Estate, including penalties, and all real estate taxes due and payable thereafter. Presently, $2,766.24 is due on or before May 10, 2017. Servants of the

Streets will also pay all closing expenses, including the costs for an owner's title policy, a lender's title policy, if one is required, and recording fees.

11.     5 Star Investment will incur all expenses required to obtain the Bankruptcy Court's approval of this Agreement and the dismissal of the adversary proceeding.

12.     The Trustee will provide notice of this Settlement Agreement to all parties requiring notice pursuant to the Bankruptcy Court's June 24, 2016, order, as well as the mortgage holders, John Slabach, Morris Wiser, Linda Fleischman, Victor and Lydia Lengacher, and Lester and Amanda Schmucker (collectively, the "Mortgage Holders").

13.     The Settlement Agreement and the transfer of the Real Estate to Servants of the Streets is conditioned upon Servants of the Streets receiving title to the Real Estate free and clear of all liens and encumbrances, including the release of mortgages held by the Mortgage Holders.  The order approving this settlement shall order that the Mortgage Holders' mortgages be released with the Mortgage Holders' liens attaching to the proceeds.  All funds received by the Trustee pursuant to this Agreement will be held in an escrow account and not distributed until the validity and amount of the Mortgage Holders' claims and liens are determined by an order of the Bankruptcy Court.

14.     Servants of the Streets will receive a Trustee's deed for the Real Estate.  The Trustee shall be authorized to release the mortgages for the Mortgage Holders.

15.     No commissions will be paid by either party concerning the settlement of this adversary proceeding or the sale of the Real Estate to complete the Land Contract originally entered into by Servants of the Streets and 5 Star Investment.

16.     If this settlement is not approved, then it will be a void.

**MISCELLANEOUS**

17. This Agreement shall be governed by, interpreted and enforced in accordance with Indiana law.

18. This Agreement may be signed in one or more counterparts, and each signed counterpart will be considered an original. Facsimile and/or e-mail signatures shall be as effective as original signatures. All of the signed counterparts together will be considered one document that becomes a binding agreement on each signatory when all counterparts have been signed and delivered.

19. This Agreement shall inure to the sole benefit of the parties to this Agreement. Nothing in it shall create or be construed to create any right or benefit for any person or entity other than the parties to this Agreement.

20. This Agreement cannot be orally modified or amended and represents the entire Agreement among the parties about the subject matter it covers. All previous negotiations among the parties touching on the subject matter of this Agreement are merged into this Agreement. All modifications or amendments to this Agreement must be in writing and signed by all parties.

21. The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions, and this Agreement shall be construed in all respects as if any invalid or unenforceable provision were omitted.

22. The parties acknowledge that in connection with this Agreement, they have each consulted with, or had the opportunity to consult with, legal counsel of their choice.

The parties further acknowledge that each understands the consequences of its participation in this Agreement.

| | |
|---|---|
| Date:  May 9, 2017 | Date:  May 3, 2017 |
| **DOUGLAS R. ADELSPERGER, TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED 5 STAR ENTITIES' BANKRUPTCY ESTATES** | **SERVANTS OF THE STREETS MINISTRIES, INC. AND MARIO L. VILLELA** |
| By:  /s/ Douglas R. Adelsperger<br>　　Douglas R. Adelsperger,<br>　　  Chapter 11 Trustee | By:  /s/ Mario L. Villela<br>　　Mario L. Villela, President<br>　　  and in his individual capacity |

AGREED AS TO FORM:

| | |
|---|---|
| **KOS & ASSOCIATES** | **O'BRIEN & TELLOYAN, PC** |
| By:  /s/ Edmund P. Kos<br>　　Edmund P. Kos (11234-49)<br>　　Attorneys for Douglas R.<br>　　  Adelsperger, Chapter 11 Trustee | By:  /s/ Mark P. Telloyan<br>　　Mark P. Telloyan (21410-71)<br>　　Attorneys of Servants of the Streets<br>　　  Ministries, Inc. and Mario L. Villela |
| 203 West Wayne Street, Suite 402<br>Fort Wayne, Indiana 46802<br>Telephone: (260) 424-2790<br>Facsimile: (260) 424-1872<br>E-mail: ekos@ekoslaw.com | Post Office Box 449<br>South Bend, Indiana 46624-0449<br>Telephone: (574) 287-7690<br>Facsimile: (574) 287-7691<br>E-mail:  Marktelloyan@juno.com |