UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO.    16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR COMMERICAL, LLC, | ) | CHAPTER 11s |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENTGROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC, | ) | |
| and 5 STAR CAPITAL FUND, LLC | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION TO SELL AT PRIVATE SALE REAL ESTATE FREE
AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS AND INTERESTS**

Douglas R. Adelsperger, the chapter 11 trustee in this case (the "Trustee"), by counsel,

pursuant to 11 U.S.C. §§ 105 and 363, Rule 6004 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Local Rule B-6004-1, requests entry of an order authorizing the

sale of certain real estate, free and clear of all liens, encumbrances, claims and interests to

Scott Doering and Heather Goerke (the "Purchasers") pursuant to a purchase and sale agreement

(the "Purchase Agreement"), on the following grounds:

## I. JURISDICTION

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for relief are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  **BACKGROUND**

4.      On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On February 9, 2016, the United States Trustee (the "UST") filed her *Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion* (the "UST Motion"). Following a February 16, 2016 hearing on the UST Motion, the Court entered an *Agreed Order for the Appointment of a Chapter 11 Trustee*.  On February 29, 2016, the Trustee was appointed as the chapter 11 trustee in each of the Debtors' bankruptcy cases.

6.      On March 23, 2016, the Court entered its *Order Granting Motion for Joint Administration*, consolidating the Bankruptcy Cases for purposes of administration only.

7.      On April 21, 2016, the UST filed her *Appointment and Notice Appointing Unsecured Creditors' Committee*, appointing an Official Committee for Unsecured Creditors (the "Committee") in the Debtors' bankruptcy cases.

8.      On June 24, 2016, the Court entered its *Agreed Order Granting Trustee's Motion for Substantive Consolidation*, substantively consolidating the Debtors' bankruptcy cases for all

postpetition matters and purposes, effective as of the Petition Date, and deeming that all assets and liabilities of the bankruptcy cases to be consolidated into one (1) bankruptcy estate, to be administered in accordance with the Bankruptcy Code under the jurisdiction of the Court (the "Consolidated Bankruptcy Estate").

9.    On July 21, 2016, the Court entered *Order Granting Application to Employ Tiffany Group Real Estate Advisors, LLC as the Bankruptcy Estates' Broker*, authorizing the employment of Tiffany Group Real Estate Advisors, LLC ("Tiffany Group") as real estate brokers with respect to the sale of real estate in these bankruptcy cases.  Pursuant to the agreement between the Trustee and Tiffany Group approved by the Court, Tiffany Group is entitled to receive a commission of five percent (5.0%) of the total purchase price for all sales that were obtained solely through the efforts of the Tiffany Group.

10.    Prior to the Petition Date, on November 5, 2015, the United States Securities Exchange Commission (the "SEC") filed a complaint against the Debtors' sole owner, Earl D. Miller ("Miller"), 5 Star Capital Fund, LLC and 5 Star Commercial, LLC, in the United States District Court for the Northern District of Indiana, Hammond Division, under Case No. 3:15-cv-00519 (the "SEC Action").  In its complaint, the SEC alleged that Miller, 5 Star Capital Fund, LLC and 5 Star Commercial, LLC defrauded at least 70 investors from whom they raised funds of at least $3.9 million.

11.    Additionally, on November 5, 2015, the SEC obtained an *ex parte* Temporary Restraining Order, asset freeze and other emergency relief in the SEC Action.

### III.  THE REAL ESTATE AND LIENS

12.     Pursuant to section 541(a) of the Bankruptcy Code, the Consolidated Bankruptcy Estate includes all legal and equitable interests of the Debtors in property as of the commencement of the Debtors' bankruptcy cases, including real estate.

13.     Prior to the Petition Date, the Debtor, 5 Star Investment Group V, LLC, was the sole owner of real estate located in St. Joseph County (Indiana), commonly known as 2012 E. LaSalle Avenue, Mishawaka, IN 46545, and more particularly described as follows:

> Lot Numbered 39, excepting the North 103 feet thereof, in Citizens Home Company's McKinley Highway Plat in Penn Township, as per plat thereof recorded November 14, 1949 in Plat Book 17, page C in the Office of the Recorder of Saint Joseph County, Indiana.

(the "Real Estate").

14.     The Real Estate is subject to a tax lien for delinquent real estate taxes that have accrued for 2014 through 2016 and real estate taxes that will accrue for 2017 (the "Tax Lien").

15.     Prior to the Petition Date, the Real Estate was subject to a lease (the "Lease"), with an option to purchase in favor of the Purchasers. Pursuant to the option to purchase under the Lease, the Purchasers deposited with the Debtor, 5 Star Investment Group V, LLC, a non-refundable deposit (the "Deposit"). The Trustee and the Purchasers have agreed that the Lease, including the option to purchase, has expired and that the Purchasers did not exercise their rights pursuant to the option to purchase. Accordingly, the Purchasers have no interest in the property, other than their rights as month-to-month tenants pursuant to IND. CODE § 32-31-1-2.

### IV.  THE PURCHASE AGREEMENT

16.     On June 21, 2017, the Trustee entered into the Purchase Agreement for the sale of the Real Estate to the Purchasers for the total purchase price of $52,000.00.  A copy of the Purchase Agreement is attached and incorporated as Exhibit 1.

17.    Pursuant to the Purchase Agreement, the Purchasers have represented and warranted to the Trustee that:  (a) the Purchasers are not insiders of one or more of the Debtors; (b) the proposed sale represents an arms-length transaction between the parties, made without fraud or collusion with any other person (including any other prospective purchaser for the Real Estate); and (c) there has been no attempt to take any unfair advantage of the Trustee. Accordingly, the Purchasers shall be deemed to be purchasing the Real Estate in good faith pursuant to section 363(m) of the Bankruptcy Code.

18.    In addition, the Purchase Agreement provides for the sale of the Real Estate, free and clear of all liens, encumbrances, claims and interests; provided however, the Real Estate is to be sold subject to all easements, right of ways, leases (recorded or unrecorded), covenants, restrictions, declarations or agreements of record and all other valid exceptions of record, in addition to those matters that would be disclosed upon a visual inspection of the Real Estate (the "Permitted Exceptions").

19.    The Purchase Agreement also provides that any portion of the Tax Lien that represent delinquent real estate taxes, including real estate taxes that have accrued for 2014 through 2016, will be paid in full at closing.  In addition, the Purchase Agreement provides that any portion of the Tax Lien that represents 2017 real estate taxes will be prorated as of the date immediately prior to the date of closing. Further, the Purchase Agreement provides that any other special assessment liens, utilities, water and sewer charges and any other charges customarily prorated in similar transactions will be prorated as of the date immediately prior to the date of closing.

## V.  <u>RELIEF REQUESTED</u>

20.    The Trustee requests the Court enter an order, pursuant to sections 105 and 363 of

the Bankruptcy Code, Bankruptcy Rule 6004 and Local Rule B-6004-1, as follows:

> (a)  Authorizing the Trustee, on behalf of the Consolidated Bankruptcy Estates, to sell the Real Estate to the Purchasers pursuant to the terms and conditions of the Purchase Agreement;

> (b)  Directing the sale of the Real Estate to the Purchasers free and clear of all liens, encumbrances, claims and interests (including the Tax Lien), with all such valid liens, encumbrances, claims and interests attaching to the sale proceeds in the same order, priority and validity that presently exists, subject to all claims of the Trustee; provided however, the Real Estate shall be sold subject to the Permitted Exceptions;

> (c)  Authorizing the Trustee to execute any documentation necessary to effectuate the sale of the Real Estate, including the execution of a Bankruptcy Trustee's Deed and the Purchase Agreement;

> (d)  Finding that the Purchasers are good faith Purchasers pursuant to section 363(m) of the Bankruptcy Code because (i) the Purchasers are not insiders of one or more of the Debtors, (ii) the proposed sale represents an arms-length transaction between the parties, made without fraud or collusion with any other person (including any other prospective purchaser for the Real Estate), and (iii) there has been no attempt to take any unfair advantage of the Trustee;

> (e)  Finding that section 363(f)(3) of the Bankruptcy Code has been satisfied as it relates to the Tax Lien and directing that such lien be paid in full from the sale proceeds at closing;

> (f)  Authorizing the Trustee to disburse from the sale proceeds, first to pay the costs and expenses of the sale, second to pay all real estate taxes and assessments outstanding and unpaid at the time of the sale, including the Tax Lien, and third to pay the prorated portions for any other special assessment liens, utilities, water and sewer charges and any other charges customarily prorated in similar transactions;

> (g)  Waiving the requirements of Bankruptcy Rule 6004(h); and

> (h)  Authorizing and directing the Trustee to retain the excess proceeds from the sale until further order of the Court.

## VI.  GROUNDS FOR GRANTING RELIEF

21.    Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property

pursuant to section 363(b) or (c) of the Bankruptcy Code, "free and clear of any interest in such

property of an entity other than the estate" if any of the following conditions are satisfied:  (a)

applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b)

such entity consents; (c) such interest is a lien and the price at which such property is to be sold

is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide

dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a

money satisfaction of such interest.

22.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice

and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of

the estate."  11 U.S.C. § 363(b)(2).  Although section 363 of the Bankruptcy Code does not

provide an express standard for determining whether a court should approve any particular

proposed use, sale, or lease of estate property, case law consistently applies an "articulated

business judgment" standard.  *See In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (citing *In re*

*Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986), *In re Naron & Wagner, Charted*, 88

B.R. 85, 88 (Bankr. D. Md. 1988)); *see also Colfin Bulls Funding A, LLC v. Paloian (In re*

*Dvorkin Holdings, LLC)*, 2016 WL 1029387, at *12 (Bankr. N.D. Ill. Mar. 14, 2016) ("The

Seventh Circuit has clarified that a trustee's justification warrants judicial approval if it 'makes

good business sense' (i.e., if 'the creditors as a whole . . . benefit').") (citing *United Retired*

*Pilots Ben. Prot. Ass'n v. United Airlines, Inc. (In re Ual Corp.)*, 443 F.3d 565, 571-72 (7th Cir.

2006)).

23.     In addition, under section 363 of the Bankruptcy Code, a court should not substitute its business judgment for that of the trustee.  *See e.g.*, *Stephens Indus., Inc. v. McClung (In re McClung)*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Highway Equip. Co.*, 61 B.R. 58, 60 (Bankr. S.D. Ohio 1986).  Rather, the court is required to ascertain whether the trustee has articulated a valid business justification for the proposed transaction.  *See, e.g.*, *Lewis v. Anderson*, 615 F.2d 778, 781 (9th Cir. 1979); *In re Schipper*, 109 B.R. 832, 836 (Bankr. N.D. Ill. 1989); *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982) (recognizing congressional intent to limit Court involvement in business decisions by a trustee).

24.     The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach.  *See In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984).  The key consideration is the Court's finding that a good business reason exists for the sale.  *See McClung*, 789 B.R. at 389. However, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate.  *See e.g.*, *In re Good Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re The Ohio Corrugating Co.*, 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); *In re Atlanta Packaging Prod., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) ("It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the [debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate."); *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 769 (7th Cir. 2013) ("Once a firm is in Chapter 7 bankruptcy  . . . it is 'owned' by the trustee . . . whose sole concern is with maximizing the net value of the debtor's estate to creditors . . . .").

25.     Pursuant to Bankruptcy Rule 6004, "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bankr. P. 6004(f)(1).  A large measure of discretion is accorded a bankruptcy court in deciding whether a private sale of a debtor's assets should be approved.  *See In re Nicole Energy Servs.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio 2008); *see also In re Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) (citing *In re Blue Coal Corp.*, 168 B.R. 553, 564 (Bankr. M.D. Pa. 1994)).  Furthermore, evidence that a transaction involving estate property under section 363 of the Bankruptcy Code will be at fair market value permits the conclusion that the transaction is in the best interest of the estate.  *See In re Planned Sys., Inc.*, 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988) (finding sufficient evidence of fair market value and adequate exposure where property was listed with a broker since the prior year).

**The Proposed Sale Satisfies the Bankruptcy Code Requirements**

26.     The Trustee submits that the proposed sale pursuant to the Purchase Agreement, will accomplish a "sound business purpose" and will result in the maximized value for the Real Estate.

27.     The Trustee believes that the purchase price of $52,000.00 reflects the fair market value of the Real Estate, and it therefore maximizes recovery.

**A. Free and Clear of Tax Lien.**

28.     The proposed sale satisfies section 363(f)(3) of the Bankruptcy Code as it relates to the Tax Lien .  The total purchase price for the Real Estate is greater than the aggregate value of the Tax Lien.  Any portion of the Tax Lien that represents delinquent real estate taxes, including real estate taxes that have accrued for 2014 through 2016, will be paid in full at closing.  Any portion of the Tax Lien that represents 2017 real estate taxes, but are not yet due

and payable, will be prorated as of the date immediately prior to the date of closing, and the Purchasers are assuming the remaining balance for 2017 real estate taxes. Accordingly, pursuant to section 363(f)(3) of the Bankruptcy Code, the Trustee is permitted to sell the Real Estate free and clear of the Tax Lien.

**B. <u>Additional Request</u>.**

29.      Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the sale, use or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court order otherwise." Fed. R. Bankr. P. 6004(h). The Trustee requests the Court order that such an order be effective immediately upon entry in order to allow the Trustee to timely and expeditiously consummate the proposed sale.

## VI. <u>NOTICE</u>

30.      The Trustee will serve a copy of this motion, along with the attached Exhibit 1 on the following: (a) the UST; (b) counsel for the Committee; (c) the Chairman for the Committee; (d) all entities that can be discovered through a reasonably diligent inquiry holding liens upon or having interests in the Real Estate, including the St. Joseph County (Indiana) Treasurer; and (e) all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

31.      Pursuant to Local Rule B-6004-1(b), notice for this motion must be given to all creditors and parties in interest, unless the Court orders otherwise. On June 24, 2016, the Court entered its *Order Granting Trustee's Motion to Limit Notice in Chapter 11 Bankruptcy Cases*, limiting notice for certain motions, applications and other filings, including sale motions, to the UST, counsel for the Committee, the Chairman for the Committee and those parties who have requested notice pursuant to Bankruptcy Rule 2002. Accordingly, the Trustee shall serve the notice for this motion only upon those parties listed above in paragraph 30.

**WHEREFORE,** the Trustee respectfully requests entry of an order granting the relief requested herein and granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By:/s/ Meredith R. Theisen
    Meredith R. Theisen

Deborah J. Caruso (Atty. No. 4273-49)
John C. Hoard (Atty. No. 8024-49)
James E. Rossow, Jr. (Atty. No. 21063-29)
Meredith R. Theisen (Atty. No. 28804-49)
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 634-0300
Fax: (317) 263-9411
Email:  dcaruso@rubin-levin.net
       johnh@rubin-levin.net
       jim@rubin-levin.net
       mtheisen@rubin-levin.net
Attorneys for Douglas R. Adelsperger, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2017, a copy of the foregoing *Trustee's Motion to Sell at Private Sale Real Estate Free and Clear of All Liens, Encumbrances, Claims and Interests* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Douglas R. Adelsperger     dra@adelspergerkleven.com
Mark J. Adey    madey@btlaw.com
Frederick L. Carpenter    fcarpenter@dfreeland.com
Deborah J. Caruso     dcaruso@rubin-levin.net, mcruser@rubin-levin.net
Angela D. Dodd     dodda@sec.gov, janssenj@sec.gov
Rebecca Hoyt Fischer     rebecca@ladfislaw.com, roberta@ladfislaw.com
Bridget A. Franklin    bfranklin@brouse.com
Daniel Freeland(MAG)    dlf9601@aol.com
Nancy J. Gargula     USTPRegion10.SO.ECF@usdoj.gov
John C. Hoard(CMB)    marie@rubin-levin.net, johnh@rubin-levin.net
Curt D. Hochbein    chochbein@rubin-levin.net
George E. Horn    george.horn@btlaw.com
R. William Jonas    rwj.haj@sbcglobal.net, krh.haj@sbcglobal.net
R. William Jonas(LP)    lindaplata@hajlaw.com
R. William Jonas(TT)    trt@hajlaw.com
Jay P. Kennedy     jpk@kgrlaw.com, srosner@kgrlaw.com

Yvette Gaff Kleven    ygk@adelspergerkleven.com
Edmund P. Kos    ekos@ekoslaw.com
James G. Lauck(KW)    kmw@kgrlaw.com, jgl@kgrlaw.com
Jeffrey L. Lund    jlund@yaub.com
Harley K. Means    hkm@kgrlaw.com
Kimberly A. Mouratides(TM)    tiffany@kmmglawfirm.com, kim2@kmmglawfirm.com
David M. Mustard    dmustard@ekoslaw.com, ecfmail.kos@gmail.com
Katherine C. O'Malley    komalley@cozen.com, akulbeik@cozen.com
Theora Ohaneson    theora2009@yahoo.com
Thomas Panowicz    teplaw@att.net, teplawecf@gmail.com
Susan Jaffe Roberts    susan.j.roberts@usdoj.gov
James E. Rossow    jim@rubin-levin.net, rjenkins@rubin-levin.net;susan@rubin-levin.net;atty_jer@trustesolutions.com;robin@rubin-levin.net
Wesley N. Steury    wsteury@burtblee.com
Mark P. Telloyan    MarkTelloyan@juno.com
J. Samuel Tenenbaum    s-tenenbaum@law.northwestern.edu
Meredith R. Theisen    mtheisen@rubin-levin.net, mcruser@rubin-levin.net
Susan E. Trent    strent@rlwlawfirm.com, kmiller@rlwlawfirm.com
Ellen L. Triebold    Ellen.L.Triebold@usdoj.gov
Mark E. Wagner    mark_wagner@embarqmail.com
Thomas G. Wallrich    twallrich@cozen.com, akulbeik@cozen.com; jaudette@cozen.com; jnesset@cozen.com
James C. White    jwhite@ptwfirm.com

I further certify that on June 21, 2017, a copy of the foregoing *Trustee's Motion to Sell at Private Sale Real Estate Free and Clear of All Liens, Encumbrances, Claims and Interests* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

| | | |
|---|---|---|
| David W. Criswell<br>Ball Janik LLP<br>101 SW Main Street, Suite 1100<br>Portland, OR 97204 | Jaclyn J. Janssen<br>Timothy Leiman<br>U.S. Securities & Exchange Commission<br>175 W. Jackson Blvd, Suite 900<br>Chicago, IL 60604 | Joe Schwartz<br>2012 S.E. 33rd St.<br>Okeechokee, FL 34974 |
| Galen J Graber<br>8342 E Old US Hwy 50<br>Montgomery, IN 47558 | Charles S Howard<br>Kivel & Howard, LLP<br>111 SW 5th Ave<br>Portland, OR 97204-3604 | Christopher Coblentz<br>6345 Helena Rd<br>Mayslick, KY 41055 |
| Dwight Gosser<br>1857 Woodland Dr<br>Elkhart, IN 46514 | Brad T. Summers<br>Ball Janik LLP<br>101 SW Main Street, Suite 1100<br>Portland, OR 97204 | St. Joseph County Treasurer<br>227 W. Jefferson Blvd. #209<br>South Bend, IN 46601 |
| Committee Chairman<br>Grant Swartzentruber<br>as Representative for Creditor<br>Omar Wagler<br>412 E. Flora St., Apt. 1<br>Washington, IN 47501 | Jonathan Hochstetler<br>12855 County Road 50<br>Syracuse, IN 46567 | Scott Doering<br>Heather Goerke<br>2012 E. LaSalle Avenue<br>Mishawaka, IN 464554 |

Marc Merklin
388 S. Main Street, Suite 500
Akron, OH 44311

_____
                    */s/ Meredith R. Theisen*
                    Meredith R. Theisen

g:\wp80\trustee\adelsperger\5 star 86717101\real estate sales\motions to sell\doering\motion sell doering.doc