UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 5 STAR INVESTMENT GROUP, LLC, ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP V, LLC, ) | |
| 5 STAR COMMERCIAL, LLC, ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP III, LLC, ) | |
| 5 STAR INDIANA HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP II, LLC, ) | |
| 5 STAR INVESTMENT GROUP IV, LLC ) | |
| and 5 STAR CAPITAL FUND, LLC, ) | |
| ) | |
| Debtors. ) | |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT
OF CLAIMS ASSERTED AGAINST MARLIN H. SCHWARTZ**

Pursuant to Bankruptcy Rule 9019, Douglas R. Adelsperger, Trustee (the "Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, submits this motion to approve settlement of claims asserted against Marlin H. Schwartz ("Schwartz"). In support of his motion, the Trustee states as follows:

### I. PROCEDURAL BACKGROUND

1. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "5 Star Entities" or "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2. The Debtors are all Indiana limited liability companies owned as of the Petition Date by one[1] individual – Earl Miller – and by reason of common ownership are affiliates as defined by 11 U.S.C. §101(2).[2]

3. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

5. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

6. This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408. This Court also has constitutional jurisdiction over the relief sought in this motion.

---

[1] Prior to July 31, 2014, the Debtors were co-owned by Earl Miller and Matthew D. Gingerich.
[2] *See* Debtors' February 4, 2016, "Motion for Joint Administration and Request for Expedited Relief", p. 2, ¶ 6.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

8. Pursuant to Bankruptcy Rule 9019(a), "on motions by the trustee and after notice and a hearing, the Court may approve a compromise or settlement".

## II.   FACTUAL BACKGROUND

9. Before July 29, 2014, Earl Miller ("Miller") and Matthew D. Gingerich ("Gingerich") were each 50% owners of the Debtors.

10. On July 29, 2014, Miller and Gingerich entered into an agreement in which Miller agreed to purchase Gingerich's interest in the 5 Star Entities.

11. The following day, July 30, 2014, Miller sold a one percent interest in all of the 5 Star Entities to Schwartz. Although a purchase agreement was drafted, the parties never signed it.

12. On and after July 30, 2014, Schwartz paid Miller approximately $412,000 to acquire an ownership interest in the 5 Star Entities.

13. Thereafter, Schwartz received owners' draws and other compensation from the 5 Star Entities. During the one year that Schwartz was an owner, he received approximately $60,000 in owner distributions.

14. Further, Schwartz's company, Artisan Builders, LLC ("Artisan Builders"), received over $570,000 for alleged labor, materials and other services provided to the 5 Star Entities. Trustee Adelsperger has asserted that some of the payments received by Artisan Builders were preferential.

15. On or about July 22, 2015, the 5 Star Entities paid Schwartz $206,000 and his ownership interests were canceled. This transaction was not identified in the 5 Star Entities' bankruptcy schedules.

16. After the 5 Star Entities filed bankruptcy, the Trustee reviewed payments made to Schwartz and sent a demand letter to him, informing Schwartz that he must return compensation from the Debtors. The Trustee asserted that the transfers of funds from the Debtors to Schwartz were fraudulent transfers that could be avoided pursuant to 11 U.S.C. § 548 and/or pursuant to 11 U.S.C. § 550(a) and that some transfers were voidable preferences pursuant to 11 U.S.C. § 547. The Trustee also asserted that he could raise other claims against Schwartz related to his ownership of the Debtors.

17. Schwartz, by counsel, responded to the Trustee's demand and asserted that the transfers he received, referenced by the Trustee, were not voidable. He denied liability for all claims asserted by the Trustee.

18. Thereafter, the Trustee and Schwartz engaged in informal settlement negotiations and the parties reached a settlement.

19. To avoid the delays, costs and uncertainty of potential litigation in this Bankruptcy Court, the Trustee and Schwartz have agreed to the terms of the "Settlement Agreement and Release" (the "Agreement") that is attached to this motion and is incorporated herein by reference. The Trustee has evaluated the terms of the Agreement with Schwartz and believes that it is fair, equitable and in the best interests of the 5 Star Entities' bankruptcy estates.

### III. SETTLEMENT TERMS

20. Within three business days of the entry of the Bankruptcy Court's order approving the Agreement, Schwartz will pay $125,000 to the Trustee.

21. Additionally, by June 29, 2018, Schwartz shall pay the Trustee an additional $39,800.

22. Schwartz has also agreed to assign to the Trustee any and all claims he has against:

   A. Earl Miller, including Schwartz's claim against him related to Miller forging Schwartz's name to a sign lease; and

   B. all pre-bankruptcy claims against any professionals who provided services to the Debtors, including but not limited to attorneys, accountants and financial advisors, including Global Impact Companies.

23. Schwartz has agreed to assist the Trustee in his investigation of the Debtors' operations, assets, liabilities and claims that can be asserted against any other persons or entities. Schwartz will fully cooperate with the Trustee's efforts to recover assets for the Debtors' bankruptcy estates.

24. Schwartz and his company, Artisan Builders, have agreed to waive all claims they could assert against the 5 Star Entities pursuant to 11 U.S.C. §§ 501, 502, 547, 548 and 550 and under any other legal or equitable theory.

25. Upon the Bankruptcy Court's approval of this Agreement, the Trustee has agreed to give Schwartz a full release of any and all claims that the Trustee and/or the 5 Star

Entities' creditors, by the Trustee, could assert against Schwartz for the benefit of Debtors' bankruptcy estates.

26. The Trustee has also agreed to make no claim to any ownership of Artisan Builders that could be asserted pursuant to the unsigned purchase agreement between Miller and Schwartz.

27. The parties' Settlement Agreement is contingent upon the Bankruptcy Court approving it. If the parties' settlement is not approved by the Bankruptcy Court, then it will be void.

## IV.    TRUSTEE'S BUSINESS JUDGMENT

28. Trustee Adelsperger has fully reviewed the settlement offered by Schwartz, and he has concluded that this settlement is in the best interests of the Debtors' consolidated bankruptcy estates.

29. Trustee Adelsperger has applied his best business judgment in fully investigating and analyzing all claims he has asserted against Schwartz and Schwartz's denial of those claims.

30. Trustee Adelsperger recognizes that if his claims against Schwartz are litigated, there is a risk at trial that the Trustee may not prevail, or may prevail only on some of his claims. This settlement recovers $164,800, which is 80% of the $206,000 that Schwartz received from the 5 Star Entities on July 22, 2015.

31. Trustee Adelsperger asserts that the acceptance of the settlement will avoid litigation and collection expenses.

32. Trustee Adelsperger believes that the settlement is fair and equitable and that he has satisfied his obligation to exercise prudent business judgment in evaluating the settlement.

**WHEREFORE,** Douglas R. Adelsperger, Chapter 11 Trustee, by counsel, requests that the Court A) enter an order granting this motion and approving his settlement with Marlin H. Schwartz, as outlined in this motion and as further set forth in the attached "Settlement Agreement and Release", and B) grant all other relief that is just and proper in the premises.

Respectfully submitted,

**KOS & ASSOCIATES**

/s/ Edmund P Kos
Edmund P. Kos (11234-49)

/s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
 Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

### CERTIFICATE OF SERVICE

I certify that on June 22, 2017, true and complete copies of the "Trustee's Motion to Approve Settlement of Claims Asserted Against Marlin H. Schwartz" were served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov

7

Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com


By regular mail to:

Grant Swartzentruber, Chairman
201 East Main Street, Suite 206
Washington, Indiana 47501


          /s/ Edmund P Kos
          Edmund P. Kos