UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |

**STIPULATION MODIFYING TRUSTEE'S SETTLEMENT AGREEMENT,
MOTION TO APPROVE SETTLEMENT AGREEMENT
AND FOR OTHER RELIEF, AND PROPOSED ORDER**

Douglas R. Adelsperger, Trustee ("the Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, Matthew D. Gingerich ("Gingerich"), by counsel, and the U.S. Securities and Exchange Commission ("SEC"), by counsel, submit this "Stipulation Modifying Trustee's Settlement Agreement, Motion to Approve Settlement Agreement and for Other Relief, and Proposed Order" that is being filed to resolve issues raised by the U.S. Securities and Exchange Commission (the "Stipulation"). In support of this Stipulation, the parties state as follows:

I.  FACTS

1. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5

Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

3. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

4. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

5. On May 17, 2016, the Trustee filed Trustee's Motion for Substantive Consolidation. On June 24, 2016, the Court entered its "Agreed Order Granting Trustee's Motion for Substantive Consolidation", substantively consolidating the Bankruptcy Cases for all post-petition matters and purposes, effective as of the Petition Date, and deeming that all assets and liabilities of the Bankruptcy Cases to be consolidated into one (1)

bankruptcy estate, to be administered in accordance with the Bankruptcy Code under the jurisdiction of the Court (the "Consolidated Bankruptcy Estates").

6. On July 27, 2017, the Trustee filed his "Motion to Approve Settlement Agreement and for Other Relief" (the "Motion to Approve Settlement") (Document 892).

7. Also on July 27, 2017, the Trustee filed his certificate of service of "Notice of Motion and Opportunity to Object" (the "Notice"). The Notice gave all creditors and parties in interest the opportunity to assert any objections they might have to the Motion to Approve Settlement (Document 893).

8. On the same date, the Trustee filed a proposed order granting the Motion to Approve Settlement (Document 894).

9. In his Motion to Approve Settlement, the Trustee stated that this Court has jurisdiction over the bankruptcy cases pursuant to 28 U.S.C. §§ 157 and 1334 and that venue is proper pursuant to 28 U.S.C. § 1408. The Court also has authority to grant the relief sought in this Motion.

10. In his Motion to Approve Settlement, the Trustee stated that the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

11. The Trustee asserted in the Motion to Approve Settlement that the Court has the authority to approve the proposed settlement between 5 Star and Gingerich pursuant to Bankruptcy Rule 9019(a), which states that "on motion by the Trustee and after notice of hearing, the Court may approve the compromise or settlement".

12. Pursuant to the Notice, all parties had until Thursday, August 17, 2017, to file a written objection to the Motion to Approve Settlement. The Trustee and the SEC filed Stipulation Between the U.S. Trustee, the U.S. Securities and Exchange Commission and

the Chapter 11 Trustee to Extend the Deadline to Object to the Trustee's Motion to Approve Settlement Agreement with Matthew Gingerich extending the time by which the SEC and the U.S. Trustee may file objections to the Settlement to September 18, 2017. (Document 921).

13. On August 1, 2017, the SEC, by counsel, verbally communicated limited objections to the Trustee's Motion to Approve Settlement (Document 894). Since the Trustee and Gingerich never anticipated any impact upon the SEC, they have stipulated to modify the Settlement Agreement and Proposed Order to address the SEC's concerns.

14. On August 8, 2017, the U.S. Trustee, by counsel, verbally communicated objections to the Trustee's Motion to Approve Settlement (Document 894). This Stipulation modifies the Settlement Agreement and Proposed Order to address the U.S. Trustee's concerns. This Stipulation is being filed solely for the purpose of resolving the objections expressed by the SEC and the U.S. Trustee in order to avoid the expenses, delays and uncertainties associated with litigation.

15. The Trustee's counsel has conferred with Gingerich's counsel and the SEC's counsel, and the following Stipulation, submitted by the Trustee and consented to by Gingerich and the SEC, resolves the issues raised by the SEC on August 1, 2017.

16. The Trustee's counsel has conferred with Gingerich's counsel and the U.S. Trustee's counsel, and the following Stipulation resolves the issues raised by the U.S. Trustee.

## II.    STIPULATIONS

17. The Trustee, Gingerich and the SEC stipulate A) that this Court has jurisdiction over the Motion to Approve Settlement, B) that venue is proper, C) that the

Court has constitutional jurisdiction over the relief sought by the Trustee in his Motion, D) that the Trustee's Motion to Approve Settlement constitutes a core proceeding, and E) that pursuant to Bankruptcy Rule 9019(a), the Court has the authority to approve the Trustee's settlement with Gingerich and SEC.

18.    The Trustee, Gingerich and the SEC stipulate that the release found in paragraph 11(a) of the "Settlement Agreement and Release" (Document 894, Exhibit B) signed by the Trustee and Gingerich shall be modified to add the following:

> Notwithstanding any provision herein to the contrary, the Settlement Agreement does not~~,~~ : (i) enjoin, limit, impair or delay the SEC or the U.S. Trustee from commencing or continuing any claims, causes of action, proceedings or investigations against Gingerich; (ii) enjoin, limit, impair or delay any other federal, state or local government entity in addition to the SEC and the U.S. Trustee from commencing or continuing any claims, causes of action, proceedings, or investigations in the exercise of its police or regulatory functions against Gingerich; (iii) preclude the SEC, the U.S. Trustee and any other federal, state or local government entity from commencing or continuing any investigation or taking any action pursuant to its police or regulatory function against Gingerich; (iv) preclude any party in interest from commencing or continuing any action not held by the Trustee or the substantively consolidated bankruptcy estate of 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively,"5 Star" or the "Debtors" and the "5 Star Bankruptcy Estate"), except for any party in interest claiming indemnification from Gingerich based upon a limited personal guaranty of collection which expired upon the completion of rehabilitation and remodeling of the Real Estate that the Claimant lent monies in relationship to, (v) release Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns existing prior to the date of the approval of this Agreement by the Court except Grand Products, LLC and Capstone Business Solutions, LLC, both of which are specifically incorporated into and addressed as part of the Settlement Agreement; or (vi) act as a discharge of debt in any future bankruptcy cases filed by Gingerich or Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns.

19. The Trustee, Gingerich and the SEC further stipulate that the releases and injunction found in paragraph C of the "Order Granting Trustee's Motion to Approve Settlement Agreement and Other Relief" ("Order") is modified to include the following:

C(8)   Notwithstanding any provision herein to the contrary, the Settlement Agreement does not: (i) enjoin, limit, impair or delay the SEC or the U.S. Trustee from commencing or continuing any claims, causes of action, proceedings or investigations against Gingerich; (ii) enjoin, limit, impair or delay any other federal, state or local government entity in addition to the SEC and the U.S. Trustee from commencing or continuing any claims, causes of action, proceedings, or investigations in the exercise of its police or regulatory functions against Gingerich; (iii) preclude the SEC, the U.S. Trustee, and any other federal, state or local government entity from commencing or continuing any investigation or taking any action pursuant to its police or regulatory function against Gingerich; (iv) preclude any party in interest from commencing or continuing any action not held by the Trustee or the 5 Star Bankruptcy Estate"), except for any party interest claiming indemnification from Gingerich based upon a limited personal guaranty of collection which expired upon the completion of rehabilitation and remodeling of the Real Estate that the Claimant lent monies in relationship to; (v) release Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns existing prior to the date of the approval of this Agreement by the Court except Grand Products, LLC and Capstone Business Solutions, LLC both of which are specifically incorporated into and addressed as part of the Settlement Agreement; or (vi) act as a discharge of debt in any future bankruptcy cases filed by Gingerich or Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns.

20. The Trustee, Gingerich and the SEC are signing this Stipulation because they recognize that the Settlement Agreement cannot enjoin the SEC, the U.S. Trustee, and any other federal, State or local government entity from commencing or continuing any claims, causes of action, proceedings or investigations in exercise of their police or regulatory powers under Federal or state law.

21. SEC actions are an exercise of police and regulatory powers, including actions seeking disgorgement and recovering ill-gotten gains. *See, e.g., SEC v. First Fin. Grp. Of Texas*, 645 F.2d 429, 437 (5th Cir. 1981); *SEC v. Friedlander*, No. 01-CIV-4658, 2002 U.S. Dist. LEXIS 13296, 2002 WL 1628832, at *2 (S.D.N.Y. July 23, 2002); *SEC v. Towers Fin. Corp.*, 996 F. Supp. 266, 205 B.R. 27 (S.D.N.Y. 1997); *In re Wyly*, 526 B.R. 194, 197-199 (Bankr. N.D. Tex. 2015).

22. The parties are unaware of any law in the Seventh, or any other, Circuit that authorizes a bankruptcy court to limit or enjoin the SEC's police and regulatory powers. Similarly, the Settlement Agreement would not be able to enjoin, limit, or impair other federal, state or local governmental entities which assert claims or exercise their police powers.

23. The Trustee, Gingerich and the SEC assert that the Settlement Agreement, as modified by this Stipulation, is fair and equitable, that the Trustee has satisfied his obligation to exercise his prudent business judgment, and that the approval of the Settlement Agreement and this Stipulation is in the best interest of the creditors of this bankruptcy proceeding.

24. This Stipulation represents an immaterial modification to the Trustee's Motion to Approve Settlement which will not require a new notice or otherwise affect or modify the existing objection period established by the Notice sent July 27, 2017.

**WHEREFORE**, Douglas R. Adelsperger, Chapter 11 Trustee, Matthew D. Gingerich, and the Securities and Exchange Commission, each by counsel, request that the Court A) approve this Stipulation and enter the revised order granting the Trustee's Motion to

Approve Settlement and Other Relief as set forth in the Settlement Agreement modified by this Stipulation, and B) grant all other relief that is just and proper in the premises.

| **KOS & ASSOCIATES** | **FREELAND & ASSOCIATES** |
|---|---|
| /s/ Edmund P. Kos | /s/ Daniel L. Freeland |
| Edmund P. Kos (11234-49) | Daniel L. Freeland (6979-45) |
| /s/ David M. Mustard | Attorneys for Matthew D. Gingerich |
| David M. Mustard (30056-02) | |
| Attorneys for Douglas R. Adelsperger, Chapter 11 Trustee | 9105 Indianapolis Boulevard
Highland, Indiana
Telephone: (219) 922-0800
Facsimile: (219) 922-1261
E-mail: dlf9601@aol.com |
| 203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com | |

**CONSENT BY U.S. SECURITIES AND EXCHANGE COMMISSION:**

U.S. Securities and Exchange Commission, by counsel, has reviewed this Stipulation and consents to its terms.

                                                **U.S. SECURITIES AND**
                                                **EXCHANGE COMMISSION**

                                                /s/ Angela Dodd
                                                Angela Dodd

                                                Senior Bankruptcy Counsel
                                                175 West Jackson Boulevard, Suite 1450
                                                Chicago, Illinois 60604
                                                Telephone: (312) 353-7400
                                                E-mail: dodda@sec.gov

## CERTIFICATE OF SERVICE

I certify that on September 15, 2017, true and complete copies of the "Stipulation Modifying Trustee's Settlement Agreement, Motion to Approve Compromise and for Other Relief, and Proposed Order" was served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com

By regular mail to:

Grant Swartzentruber, Chairman
412 East Flora Street, Apartment 1
Washington, Indiana 47501-2742

                                            /s/ Edmund P. Kos
                                            Edmund P. Kos