UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO.      16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR COMMERICAL, LLC, | ) | CHAPTER 11s |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENTGROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC, | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| Debtors. | ) | |

**MOTION TO COMPROMISE AND SETTLE
CLAIMS AGAINST COZEN O'CONNOR**

Plaintiff, Douglas R. Adelsperger, as Chapter 11 Trustee (the "Trustee") for the substantively consolidated bankruptcy estates of 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (the "Debtors" or the "5 Star Companies"), by counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, petitions the Court for authority to settle and compromise certain estate claims against Cozen O'Connor ("Cozen"), on the following grounds:

**BACKGROUND**

1.      On January 25, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven (11) separate bankruptcy cases (the "Bankruptcy Cases"). The Debtors are sometimes collectively referred to hereafter as the "5 Star Companies."

- 1 -

2.      On February 29, 2016, the Trustee was appointed as the chapter 11 Trustee in each of the Bankruptcy Cases, and has authority to bring this action pursuant to sections 1107 and 323 of the Bankruptcy Code.

3.      On June 24, 2016, the Court entered its Order Granting Trustee's Motion for Substantive Consolidation, consolidating the Bankruptcy Cases for all post-petition purposes.

4.      On September 28, 2017, the Trustee filed his Complaint (the "Complaint") in Adversary Proceeding No. 17-03032 (the "Adversary Proceeding") seeking to avoid and recover prepetition and postpetition transfers to Cozen from the Debtors in the total sum of $325,071.21 (the "Transfers") pursuant to sections 547, 548, 549, 502, and 550 of the Bankruptcy Code.

5.      Cozen has not yet filed an answer to the Complaint, but admits receiving the Transfers.  In settlement discussions with the Trustee, Cozen has raised certain defenses to the avoidance and recovery of the Transfers, including defenses under section 547(c) of the Bankruptcy Code, and that Cozen gave value in exchange for the Transfers.

6.      Although the Trustee contends one or more of these alleged defenses would fail in whole or in part, the Trustee believes that the costs and uncertainty of litigation would outweigh any additional recovery that the Trustee may achieve.

7.      After reviewing the parties' respective rights and obligations, the parties negotiated a Settlement Agreement and Mutual Release ("Settlement Agreement"), which is effective upon bankruptcy court approval.  A true and correct copy of the Settlement Agreement signed by Cozen is attached hereto as Exhibit "A."

8.      The Settlement Agreement provides that Cozen will pay the Trustee $110,000.00 ("Settlement Amount") within 5 business days after the entry of an order approving the Settlement Agreement.  The Settlement Agreement further provides that Cozen releases any and all claims or claims for administrative expenses it has or may have against the Debtor's bankruptcy estate.   The Settlement Agreement further provides that Cozen shall withdraw all

proofs of claim filed in the Bankruptcy Case, and shall not receive any payment or distribution of any kind from the Debtor or the Debtor's estate.

9.      The Settlement Agreement does not affect and the Trustee specifically reserves all claims asserted in the Complaint against Global Impact Companies, LLC, Bocklund, LLC, and Adam Lafavre, which the Trustee will continue to pursue in the Adversary Proceeding.

**RELIEF REQUESTED**

10.     By this Motion, the Trustee requests the Court enter an order approving the Settlement Agreement, whereby the Court authorizes the Trustee to settle the claims asserted against Cozen in the Complaint pursuant to the terms of the Settlement Agreement, and reserving all claims against Global Impact Companies, LLC, Bocklund, LLC, and Adam Lafavre.

**BASIS FOR GRANTING RELIEF**

11.     Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a compromise or settlement after motion by the Trustee, notice to creditors and a hearing.  Section 102 of the Bankruptcy Code provides that notice and a hearing means after appropriate notice and opportunity for a hearing, but authorizes action without a hearing if no timely request is made.

12.     Approval of a proposed settlement rests solely in the discretion of the bankruptcy court.  Matter of Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992).  While the Court must "determine whether the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement.  Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 586-87 (7th Cir. 1994).  Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's informed judgment and consider the competency

and experience of counsel supporting the compromise.  Depoister, 36 F.3d 582, 586-87; In re Int. Distr. Ctrs., Inc., 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

13.    The factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (c) the paramount interest of creditors.  In re American Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987); In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007).

14.    After thoroughly analyzing the Trustee's claims and the defenses asserted thereto, the Trustee believes that the Settlement Agreement is a reasonable exercise of sound business judgment and is in the best interest of creditors.  Additionally, acceptance of the Settlement Agreement will avoid additional litigation, witness and professional fees and expenses associated with prosecuting the claims asserted against Cozen in the Complaint, which may outweigh or dilute any additional recovery that the Trustee may achieve.

WHEREFORE, the Trustee respectfully moves the Court for an order approving this compromise and settlement on the terms and conditions as set forth above and in the proposed attached settlement agreement, and for all other just and proper relief.

Respectfully submitted,
RUBIN & LEVIN, P.C.

By: /s/ *John C. Hoard*
Deborah J. Caruso (Atty. No. 4273-49)
John C. Hoard (Atty. No. 8024-49)
John M. Rogers (Atty. No. 6182-49)
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 634-0300
Fax: (317) 263-9411
Email:  dcaruso@rubin-levin.net
johnh@rubin-levin.net
johnr@rubin-levin.net
Attorneys for Douglas R. Adelsperger, Trustee

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on December 1, 2017, a copy of the foregoing Motion to Compromise and Settle Claims Against Cozen O'Connor was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Douglas R. Adelsperger    dra@adelspergerkleven.com
Mark J. Adey    madey@btlaw.com
Frederick L. Carpenter    fcarpenter@dfreeland.com
Deborah J. Caruso    dcaruso@rubin-levin.net, mcruser@rubin-levin.net
Angela D. Dodd    dodda@sec.gov, janssenj@sec.gov
Rebecca Hoyt Fischer    rebecca@ladfislaw.com, roberta@ladfislaw.com
Bridget A. Franklin    bfranklin@brouse.com
Daniel Freeland(MAG)    dlf9601@aol.com
Nancy J. Gargula    USTPRegion10.SO.ECF@usdoj.gov
John C. Hoard(CMB)    johnh@rubin-levin.net, jkrichbaum@rubin-levin.net
Curt D. Hochbein    chochbein@rubin-levin.net
George E. Horn    george.horn@btlaw.com
R. William Jonas    rwj.haj@sbcglobal.net, krh.haj@sbcglobal.net
R. William Jonas(LP)    lindaplata@hajlaw.com
R. William Jonas(TT)    trt@hajlaw.com
Jay P. Kennedy    jpk@kgrlaw.com, srosner@kgrlaw.com
Yvette Gaff Kleven    ygk@adelspergerkleven.com
Edmund P. Kos    ekos@ekoslaw.com
James G. Lauck(KW)    kmw@kgrlaw.com, jgl@kgrlaw.com
Jeffrey L. Lund    jlund@yaub.com
Harley K. Means    hkm@kgrlaw.com
Kimberly A. Mouratides(TM)    tiffany@kmmglawfirm.com, kim2@kmmglawfirm.com
David M. Mustard    dmustard@ekoslaw.com, ecfmail.kos@gmail.com
Katherine C. O'Malley    komalley@cozen.com, akulbeik@cozen.com
Theora Ohaneson    theora2009@yahoo.com
Thomas Panowicz    teplaw@att.net, teplawecf@gmail.com
Susan Jaffe Roberts    susan.j.roberts@usdoj.gov
James E. Rossow    jim@rubin-levin.net; lisa@rubin-levin.net;atty_jer@trustesolutions.com;robin@rubin-levin.net
Wesley N. Steury    wsteury@burtblee.com
Mark P. Telloyan    MarkTelloyan@juno.com
J. Samuel Tenenbaum    s-tenenbaum@law.northwestern.edu
Meredith R. Theisen    mtheisen@rubin-levin.net, mralph@rubin-levin.net
Susan E. Trent    strent@rlwlawfirm.com, kmiller@rlwlawfirm.com
Ellen L. Triebold    Ellen.L.Triebold@usdoj.gov
Mark E. Wagner    mark_wagner@embarqmail.com
Thomas G. Wallrich    twallrich@cozen.com, akulbeik@cozen.com; jaudette@cozen.com; jnesset@cozen.com
James C. White    jwhite@ptwfirm.com

I further certify that on December 1, 2017, a copy of the foregoing Motion to Compromise and Settle Claims Against Cozen O'Connor was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

David W. Criswell
Brad T. Summers
Ball Janik LLP
101 SW Main Street, Suite 1100
Portland, OR 97204

Timothy Leiman
Jaclyn J. Janssen
U.S. Securities & Exchange
Commission
175 W. Jackson Blvd, Suite 900
Chicago, IL 60604

Jonathan Hochstetler
12855 County Road 50
Syracuse, IN 46567

Galen J Graber
8342 E Old US Hwy 50
Montgomery, IN 47558

Joe Schwartz
25941 Antler Road
Sturgis, MI 49091

Dwight Gosser
1857 Woodland Dr
Elkhart, IN 46514

Christopher Coblentz
6345 Helena Rd
Mayslick, KY 41055

Committee Chairman
Grant Swartzentruber
as Representative for Creditor
Omar Wagler
412 E. Flora St., Apt. 1
Washington, IN 47501

Marc Merklin
388 S. Main Street, Suite 500
Akron, OH 44311

*/s/ John C. Hoard*
John C. Hoard

\\Pa1\data\WP80\TRUSTEE\Adelsperger\5 STAR 86717101\Global-Cozen Adversary 86717115\9019 Motion.docx