UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 5 STAR INVESTMENT GROUP, LLC, ) | CASE NO.    16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP V, LLC, ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR COMMERICAL, LLC, ) | CHAPTER 11s |
| 5 STAR INVESTMENT GROUP VII, LLC, ) | |
| 5 STAR HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP III, LLC, ) | |
| 5 STAR INDIANA HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP II, LLC, ) | |
| 5 STAR INVESTMENT GROUP IV, LLC, ) | |
| and 5 STAR CAPITAL FUND, LLC[1] ) | |
| ) | |
|     Debtors. ) | |

# FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
## CONFIRMING CHAPTER 11 PLAN

---

[1] The filing companies were 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

This cause comes before the Court for hearing on confirmation with respect to the *Trustee's Plan of Liquidation (as Immaterially Modified)* filed on February 19, 2018 [Doc #1136], and as further modified by the *Amended Immaterial Modification to Trustee's Plan of Liquidation to Change Description of Two Classes to "Unimpaired"* (the "Immaterial Modification") filed on April 25, 2018 [Doc #1222], collectively referred to herein as the "Plan," a copy of attached as **Exhibit A** to this Order, filed by Douglas R. Adelsperger, Trustee ("Trustee")[2] for the consolidated[3] Debtors in this bankruptcy case.

On February 20, 2018, this Court approved the *Disclosure Statement for Trustee's Plan of Liquidation (as Immaterially Modified)* (the "Disclosure Statement") filed on February 19, 2018. The Disclosure Statement was transmitted to creditors and parties in interest pursuant to the solicitation procedures approved by the Court. Thereafter, pursuant to the Court's February 20, 2018 *Order Fixing Time for Accepting or Rejecting a Proposed Plan and Notice of Hearing on Confirmation*, the Confirmation Hearing was held on on May 8, 2018 at 1:30 p.m., at which time the Trustee appeared in person and by counsel.

And the Court, having considered the Plan; the April 27, 2018 *Amended Certification of Tabulation of Balloting* (the "Ballot Report") certifying the method and results of the ballot tabulation for each of the classes entitled to vote to accept or reject the Plan pursuant to the requirements of §§ 1124 and 1126 of Title 11 of the United States Code (the "Bankruptcy Code"); any and all objections to confirmation that were filed prior to or asserted at the Confirmation Hearing; the arguments and representations of counsel at the Confirmation

---

[2] Mr. Adelsperger was appointed as Trustee on February 29, 2016 pursuant to the Agreed Order entered on February 16, 2016 on the *Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion* filed by the United States Trustee on February 9, 2016.

[3] An *Agreed Order Granting Trustee's Motion for Substantive Consolidation* was entered on June 24, 2016.

Hearing; and the entire record of these Chapter 11 Cases, and having taken judicial notice of all matters reflected on the dockets of the Debtors' bankruptcy cases, hereby FINDS AND CONCLUDES, as further detailed below, that the Trustee's Plan satisfies the confirmation requirements of 11 U.S.C. § 1129 and accordingly enters this Order confirming the Plan (the "Confirmation Order"):

## JURISDICTION AND VENUE

This Court has jurisdiction over these Chapter 11 Cases under 28 U.S.C. §§ 157 and 1334. Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether a plan complies with the applicable provisions of the Bankruptcy Code and whether such Plan should be confirmed. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. The Court finds and concludes that the Court's retention of jurisdiction as set forth in Article 13 of the Plan comports with the parameters of 28 U.S.C. § 157.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[4]

The Court's findings of fact and conclusions of law set forth herein and in the record at the Confirmation Hearing constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to these Chapter 11 Cases by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

---

[4] It is the Court's intent that these findings of fact and conclusions of law be construed liberally in favor of confirming the Plan. To the extent that a particular matter herein that is denominated as a finding of fact should or must be construed as a conclusion of law, or vice versa, in order for confirmation of the Plan to be proper, it shall be so construed. To the extent that the Court has made additional findings of fact and/or articulated additional conclusions of law on the record at the Confirmation Hearing, those findings and conclusions are incorporated in their entirety herein by this reference.

1. <u>Definitions</u>.  Any capitalized term used in this Confirmation Order, if not otherwise defined herein, shall have the meaning ascribed to it in the Plan, and if not defined therein, the meaning ascribed to it in the Bankruptcy Code.

2. <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of these Chapter 11 Cases maintained by the Clerk of the United States Bankruptcy Court for the Northern District of Indiana, all pleadings and other documents filed, all orders entered, and all evidence and arguments, made, proffered or admitted at hearings held before the Court during the pendency of the Chapter 11 Cases.

3. <u>Transmittal and Mailing of Materials; Notice</u>.  Due, adequate and sufficient notice of the Trustee's Plan and Disclosure Statement, and of the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all creditors and parties in interest, the United States Trustee, and all parties appearing in the Chapter 11 cases.  No objections to the Plan were filed on or before April 6, 2018, the deadline for objections established by the February 20, 2018 *Order Fixing Time for Accepting or Rejecting a Proposed Plan and Notice of Hearing on Confirmation.*

4. <u>Solicitation Packet</u>.  The solicitation packet approved by this Court on February 20, 2018 (the "<u>Solicitation Packet</u>") was transmitted and served in substantial compliance with the Order approving the Disclosure Statement and the Bankruptcy Rules and such transmittal and service was adequate and sufficient.

5. <u>Ballot Report</u>.  On  April 27, 2018, counsel for the Trustee filed his Ballot Report certifying the method and results of the ballot tabulation for each of the classes entitled to vote to accept or reject the Plan pursuant to the requirements of §§ 1124 and 1126 of the Bankruptcy Code. The Ballot Report reflects that the Plan was accepted by *all* voting members of all classes.

6.  <u>Substantive Consolidation</u>.  Substantive consolidation is appropriate under §§ 105(a) and 1123(a)(5)(C) of the Bankruptcy Code. For the reasons set forth in *the Trustee's Motion for Substantive Consolidation* filed on May 17, 2016, and the *Agreed Order Granting Trustee's Motion for Substantive Consolidation* entered on June 24, 2016 [Doc #338], substantive consolidation of the Bankruptcy Case is proper and warranted and is determined to be the most expeditious, efficient and economical manner in which to administer the Debtors' bankruptcy cases.

7.  <u>Burden of Proof</u>.  The Trustee, as proponent of the Plan, has met his burden of proving the elements of § 1129 of the Bankruptcy Code.

8.  <u>Compliance with 11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with all applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(l), including, without limitation, 11 U.S.C. §§ 1122 and 1123, as follows:

   a.  The Plan is dated and identifies the Trustee as proponent of such Plan.

   b.  Pursuant to §§ 1122(a) and 1123(a)(l) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, other than Administrative Expenses and Tax Claims.

   c.  As required by § 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

   d.  A reasonable basis exists for the classifications in the Plan. Pursuant to §§ 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, and except as may be otherwise provided herein, Articles 2 and 4 of the Plan specify all Claims and

    Interests that are impaired and not impaired and the treatment of all Claims and Interests that are impaired.

e. Pursuant to § 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class.

f. Pursuant to § 1123(a)(5) of the Bankruptcy Code, the Plan provides for adequate means for its implementation, through cash on hand and ongoing liquidation of the assets of Debtors' assets and resolution of the various causes of action held by the estate.

g. As a liquidation plan, the Plan does not propose to issue any securities, and accordingly does not propose to issue non-voting or separate classes of securities, and therefore satisfies § 1123(a)(6) of the Bankruptcy Code.

h. Furthermore, as a liquidating plan pertaining to Debtors who will no longer remain in business, the Plan does not provide for selection of officers, directors or trustees or successors to the same, and is in compliance with § 1123(a)(7) of the Bankruptcy Code.

i. The Plan contains only provisions that are consistent with the interests of creditors, and includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code.

j. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) the impairment of Claims and Equity Interests; (ii) the assumption or rejection of executory contracts; (iii) retention of Causes of Action; (iv) resolution of Disputed Claims; (v) injunctions, exculpation and releases as set forth in the Plan.

9. <u>Compliance with 11 U.S.C. §§ 1129(a)(2) and (a)(3)</u>. In accordance with § 1129(a)(2) and (a)(3) of the Bankruptcy Code, the Court finds that the Trustee as the proponent of the Plan, has proposed the Plan in good faith and not by any means forbidden by law, and that the Trustee has acted and presently is acting in good faith in connection with all aspects of the Plan and the Chapter 11 Cases.  The Plan has been accepted by the requisite Holders of Claims in all Classes voting on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Property of the Estate and to effectuate a distribution of such value to Creditors.  The Plan was negotiated in good faith and at arms' length with counsel for the Committee of Unsecured Creditors established by the *Notice Appointing a Committee of Unsecured Creditors* filed by the United States Trustee on April 21, 2016 (the "<u>Committee</u>"). Further, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e), as amended).  Therefore, the Plan has been proposed in good faith, as such term is used in §s 1129(a)(3).

10. <u>Compliance with 11 U.S.C. § 1129(a)(4)</u>. Bankruptcy Code §1129(a)(4) has been satisfied.  Any payment to be made by the Debtors' estate to any professional person for services or for costs and expenses in connection with the Plan or incident to this bankruptcy case has been approved by this Court.  The Trustee does not intend to make any further such payments without Court approval if Court approval is required.  Any such payment made before the Confirmation Hearing is reasonable.  Any such payment to be determined after the Confirmation Hearing is subject to the approval of this Court as reasonable, as provided in Article 3.1 of the Plan.

11. <u>Compliance with 11 U.S.C. § 1129(a)(5)</u>.  Because the Trustee is serving as representative of the estate as provided in § 1106 of the Bankruptcy Code, and because the Plan

is a liquidating plan and the Debtor companies will no longer remain in existence, there are no directors or officers, or proposed payments to insiders which must be disclosed within the meaning of Bankruptcy Code § 1129(a)(5).

12. <u>Compliance with 11 U.S.C. § 1129(a)(6)</u>. Section 1129(a)(6) is inapplicable to confirmation of the Plan. No governmental regulatory commission has jurisdiction over the rates of the Debtors, nor will the Debtor companies continue to engage in business.

13. <u>Compliance with 11 U.S.C. § 1129(a)(7)</u>. The Plan contains three (3) classes of claims. With respect to each impaired class of claims or interests under the Plan, each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of this title on such date.

The Plan was accepted by all creditors who cast votes. Specifically, the Ballot Report filed by the Trustee reflects that the Plan was accepted by all members of Class 2, and that an acceptance vote was tardily submitted by the one member of Class 1 who voted.[5] No vote was cast by the one equity interest holder comprising Class 3.

The Court concludes that notwithstanding any description of Class 1 and Class 3 creditors and interest holders as being "impaired" in the Plan as initially filed, said classes are not "impaired" within the meaning of 11 U.S.C. § 1124 because the Plan leaves unaltered the legal, equitable and contractual rights relating to the claims and equity interest, as described in the Immaterial Modification, which is hereby authorized and approved, and the Plan is deemed amended in conformity therewith.

---

[5] The Trustee's Ballot Report reflects that the Treasurer of St. Joseph County served a ballot accepting the Plan on April 9, 2018, the Monday following the voting deadline of Friday, April 6, 2018.

14. <u>Compliance with 11 U.S.C. § 1129(a)(8)</u>.  For the reasons set forth in the preceding paragraph of this Order, with respect to each class of claims or interests, such class has accepted the plan; or such class is not impaired under the Plan. Therefore, the Trustee has satisfied Bankruptcy Code §1129(a)(8), and it is not necessary for the Trustee to satisfy the Bankruptcy Code § 1129(b) requirements as to any dissenting classes.

15. <u>Compliance with 11 U.S.C. § 1129(a)(9)</u>. The Plan provides for treatment of Administrative Expenses and Tax Claims in the manner required by § 1129(a)(9) of the Bankruptcy Code. Pursuant to Article 3.1 of the Plan, all applications for Administrative Expense Claims which have not been granted pursuant to a Final Order of the Bankruptcy Court must be filed no later than the Effective Date, with the exception of Administrative Expense Claims filed by the Trustee and the Trustee's counsel, who may, on or before the Effective Date, file a request for allowance and payment of interim compensation for services performed prior to the Effective Date, and may thereafter file a request for approval of all compensation and reimbursement of expenses after the Effective Date but prior to the entry of the Final Decree.

16. <u>Compliance with 11 U.S.C. § 1129(a)(10)</u>. As required by § 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims that is impaired under the Plan has accepted the Plan, excluding votes cast by insiders, if any. As noted, all voting parties have accepted the Plan.

17. <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. The Plan is a plan of liquidation and, therefore, meets the requirement of § 1129(a)(11) of the Bankruptcy Code that it is not likely to be followed by liquidation or the need for further financial reorganization unless a plan is one of liquidation. The Debtors will have sufficient funds to satisfy their obligations under the Plan and to fund the costs and expenses of the Plan in connection with the liquidation

of Property of the Estate and Distributions to be made by the Plan.

18. <u>Compliance with 11 U.S.C. § 1129(a)(12)</u>. In accordance with § 1129(a)(12) of the Bankruptcy Code, Articles 3.1, 7.7 and 14.5 of the Plan provide for the payment of all Administrative Expenses, including (in Article 14.5) fees payable under 28 U.S.C. § 1930 until the case is closed. The bankruptcy estate has adequate means to pay all such fees.

19. <u>Compliance with 11 U.S.C. § 1129(a)(13)</u>. The Debtors did not prior to or after their Chapter 11 filings provide any retiree benefits to any of their employees, and accordingly the Debtors are not obligated to provide any retiree benefits as such terms is defined in § 1114 of the Bankruptcy Code. Thus, Bankruptcy Code §1129(a)(13) is not applicable and therefore has been satisfied.

20. <u>Compliance with 11 U.S.C. §§ 1129(a)(14) and (15)</u>. Because the Debtors are limited liability companies (which have now been substantively consolidated), Bankruptcy Code §§ 1129(a)(14) and (15), which relate to domestic support obligations and required payments by individual debtors, are not applicable and therefore are satisfied.

21. <u>Compliance with 11 U.S.C. § 1129(a)(16)</u>. The Debtors are moneyed, businesses or commercial corporations, and accordingly, § 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

22. <u>Compliance with 11 U.S.C. § 1129(c)</u>. The Plan is the only plan filed in these Chapter 11 cases, and accordingly, § 1129(c) of the Bankruptcy Code is inapplicable to these Chapter 11 cases.

23. <u>Compliance with 11 U.S.C. § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of § 1129(d) of the Bankruptcy Code.

24. <u>Section 1125(e) -- Good Faith Solicitation</u>.  Based on the record before the Court in these Chapter 11 Cases, (i) the Trustee is deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation,  §§ 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation; and (ii) the Trustee and all of his representatives and professionals shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

25. <u>Plan Acceptance</u>.  As identified in the Ballot Report, ballots have been collected, tabulated and results calculated in accordance with § 1126 of the Bankruptcy Code.

26. <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

27. <u>Consummation</u>.  The Trustee and his professionals will be acting in good faith if they proceed to (i) consummate the Plan, and (ii) take the actions authorized and directed by this Confirmation Order.

28. <u>Immaterial Modification of the Plan</u>. As previously noted, the Court concludes that notwithstanding any description in the Plan as initially filed of Class 1 and Class 3 creditors and interest holders as being "impaired," said classes are not "impaired" within the meaning of 11 U.S.C. § 1124 because the Plan leaves unaltered the legal, equitable and contractual rights relating to the claims and equity interest, as described in the Immaterial Modification. The Court finds that such Immaterial Modification to the Plan does not adversely change the treatment of the claim of any creditor or Interest holder who has not accepted in writing the modification, and

shall be deemed accepted by all creditors who have previously accepted the Plan. Pursuant to §§ 1127(a) and (d) of the Bankruptcy Code and Bankruptcy Rule 3019(a), the Immaterial Modification is hereby authorized and approved.

29.    <u>General Injunction; Exculpations</u>.  The general injunction and exculpation provisions described in Article 11 of the Plan, and as set forth herein, are fair and reasonable and are (i) within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) are essential to implementation and consummation of the Plan pursuant to § 1125(a)(5); (iii) are consistent with §§105, 1123 and 1129 of the Bankruptcy Code as well as other applicable provisions of the Bankruptcy Code.

30.    <u>Preservation of Causes of Action</u>. It is in the best interests of creditors, parties in interest, and the Debtors' bankruptcy estates that all Causes of Action, including but not limited to causes of action created by the Bankruptcy Code and all Causes of Action identified in Article 6 of the Plan which are not expressly waived or released under the Plan be retained as Property of the Estate and remain subject to administration by the Trustee.

### ORDER CONFIRMING PLAN

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Cases, and the foregoing Findings of Fact and Conclusions of Law, **IT IS HEREBY ORDERED THAT:**

A.    <u>Confirmation of the Plan</u>. The Plan, as modified, and each of its provisions (and exhibits thereto), a copy of which is attached hereto as **<u>Exhibit A</u>,** shall be, and hereby is, **CONFIRMED** and approved in each and every respect pursuant to §1129 of the Bankruptcy Code.  The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  The failure to specifically describe or include any particular provision of

the Plan (or exhibit thereto) in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

  B. <u>Objections</u>.  All objections and responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing, shall be, and hereby are, overruled.

  C. <u>Provisions of Plan and Confirmation Order Non-severable and Mutually Dependent</u>.  Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect as every other provision of the Plan, whether or not mentioned in this Confirmation Order. The provisions of the Plan and this Confirmation Order, including the Findings of Fact and Conclusions of Law set forth herein, are non-severable and mutually dependent. In the event of any inconsistencies between the Plan and this Confirmation Order, this Confirmation Order shall govern.

  D. <u>Plan Classification Controlling</u>.  The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan and this Order.  The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (i) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (iii) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (iv) shall not be binding on the Trustee for purposes other than voting on the Plan as provided herein.

E.  Rejection of Executory Contracts and Unexpired Leases.  Except for any executory contracts or unexpired leases:  (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to § 365 of the Bankruptcy Code; or (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to § 365 of the Bankruptcy Code as of the Effective Date as provided in Article 9 of the Plan.  This Confirmation Order shall constitute an Order of the Bankruptcy Court approving such rejections, pursuant to § 365 of the Bankruptcy Code, as of the Effective Date.

F.  Exculpation.  Article 11 of the Plan is hereby approved. The exculpations contained in the Plan are fair and equitable, given for valuable consideration, are in the best interests of all creditors and parties in interest to the extent set forth therein, and shall be effective and binding upon all persons and entities.

G.  Binding Nature of Plan.  This Confirmation Order will bind all Holders of Claims, Administrative Expenses, or Interests and other parties in interest to the provisions of the Plan whether or not the Claim, Administrative Expense, or Interest of such Holder is Impaired under the Plan and whether or not the Holder of such Claim, Administrative Expense, or Interest has accepted the Plan. The rights, benefits and obligations of any Entity or Person shall be binding on, and shall inure to the benefit of the heirs, executors, administrators, successors and/or assigns of such Entity or Person. Because the Plan involves liquidation of all or substantially all assets of the Debtor businesses, which will no longer be operated, there is no "discharge" of debts by the Debtor companies, pursuant to § 341(d)(3) of the Bankruptcy Code.

H. <u>Exemptions from Taxation</u>. Pursuant to § 1146(c) of the Bankruptcy Code, the making or delivery of an instrument of transfer under a plan may not be taxed under any law imposing a stamp tax or similar tax. Pursuant thereto, and because the Trustee is liquidating all Property of the Estate hereunder, entry of this Confirmation Order shall be a determination that no stamp tax or similar tax may be imposed on any sale of property by the Trustee.

I. <u>Retention of Jurisdiction</u>. Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Bankruptcy Court shall have jurisdiction over matters arising out of, and related to the Chapter 11 Cases and the Plan as set forth in Article 13 of the Plan.

J. <u>Payment of Statutory Fees</u>. All fees payable pursuant to 28 U.S.C § 1930 as determined by the Bankruptcy Court at the hearing pursuant to § 1128 of the Bankruptcy Code, shall be paid on or before the Effective Date. From and after the Effective Date, the Trustee shall pay fees under 28 U.S.C § 1930 until a final decree is entered. The Trustee shall file with the Bankruptcy Court quarterly status reports in a form reasonably acceptable to the U.S. Trustee.

K. <u>Notice of Entry of Confirmation Order</u>. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Trustee, may, but is not required, to serve a notice of the entry of this Confirmation Order on the United States Trustee and all holders of Claims or Interests to whom the notice of the Confirmation Hearing was sent. The Trustee shall be, and hereby are, directed to serve copies of this Confirmation Order on each party that has filed a notice of appearance in these Chapter 11 Cases and on each party who filed an objection or response to, or statement or comment regarding the Plan, no later than thirty (30) days after the Confirmation Date. No further notice of the entry of this Confirmation Order shall be required.

L. <u>Dissolution of Committee</u>. As of the Effective Date, the Committee shall be dissolved, provided however, that notwithstanding such dissolution, the Committee's

professionals may seek payment of any unpaid Administrative Expenses pursuant to the Plan.

      M.      <u>Termination of Interests</u>. Upon the Effective Date, all Interests and other rights of equity security holders in the Debtors shall terminate.

      N.      <u>Inconsistencies Between Plan and Confirmation Order</u>.  To the extent of direct inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order, as may be determined by this Court, shall govern.

      O.      <u>Administrative Bar Date</u>.  Except as set forth below regarding administrative claims of the Trustee and counsel for the Trustee, pursuant to Article 3.1 of the Plan, requests for payment of Administrative Expenses, other than for those for which a Bar Date was previously set or for which a request and/or proof of claim has previously been filed, must be Filed and served on the Trustee and the United States Trustee prior to the Effective Date.

      P.      <u>Professional Fees of the Trustee and Counsel for the Trustee</u>.  Pursuant to Article 3.1 of the Plan, the Trustee and the Trustee's counsel, who may, on or before the Effective Date, file a request for allowance and payment of interim compensation for services performed prior to the Effective Date, and may thereafter file a request for approval of all compensation and reimbursement of expenses after the Effective Date but prior to the entry of the Final Decree.

      Q.      <u>Injunction</u>.  Except as provided in the Plan or in the Confirmation Order, *and subject to the police and regulatory power exception set forth in Article 11.4 of the Plan,* as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from the commencement or continuation of any act or action (a) to collect, recover, or offset from the

Estate or Property of the Estate, any Claim or Equity Interest treated in the Plan; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; and (d) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; or (e) which interferes with or impedes the implementation and Consummation of the Plan. To avoid any doubt, nothing in the Plan shall affect, enjoin, modify, release or waive any claims, rights, and actions that a third party may have against a person other than the Estates, and provided further, that nothing contained in this Section shall limit, enjoin, impair or affect in any way the reservations of present and future legal police and regulatory rights reserved in Article 11.4 of the Plan and nothing in the Plan shall affect or diminish any defense to a Retained Right of Action or the right of any person to assert a right of setoff, right of subrogation or recoupment of any kind. Furthermore, this Confirmation Order shall serve as a permanent injunction against any party seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to § 11.2 of the Plan. The Court shall have jurisdiction to determine and award damages for any violation of the above-mentioned injunctions, including compensatory damages, attorney's fees and expenses, and exemplary damages for any willful violation of the injunction contemplated herein.

###