UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 5 STAR INVESTMENT GROUP, LLC, ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP V, LLC, ) | |
| 5 STAR COMMERCIAL, LLC, ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP III, LLC, ) | |
| 5 STAR INDIANA HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP II, LLC, ) | |
| 5 STAR INVESTMENT GROUP IV, LLC ) | |
| and 5 STAR CAPITAL FUND, LLC, ) | |
| ) | |
| Debtors. ) | |

**TRUSTEE'S MOTION TO APPROVE AGREED JUDGMENT WITH PAYMENT INCENTIVES TO SETTLE CLAIMS ASSERTED AGAINST EARL MILLER**

Pursuant to Bankruptcy Rule 9019, Douglas R. Adelsperger, Trustee (the "Trustee"), acting in his capacity as the Chapter 11 Trustee for the above-captioned debtors, by counsel, submits this motion to approve the "Agreed Judgment with Payment Incentives" (the "Agreed Judgment") to settle claims asserted in Adversary Proceeding No. 17-03036-hcd against Earl Miller ("Miller"). In support of this motion, the Trustee states as follows:

**I.     PROCEDURAL BACKGROUND**

1. On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions

for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2. The Debtors are all Indiana limited liability companies owned as of the Petition Date by one individual – Earl Miller – and by reason of common ownership are affiliates as defined by 11 U.S.C. §101(2).[1]

3. Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4. Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11 Trustee".

5. Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases. On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration", consolidating the Debtors' bankruptcy cases for purposes of administration only. On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

---

[1] *See* Debtors' February 4, 2016, "Motion for Joint Administration and Request for Expedited Relief", p. 2, ¶ 6.

6. This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408. This Court also has constitutional jurisdiction over the relief sought in this motion.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (O).

8. Pursuant to Bankruptcy Rule 9019(a), "on motions by the trustee and after notice and a hearing, the Court may approve a compromise or settlement".

## II. FACTUAL BACKGROUND

9. On November 17, 2017, the Trustee filed his adversary complaint (the "Complaint") against Miller in Adversary Proceeding No. 17-03036-hcd.

10. In his Complaint, the Trustee sought judgment against Miller A) for the avoidance and recovery of transfers that Miller made on behalf of two of the Debtors, 5 Star Investment Group, LLC and 5 Star Commercial, LLC, B) for damages related to Miller's breach of fiduciary duties owed to the Debtors, and C) on a counterfeit and forgery claim assigned to the Trustee by Marlin Schwartz.

11. The Trustee and Miller (collectively the "Parties") subsequently negotiated the terms of their Agreed Judgment.

12. The Parties thereafter entered into the Agreed Judgment to settle all claims asserted in the Complaint.

## III. SETTLEMENT TERMS

13. Pursuant to their settlement, the Parties stipulated to the entry of a judgment in favor of the Trustee and against Miller in the amount of $600,000, plus post-judgment

interest, as defined and calculated pursuant to 28 U.S.C. § 1961, from the date of judgment until it is paid in full (the "Judgment Balance").

14. The Parties agreed that the Judgment Balance shall be paid according to the following terms (the "Agreement"):

    A. If Miller pays the Trustee $200,000 (the "Settlement Incentive") by June 30, 2021 (the "Expiration Date"), the Trustee shall release his judgment against Miller.

    B. Upon his execution of the Agreement, Miller shall i) make a $3,000 payment to the Trustee; ii) turn over any bank account information that he has for all non-bankrupt 5 Star related entities[2] (the "Bank Accounts"); and iii) turn over any funds deposited in the Bank Accounts. The Trustee will apply the $3,000 payment and the funds from the Bank Accounts to the Settlement Incentive balance.

    C. Beginning on August 1, 2018, and continuing until June 1, 2021, Miller shall make consecutive minimum monthly payments of $1000 (the "Monthly Payments") on the Settlement Incentive balance. Those payments will be due on the first day of each month, and the Trustee shall grant Miller a ten-day grace period within which to make his minimum Monthly Payments.

    D. On the Expiration Date, June 30, 2021, Miller shall make a final lump sum payment (the "Final Payment") to pay the remaining balance on the Settlement Incentive.

---

[2] This includes, but is not limited to, the following entities: Village Apartments, 5 Star Fund II, TC Commercial, 5 Star Investing, Green Resource Homes, Twin City and 5 Star Fund I.

E. All payments under the Agreement must be made by certified check, cashier's check or money order, made payable to "Douglas R. Adelsperger, Trustee for the Consolidated 5 Star Bankruptcies" and sent to the Trustee's attention at Adelsperger & Kleven, 111 West Wayne Street, Fort Wayne, Indiana 46802.

F. To encourage Miller to make all payments when due, no interest will accrue on the Settlement Incentive. Further, the Trustee shall forbear from taking any action to collect the Judgment Balance. If a payment default occurs, the Trustee, in his discretion, can immediately terminate his forbearance and commence the collection of the Judgment Balance.

G. As further encouragement for Miller's cooperation and assistance, he may earn credits to be applied to the Settlement Incentive if his efforts increase the Trustee's recoveries sought from Global Impact Companies and its principals, Julius Toth, Robert Foraker and or any of their entities. The incentives will be established by the Trustee and communicated to Miller's counsel via e-mail.

H. The Trustee acknowledges that the United States Securities and Exchange Commission (the "SEC") is seeking judgment against Miller in the United States District Court for the Northern District of Indiana, Hammond Division, under Case No. 3:15-CV-519-JVB-CAN. If the SEC obtains judgment against Miller and acts to collect its judgment, then the Trustee has agreed that i) Miller's inability to make his Monthly Payments as a result of that collection will not be a default on the Agreement, and ii) the Settlement Incentive will be credited in an amount equal to Miller's payments on the SEC's judgment.

    I.    If Miller is aware of any assets of the Debtors that the Trustee has not yet administered, Miller has agreed to fully disclose the existence of those assets to the Trustee. Miller has agreed to fully cooperate with and assist the Trustee in his efforts to recover assets for the Debtors' bankruptcy estates. Miller has also agreed to assign to the Trustee any personal claims or causes of actions he may have against any person or entity relating to the Debtors or other 5 Star related entities. The Trustee may provide additional credits to the Settlement Incentive balance based on amounts the Trustee collects as a direct result of Miller's cooperation.

    J.    If the Debtors' consolidated bankruptcy estate is not ready to close on the Expiration Date, the Trustee may extend the deadline for Miller's Final Payment in three-month increments, provided that Miller is current with his Monthly Payments and is complying with all other terms of the Agreement.

    K.    If Miller is unable to make his Monthly Payments and can show good cause, he may be able to avoid default by contacting the Trustee before the payment's due date to make alternative payment arrangements.

    L.    If Miller fails to comply with any term in the Agreement, then the Agreement will be in default and the Trustee will immediately have the right to collect the entire Judgment Balance with accrued interest. If Miller defaults, all payments that the Trustee receives from Miller will be credited to the Judgment Balance.

    M.    The Parties represented and warranted that:

        i.    each has the legal authority to enter into the Agreement;

        ii.       the Agreement is each party's legal, valid and binding obligation; and

        iii.      the Agreement is enforceable against each party in accordance with its terms.

N.      The Agreement shall be governed by and construed and enforced in accordance with Indiana law. Any dispute between the Parties shall be venued to a state or federal court in either St. Joseph or Allen County, Indiana.

O.      The Agreement cannot be orally modified or amended and represents the entire agreement between the Parties about the subject matter it covers. All previous negotiations between the Parties touching on the subject matter of the Agreed Judgment are merged in the Agreement. All modifications or amendments to the Agreed Judgment and/or the Agreement must be in writing and signed by all Parties.

P.      The Parties acknowledged that in connection with the Agreement, they have each consulted with, or had the opportunity to consult with, legal counsel of their choice. The Parties further acknowledged that each understood the consequences of his participation in the Agreement.

Q.      The Agreement shall inure to the sole benefit of the Parties and their successors or assigns. Nothing in it shall create or be construed to create any right or benefit for any other person or entity.

R.      Miller has entered into the Agreed Judgment voluntarily and denies any fault or wrongdoing. The entry of the Agreed Judgment and the payment of the

Settlement Incentive shall not be considered an admission by Miller of any claim or fact asserted by the Trustee. The Agreed Judgment cannot be used as proof of any wrongdoing, fault, responsibility or liability to be asserted by any other person or entity.

S. The Trustee makes no agreements, representations or warranties concerning any action to be taken by the SEC or any federal, state or local authority. If Miller faces any criminal liability, the Trustee has agreed to give a statement in any such proceeding that Miller cooperated with the Trustee in this matter, provided that Miller fulfills the terms of the Agreement.

15. Upon the Bankruptcy Court's approval of the Agreed Judgment, the Adversary Proceeding will be completed, and the Trustee's and Miller's rights and obligations will be as ordered in the Agreed Judgment.

### IV. TRUSTEE'S BUSINESS JUDGMENT

16. Trustee Adelsperger has concluded that the Agreed Judgment is in the best interests of the consolidated bankruptcy estates.

17. Trustee Adelsperger has applied his best business judgment and determined that the Agreed Judgment with the payment incentives given to Miller gives the consolidated bankruptcy estates the best chance of collecting what is owed by Miller.

18. Trustee Adelsperger asserts that the acceptance of the settlement will avoid litigation and collection expenses.

19. Trustee Adelsperger believes that the settlement is fair and equitable and that he has satisfied his obligation to exercise prudent business judgment in evaluating the settlement reached with Miller.

20.     Trustee Adelsperger requests that the Court approve and enter the Agreed Judgment as an order of this Court.

**WHEREFORE,** Douglas R. Adelsperger, Chapter 11 Trustee, by counsel, requests that the Court A) enter an order granting this motion and approving his "Agreement Judgment with Payment Incentives" as outlined in this motion and in the attached proposed Agreed Judgment, and B) grant all other relief that is just and proper in the premises.

Respectfully submitted,

**KOS & ASSOCIATES**

/s/ Edmund P. Kos
Edmund P. Kos (11234-49)

/s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
  Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

**CERTIFICATE OF SERVICE**

       I certify that on July 18, 2018, a true and complete copy of the "Trustee's Motion to Approve Agreed Judgment with Payment Incentives to Settle Claims Asserted Against Earl Miller" was submitted through the CM/ECF document filing system, and copies were served on the following parties either electronically using the e-filing system or by first class United States mail, postage prepaid, as follows:

       By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Nancy J. Gargula, USTPRegion10.SO.ECF@usdoj.gov
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com

By regular mail to:

Grant Swartzentruber, Chairman
412 East Flora Street, Apartment 1
Washington, Indiana 47501-2742

                                  /s/ Edmund P Kos
                                  Edmund P. Kos