UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 5 STAR INVESTMENT GROUP, LLC, ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP V, LLC, ) | |
| 5 STAR COMMERCIAL, LLC, ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP III, LLC, ) | |
| 5 STAR INDIANA HOLDINGS, LLC, ) | |
| 5 STAR INVESTMENT GROUP II, LLC, ) | |
| 5 STAR INVESTMENT GROUP IV, LLC ) | |
| and 5 STAR CAPITAL FUND, LLC, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| DOUGLAS R. ADELSPERGER, TRUSTEE FOR ) | ADV. PROC. NO. 17-03036-hcd |
| THE SUBSTANTIVELY CONSOLIDATED ) | |
| BANKRUPTCY ESTATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EARL D. MILLER, ) | |
| ) | |
| Defendant. ) | |

## AGREED JUDGMENT WITH PAYMENT INCENTIVES

Plaintiff Douglas R. Adelsperger (the "Trustee"), Chapter 11 trustee for the above-captioned substantively consolidated bankruptcy estates (the "Debtors"), by counsel, and defendant Earl D. Miller ("Miller"), by counsel, file this "Agreed Judgment with Payment Incentives" (the "Agreed Judgment"), and state:

1.    On November 17, 2017, the Trustee filed his adversary complaint ("Complaint") in this matter against Miller.

2.  In his Complaint, the Trustee sought judgment against Miller A) for the avoidance and recovery of transfers that Miller made on behalf of two of the Debtors, 5 Star Investment Group, LLC and 5 Star Commercial, LLC, B) for damages related to Miller's breach of fiduciary duties owed to the Debtors, and C) on a counterfeit and forgery claim assigned to the Trustee by Marlin Schwartz.

3.  The Trustee and Miller (collectively, the "Parties") subsequently negotiated the terms of this Agreed Judgment.

4.  The Parties stipulate to the entry of a judgment in favor of the Trustee and against Miller in the amount of $600,000, plus post-judgment interest, as defined and calculated pursuant to 28 U.S.C. § 1961, from the date of judgment until it is paid in full (the "Judgment Balance").

5.  The Parties agree that Miller shall pay the Judgment Balance according to the following terms (the "Agreement"):

    A.  If Miller pays the Trustee $200,000 (the "Settlement Incentive") by June 30, 2021 (the "Expiration Date"), the Trustee shall release his judgment against Miller.

    B.  Upon his execution of this Agreement, Miller shall i) make a $3,000 payment to the Trustee; ii) turn over any bank account information that he has for all non-bankrupt 5 Star related entities[1] (the "Bank Accounts"); and iii) turn over any funds deposited in the Bank Accounts. The Trustee will apply the $3,000 payment and the funds from the Bank Accounts to the Settlement Incentive balance.

---

[1] This includes, but is not limited to, the following entities: Village Apartments, 5 Star Fund II, TC Commercial, 5 Star Investing, Green Resource Homes, Twin City and 5 Star Fund I.

C. Beginning on August 1, 2018, and continuing until June 1, 2021, Miller shall make consecutive minimum monthly payments of $1000 (the "Monthly Payments") on the Settlement Incentive balance. Those payments will be due on the first day of each month, and the Trustee shall grant Miller a ten-day grace period within which to make his minimum Monthly Payments.

D. On the Expiration Date, June 30, 2021, Miller shall make a final lump sum payment (the "Final Payment") to pay the remaining balance on the Settlement Incentive.

E. All payments under this Agreement must be made by certified check, cashier's check or money order, made payable to "Douglas R. Adelsperger, Trustee for the Consolidated 5 Star Bankruptcies" and sent to the Trustee's attention at Adelsperger & Kleven, 111 West Wayne Street, Fort Wayne, Indiana 46802.

F. To encourage Miller to make all payments when due, no interest will accrue on the Settlement Incentive. Further, the Trustee shall forbear from taking any action to collect the Judgment Balance. If a payment default occurs, the Trustee, in his discretion, can immediately terminate his forbearance and commence the collection of the Judgment Balance.

G. As further encouragement for Miller's cooperation and assistance, he may earn credits to be applied to the Settlement Incentive if his efforts increase the Trustee's recoveries sought from Global Impact Companies and its principals, Julius Toth, Robert Foraker and or any of their entities. The incentives will be established by the Trustee and communicated to Miller's counsel via e-mail.

H. The Trustee acknowledges that the United States Securities and Exchange Commission (the "SEC") is seeking judgment against Miller in the United States District

Court for the Northern District of Indiana, Hammond Division, under Case No. 3:15-CV-519-JVB-CAN. If the SEC obtains judgment against Miller and acts to collect its judgment, then the Trustee agrees that i) Miller's inability to make his Monthly Payments as a result of that collection will not be a default on this Agreement, and ii) the Settlement Incentive will be credited in an amount equal to Miller's payments on the SEC's judgment.

I. If Miller is aware of any assets of the Debtors that the Trustee has not yet administered, Miller agrees to fully disclose the existence of those assets to the Trustee. Miller agrees to fully cooperate with and assist the Trustee in his efforts to recover assets for the Debtors' bankruptcy estates. Miller also agrees to assign to the Trustee any personal claims or causes of actions he may have against any person or entity relating to the Debtors or other 5 Star related entities. The Trustee may provide additional credits to the Settlement Incentive balance based on amounts the Trustee collects as a direct result of Miller's cooperation.

J. If the Debtors' consolidated bankruptcy estate is not ready to close on the Expiration Date, the Trustee may extend the deadline for Miller's Final Payment in three-month increments, provided that Miller is current with his Monthly Payments and is complying with all other terms of this Agreement.

K. If Miller is unable to make his Monthly Payments and can show good cause, he may be able to avoid default by contacting the Trustee before the payment's due date to make alternative payment arrangements.

L. If Miller fails to comply with any term in this Agreement, then the Agreement will be in default and the Trustee will immediately have the right to collect

the entire Judgment Balance with accrued interest. If Miller defaults, all payments that the Trustee receives from Miller will be credited to the Judgment Balance.

M. The Parties represent and warrant that:

  i. each has the legal authority to enter into this Agreement;

  ii. this Agreement is each party's legal, valid and binding obligation; and

  iii. this Agreement is enforceable against each party in accordance with its terms.

N. This Agreement shall be governed by and construed and enforced in accordance with Indiana law. Any dispute between the Parties shall be venued to a state or federal court in either St. Joseph or Allen County, Indiana.

O. This Agreement cannot be orally modified or amended and represents the entire agreement between the Parties about the subject matter it covers. All previous negotiations between the Parties touching on the subject matter of the Agreed Judgment are merged in this Agreement. All modifications or amendments to the Agreed Judgment and/or this Agreement must be in writing and signed by all Parties.

P. The Parties acknowledge that in connection with this Agreement, they have each consulted with, or had the opportunity to consult with, legal counsel of their choice. The Parties further acknowledge that each understands the consequences of his participation in the Agreement.

Q. This Agreement shall inure to the sole benefit of the Parties and their successors or assigns. Nothing in it shall create or be construed to create any right or benefit for any other person or entity.

R.  Miller has entered into this Agreed Judgment voluntarily and denies any fault or wrongdoing.  The entry of this Agreed Judgment and the payment of the Settlement Incentive shall not be considered an admission by Miller of any claim or fact asserted by the Trustee.  This Agreed Judgment cannot be used as proof of any wrongdoing, fault, responsibility or liability to be asserted by any other person or entity.

S.  The Trustee makes no agreements, representations or warranties concerning any action to be taken by the SEC or any federal, state or local authority.  If Miller faces any criminal liability, the Trustee agrees to give a statement in any such proceeding that Miller cooperated with the Trustee in this matter, provided that Miller fulfills the terms of this Agreement.

**WHEREFORE,** plaintiff Douglas R. Adelsperger, Chapter 11 Trustee, and defendant Earl D. Miller believe that this Agreed Judgment is in their best interests and therefore request that the Court A) approve, sign and adopt this Agreement Judgment as its order; and B) grant all other relief that is just and proper in the premises.

**5 STAR INVESTMENT GROUP, LLC AND ALL CONSOLIDATED 5 STAR ENTITIES**

By: _____
Douglas R. Adelsperger,
Chapter 11 Trustee

Date: 7-17-18

**EARL D. MILLER**

By: _____
Earl D. Miller

Date: 7-2-2018

Respectfully submitted,

**KOS & ASSOCIATES**

/s/ Edmund P. Kos
Edmund P. Kos (11234-49)

**LANDMARK LEGAL SERVICE**

/s/ **Andrew J. Thompson**
Andrew J. Thompson (15577-53)

/s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
  Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

Attorney for Earl D. Miller

814 East 15th Street
Indianapolis, Indiana 46202
Telephone: (317) 604-1276
E-mail: andrew@fla21.com

The Court has thoroughly reviewed this "Agreed Judgment with Payment Incentives" and now **APPROVES** and **ADOPTS** the same as this Court's order of judgment.

**IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED** by the Court that judgment is entered against defendant Earl D. Miller as set forth above. All terms agreed to by the parties are incorporated in this order.

**SO ORDERED.**

Date: _____

_____
Harry C. Dees, Jr.
Judge, United States Bankruptcy Court