**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | CASE NO. 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |

## TRUSTEE'S MOTION TO APPROVE AMENDMENT TO JULY 24, 2017, SETTLEMENT AGREEMENT WITH MATTHEW GINGERICH

Douglas R. Adelsperger, in his capacity as Chapter 11 Trustee for the above captioned Debtors ("Trustee"), by counsel, respectfully requests, pursuant to 11 U.S.C. §§ 105(a), 363 and 502 and Fed. R. Bankr. P. 2002, L.B.R. B-2002-2, Fed. R. Bankr. P. 9019, and L.B.R. B-9019-1, that this Court enter an order authorizing the Trustee to enter into an "Amendment to Settlement Agreement with Matthew D. Gingerich Dated July 24, 2017" (the "Amendment"), and states:

### JURISDICTION

1.      This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. § 1408.  This Court also has constitutional jurisdiction over the relief sought in this motion.

## PROCEDURAL BACKGROUND

2.      On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

3.      The Debtors are all Indiana limited liability companies owned as of the Petition Date by one individual, Earl Miller, and by reason of common ownership are affiliates as defined by 11 U.S.C. § 101 (2).

4.      Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

5.      Following the February 16, 2016, hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11, Trustee."

6.      Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases.

7.      On March 23, 2016, the Court entered its  "Order Granting Motion for Joint Administration," consolidating the Debtors' bankruptcy cases for purposes of administration only.

8.    On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

9.    Thereafter, the Trustee investigated bankruptcy and non-bankruptcy claims that could be asserted against Matthew D. Gingerich ("Gingerich").  The Trustee and Gingerich (collectively, the "Parties") entered into informal settlement negotiations and determined that Court-ordered pre-litigation mediation could be useful in reaching a resolution.

10.    On March 30, 2017, the Trustee filed the "Trustee's Motion for an Order Authorizing Pre-Litigation Mediation Concerning Claims Asserted by the Trustee Against Matthew D. Gingerich".  On April 10, 2017, this Court approved the Trustee's motion for pre-litigation mediation and appointed the Honorable Robert E. Grant as mediator.

11.    Thereafter, mediation was conducted, and on May 10, 2017, the Trustee and Gingerich entered into a "Settlement Memo" wherein they agreed to settle their disputes.

## THE SETTLEMENT AGREEMENT WITH GINGERICH

12.    On July 24, 2017, the Trustee and Gingerich entered into a "Settlement Agreement and Release" (the "Settlement Agreement").

13.    On July 27, 2017, the Trustee filed a motion to approve the Settlement Agreement (the "Settlement Motion").  A true and accurate copy of the Settlement Motion, which includes a copy of the Settlement Agreement, is attached to the Amendment.

14.    On July 27, 2017, the Trustee provided all creditors and persons of interest with a notice of the Settlement Motion and an opportunity to object.

15.    On November 16, 2017, the Bankruptcy Court entered its order (the "Settlement Order") granting the Settlement Motion. In its Settlement Order, the Court

authorized the Trustee to enter into the Settlement Agreement, which included two immaterial modifications that were stipulated to after the Settlement Motion was filed. A true and accurate copy of the Settlement Order is attached to the Amendment.

16.    Pursuant to the court-approved Settlement Agreement, Gingerich paid the Trustee the sum of $150,000. Gingerich also turned over and assigned to the Trustee his rights to collect notes that he held for money he loaned to Green Resource Homes, Inc. and 7 Heavens LLC. Subsequently, the Trustee has obtained judgments against those entities for the amounts owed to Gingerich. Collection of those judgments continues.

17.    Additionally, pursuant to the Settlement Agreement, Gingerich agreed to pay the Trustee $125,000, which was 50% of the amount he loaned to Grand Products, LLC, a company for which Gingerich is a managing member and 30% owner.

18.    Pursuant to the Settlement Agreement, Gingerich was given an incentive that if he were to pay $75,000 to the Trustee on or before May 31, 2019, then the receipt of that lesser sum would be deemed the full satisfaction of the $125,000 obligation.

19.    On or about May 1, 2019, the Parties' counsel entered into negotiations concerning the extension of the incentive deadline. Through the course of negotiations, Gingerich disclosed financial information, and the Trustee and Gingerich informally agreed to the extension of the incentive deadline so that an amendment to the Settlement Agreement could be fully negotiated, documented and then submitted to this Bankruptcy Court for approval.

20.    On July 29, 2019, the parties concluded their negotiations, and on August 22, 2019, agreed to the terms of the Amendment, a copy of which is attached to this

Motion as Exhibit 1.  To avoid the expense and delay of collection actions and to provide certainty to the Trustee and to Gingerich, the Trustee, on behalf of the 5 Star Bankruptcy Estates, and Gingerich agree to the terms that follow:

## AMENDMENTS TO THE SETTLEMENT AGREEMENT

21.    Paragraph 5 of the Settlement Agreement is amended so that the Trustee will give Gingerich the following incentive to encourage immediate payment:  if Gingerich pays $42,500 to the Trustee, upon the Bankruptcy Court's approval of the Amendment, then the Trustee's receipt of $42,500 will be deemed full satisfaction of the $125,000 obligation created by the Settlement Agreement.

22.    The Parties agree that this incentive shall remain open until November 1, 2019.  If the Bankruptcy Court does not approve the Amendment by that date or the Parties have not agreed to a further extension of the incentive deadline, then the terms of the Amendment will be null and void.

23.    Upon the Court's approval of the Amendment, Gingerich shall pay $42,500 to the Trustee within 14 business days of the Court's order date.

24.    All other terms of the Settlement Agreement shall remain in force.

25.    The Trustee and Gingerich acknowledge that the Trustee has exercised his business judgment in accepting the terms of the Amendment to the Settlement Agreement.   The Trustee's exercise of business judgment is based on Gingerich's disclosure of his financial condition that demonstrates that he is unable to pay the full incentive amount and that the $42,500 to be paid to the Trustee will be funds that Gingerich is borrowing from family members.

26.    Upon Gingerich's $42,500 payment clearing, the Trustee shall release all remaining monetary claims that he has against Gingerich.   The Amendment shall not

affect Gingerich's obligation to assist the Trustee in his investigation of the Debtors' operations, assets, liabilities and claims that could be asserted against any other person or entity. Gingerich remains obligated to be fully cooperative with the Trustee's efforts to recover assets for the Debtors' bankruptcy estates. Further, the Trustee's obligation to provide support for and a written statement detailing Gingerich's cooperation and assistance with the collection and recovery of assets for the benefit of the Debtors' estates is unaffected by the Amendment.

27.    Both the Trustee and Gingerich agree to use their best efforts to obtain the Bankruptcy Court's approval of the Amendment as expeditiously as possible and agree not to take any action or cause any third person to take any action to cause the Bankruptcy Court not to approve the Amendment.

28.    In the event the Bankruptcy Court denies this motion, then the Amendment shall be null and void. The Parties shall be returned to the position that they were in immediately prior to the execution of the Amendment.

### RELIEF REQUESTED

29.    The Trustee requests that the Court enter an order, in the form attached to this motion as Exhibit 2, authorizing the Trustee to enter into the Amendment to the Settlement Agreement with Gingerich.

30.    The Trustee, after exercising due diligence, asserts that accepting the Amendment to the Settlement Agreement is prudent and a proper exercise of his business judgment, the he has negotiated the Amendment at arm's length, and that he believes that the Amendment is fair and in the best interests of creditors for the reasons set forth in this motion.

**WHEREFORE,** the Trustee requests that pursuant to 11 U.S.C. §§ 105(a) and 502 and Federal Rules of Bankruptcy Procedures 2002 and 9019, this Court enter an order, substantially in the form provided as Exhibit 2, A) amending the July 24, 2017, Settlement Agreement with Matthew D. Gingerich; B) authorizing the Trustee to take actions and execute and deliver all documents necessary to consummate the Amendment; and C) allowing such other relief as is just and to which the Trustee may be entitled under the circumstances.

Dated: August 29, 2019                    Respectfully submitted,

DOUGLAS R. ADELSPERGER,
Chapter 11 Trustee for the 5 Star entities

/s/ Douglas R. Adelsperger
Douglas R. Adelsperger (14174-21)

111 West Wayne Street
Fort Wayne, Indiana 46802
Telephone:  (260) 407-7077
Facsimile: (260) 407-7137
E-mail:  dra@adelspergerkleven.com

KOS & ASSOCIATES

/s/ Edmund P. Kos
Edmund P. Kos (11234-49)

/s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
  Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 29, 2019, true and complete copies of the "Trustee's Motion to Approve Amendment to July 24, 2017, Settlement Agreement with Matthew Gingerich" were served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail, as follows:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net
James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Nancy J. Gargula, USTPRegion10.SO.ECF@usdoj.gov
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com

By regular mail to:

Grant Swartzentruber, Chairman
412 East Flora Street, Apartment 1
Washington, Indiana 47501-2742

/s/ Edmund P Kos
Edmund P. Kos