# EXHIBIT 1

## AMENDMENT TO SETTLEMENT AGREEMENT
## WITH MATTHEW GINGERICH DATED JULY 24, 2017

**THIS AMENDMENT TO THE SETTLEMENT AGREEMENT WITH MATTHEW GINGERICH DATED JULY 24, 2017** (the "Amendment") is made and entered into as the date it is fully executed by Douglas R. Adelsperger (the "Trustee"), Chapter 11 Trustee for this substantively consolidated bankruptcy estates (collectively the "Bankruptcy Cases") of Five Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively the "Debtors" or "5 Star"), pending in the United State Bankruptcy Court for the Northern District of Indiana, South Bend Division ("Bankruptcy Court") and Matthew D. Gingerich ("Gingerich").

### FACTS

On July 27, 2017, Douglas R. Adelsperger, as Trustee, filed a motion to approve a settlement agreement that he had negotiated with Gingerich. Attached to the motion was a copy of the July 24, 2017 Settlement Agreement ("Settlement Agreement"). On July 27, 2017, a Notice of the Motion with the Opportunity to Object was sent to all creditors and persons of interest. A copy of the referenced motion with attached Settlement Agreement are attached here to this Amendment as Exhibit 1.

On November 16, 2017, the Bankruptcy Court entered its Order Granting Trustee's Motion to Approve Settlement Agreement and for Other Relief. A true and accurate copy of the Order is attached to this Amendment as Exhibit 2.

1

Pursuant to the court-approved Settlement Agreement, Gingerich paid the Trustee the sum of $150,000. Gingerich also turned over and assigned to the Trustee his rights to collect notes that he held for money he loaned to Green Resource Homes, Inc. and 7 Heavens LLC. Subsequently, the Trustee has obtained judgments against those entities for the amounts owed to Gingerich. Collection of those judgments continues.

Additionally, pursuant to the Settlement Agreement, Gingerich agreed to pay the Trustee $125,000 which was 50% of the amount he loaned to Grand Products, LLC, a company for which Gingerich is a managing member and 30% owner. Pursuant to the Agreement Gingerich was given an incentive that if he were to pay $75,000 to the Trustee on or before May 31, 2019, then the receipt of that lesser sum would be deemed the full satisfaction of the $125,000 obligation.

On or about May 1, 2019, Gingerich's counsel and Trustee's counsel entered into negotiations concerning the extension of the incentive deadline. Through the course of negotiations, financial information was disclosed and the Trustee and Gingerich informally agreed to the extension of the incentive deadline so that an amendment to the Settlement Agreement could be fully negotiated, documented and then submitted to this Bankruptcy Court for approval.

On July 29, 2019, the parties concluded their negotiations and agreed to the terms of this Amendment. To avoid the expense and delay of collection actions and to provide certainty to the Trustee and to Gingerich, the Trustee, on behalf of the 5 Star Bankruptcy Estate, and Gingerich agreed to the terms that follow:

**THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Trustee and Gingerich, conditioned upon the Bankruptcy Court's approval, agree as follows:

1.      Paragraph 5 of the Settlement Agreement is amended so that the Trustee has given Gingerich the following incentive to encourage immediate payment:  if Gingerich pays $42,500 to the Trustee, upon the Bankruptcy Court's approval of this Amendment, then the Trustee's receipt of $42,500 will be deemed full satisfaction of the $125,000 obligation created by the Settlement Agreement.

2.      The Parties agree that this incentive shall remain open until November 1, 2019.  If the Bankruptcy Court does not approve the Amendment by that date or the Parties have not agreed to a further extension of the incentive deadline, then the terms of this Amendment will be null and void.

3.      Upon the Court's approval of this Amendment, Gingerich shall pay $42,500 to the Trustee within 14 business days of the Court's order date.

4.      All other terms of the Settlement Agreement shall remain in force.

5.      The Trustee and Gingerich acknowledge that the Trustee has exercised his business judgment in accepting the terms of this Amendment to the Settlement Agreement. The Trustee's exercise of business judgment is based on Gingerich's disclosure of his financial condition that demonstrates that he is unable to pay the full incentive amount and that the $42,500 to be paid to the Trustee will be funds that Gingerich is borrowing from family members.

6.     Upon Gingerich's $42,500 payment clearing, the Trustee shall release all remaining monetary claims that he has against Gingerich. This Amendment shall not affect Gingerich's obligation to assist the Trustee in his investigation of the Debtors' operations, assets, liabilities and claims that could be asserted against any other person or entity. Gingerich remains obligated to be fully cooperative with the Trustee's efforts to recover assets for the Debtors' bankruptcy estates. Further, the Trustee's obligation provides support for and a written statement detailing Gingerich's cooperation and assistance with the collection and recovery of assets for the benefit of the Debtors' estates is unaffected by this Amendment.

7.     Both the Trustee and Gingerich agree to use their best efforts to obtain the Bankruptcy Court's approval of this Amendment as expeditiously as possible and agree not to take any action or cause any third person to take any action to cause the Bankruptcy Court not to approve this Amendment.

8.     In the event the Bankruptcy Court denies the Trustee's Motion to Approve this Agreement, then this Amendment shall be null and void. The Parties shall be returned to the position that they were in immediately prior to the execution of the Amendment.

**MISCELLANEOUS**

9.     This Amendment shall be governed by, construed and enforced in accordance with Indiana law. The Bankruptcy Court shall be the sole venue for resolving any disputes to this Amendment or the Settlement Agreement. This Amendment may be signed in one or more counterparts, and each signed counterpart will be considered an

4

original.  Facsimile and/or e-mail signatures shall be as effective as original signatures.  All of the signed counterparts together will be considered one document that becomes a binding agreement on each signatory when all counterparts have been signed and delivered.

10.    This Amendment shall inure to the sole benefit of the parties to this Amendment.  Nothing in it shall create or be construed to create any right or benefit for any person or entity other than the parties to this Amendment.

11.    The Settlement Agreement and this Amendment to it cannot be orally modified or amended and the Agreement with the Amendment represents the entire Agreement between the parties about the subject matter it covers.   All previous negotiations between the parties touching on the subject matter of this Amendment and/or the Settlement Agreement are merged into this Agreement.

12.    The invalidity or unenforceability of any particular provision of this Amendment shall not affect its other provisions, and this Amendment shall be construed in all respects as if any invalid or unenforceable provision were omitted.

13.    The Trustee and Gingerich warrant and represent that each has utilized the services of legal counsel in negotiating, reaching and entering into the terms of this Amendment.  The Trustee and Gingerich further acknowledge that before any signing of this Amendment, each has had the opportunity to have any questions they have regarding the terms or effect of this Agreement answered by the attorney of their choosing.  Each party confirms that they have been advised of the legal consequences of entering into this

Amendment. Each party further confirms that they are satisfied with the quality of legal representation provided by their counsel in this matter.

Date: _____8-22-2019_____          Date: _____Aug 22 2019_____

**5 STAR INVESTMENT GROUP, LLC**          **MATTHEW D. GINGERICH**
**AND ALL SUBSTANTIVELY**
**CONSOLIDATED DEBTORS**

By: _____, TTEE    By: _____
Douglas R. Adelsperger,                   Matthew D. Gingerich
Chapter 11 Trustee


AGREED AS TO FORM:

_____
Edmund P. Kos, Attorney for
Trustee Douglas R. Adelsperger

_____
George Horn, Attorney for    by MFH
Matthew Gingerich

6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | Case No.: 16-30078-hcd |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR HOLDINGS, LLC, | ) | CHAPTER 11s |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT
### AND FOR OTHER RELIEF

Douglas R. Adelsperger, not individually but in his capacity as Chapter 11 Trustee for the above captioned Debtors, ("Trustee") by counsel, respectfully requests, pursuant to 11 U.S.C. §§ 105(a), 363 and 502 and Fed. R. Bankr. P. 2002, L.B.R. B-2002-2, Fed. R. Bankr. P. 9019, and L.B.R. B-9019-1, that this Court enter an Order authorizing the Trustee to enter into a Settlement Agreement with Matthew D. Gingerich ("Gingerich") together with the Trustee (the "Parties") and states:

**I.    PROCEDURAL BACKGROUND**

1.    On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star

1

EXHIBIT 1 TO AMENDMENT

Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2.    The Debtors are all Indiana limited liability companies owned as of the Petition Date by one individual, Earl Miller, and by reason of common ownership are affiliates as defined by 11 U.S.C. § 101 (2).

3.    Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4.    Following the February 16, 2016 hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11, Trustee."

5.    Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases.  On March 23, 2016, the Court entered its  "Order Granting Motion for Joint Administration," consolidating the Debtors' bankruptcy cases for purposes of administration only.  On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

6.    This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408.  This Court also has constitutional jurisdiction over the relief sough in this motion.

2

EXHIBIT 1 TO AMENDMENT

7.     If the Trustee were to bring an adversary complaint against Gingerich, the matter would be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

8.     Pursuant to 28 U.S.C. § 651(b), "[e]ach United States district court shall authorize, by local rule adopted under section 2071(a), the use of alternative dispute resolution processes in all civil actions, including adversary proceedings in bankruptcy, in accordance with this chapter."   11 U.S.C. § 105(a) permits bankruptcy judges to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Local Bankruptcy Rule B-9019-2 further states that "[t]he court may, upon its own initiative, or upon the motion of a party, set an appropriate adversary proceeding or contested matter for a non-binding method of alternative dispute resolution."

9.     That on March 30, 2017, the Trustee filed a Motion for an Order Authorizing Pre-Litigation Mediation Concerning Claims Asserted by the Trustee against Matthew D. Gingerich. Said Motion, being approved by Order of this Court, entered on April 10, 2017, approving the Motion of the Trustee for Mediation and appointing the Honorable Robert E. Grant as Mediator.

10.    Thereafter, on May 10, 2017, the Mediation resulted in the entry of a Settlement Memorandum wherein the parties agreed to settle the disputes between the Trustee and Gingerich, a copy of said Settlement Memo is attached hereto as Exhibit A.

## II.    FACTUAL BACKGROUND

11.    Before July 29, 2014, Earl Miller ("Miller") and Gingerich were each 50% owners of the Debtors.  On July 29, 2014, Miller and Gingerich entered into a "Unit Purchase Agreement" (the "UPA") in which Miller agreed to purchase Gingerich's interest in 5 Star for $2,500,000.  The Trustee alleges that between July 2014 and June 2015, Miller paid his personal

EXHIBIT 1 TO AMENDMENT

debt owed to Gingerich under the UPA by transferring $1,369,289.64 from two of the Debtors, 5 Star Investment Group, LLC ("5 Star Investment Group") and 5 Star Commercial, LLC ("5 Star Commercial"). He further alleges that in two instances, Miller transferred a total of $723,473.97 of 5 Star Investment Group's and 5 Star Commercial's assets to himself before transferring those funds to Gingerich. He alleges also that Miller transferred the remaining $645,815.67 to Gingerich directly from 5 Star Commercial's accounts.

12.      The Trustee sent a demand letter to Gingerich directing him to return $1,369,289.64 to the 5 Star bankruptcy estates. The Trustee asserted that the transfers of funds from the Debtors to Gingerich were fraudulent transfers that could be avoided pursuant to 11 U.S.C. § 548 and/or pursuant to 11 U.S.C. § 550(a). The Trustee also asserted that he could raise other claims against Gingerich related to his prior ownership of the Debtors.

13.      Gingerich, by counsel, responded to the Trustee's demand and asserted that the transfers he received, referenced by the Trustee, were not voidable. He denied liability for all claims asserted by the Trustee.

14.      Thereafter, the Trustee and Gingerich engaged in informal settlement negotiations. Because those negotiations were not successful the Trustee's counsel prepared a draft adversary complaint and sent a copy to Gingerich and his counsel. Before the Trustee filed his adversary complaint, he and Gingerich agreed to engage in pre-litigation mediation. On March 30, 2017, the Trustee filed a motion for an order authorizing pre-suit mediation (docket 662). On April 10, 2017, the Bankruptcy Court granted the motion and appointed the Honorable Robert E. Grant, United States Bankruptcy Judge for the Northern District of Indiana, as the mediator (docket 679).

EXHIBIT 1 TO AMENDMENT

15.     On May 10, 2017, the parties conducted mediation and reached the settlement that is outlined in the "Settlement Memo" that is attached to this Agreement as Exhibit A and incorporated herein by reference.  To avoid the expenses and delays of litigation, the Trustee, on behalf of the Debtors, and Gingerich agree to the terms that follow.

## III.     PROPOSED SETTLEMENT OF TRUSTEES CLAIMS

16.     The Settlement Agreement is attached hereto as Exhibit B and incorporated herein by reference in its entirety.  Capitalized terms herein shall have the meaning set forth in the Settlement Agreement.  In summary, the principal terms of the Settlement Agreement include:

A.     *Settlement Amount.*  Gingerich shall pay the Trustee, upon the approval of this Motion, the sum of $150,000.00.  In addition, for each dollar received of the $250,000.00 loaned to Grand Products, he will pay $.50 to the Trustee.  No distributions will be made to the members of Grand Products on account of their member interest.  Gingerich will further assign any and all claims, if any that he has against certain insider, pre-Petition professionals of the Debtors, claims that he has against certain other third parties including promissory notes owed to Capstone Business Solutions.  Gingerich will further supply his personal income tax returns for the years 2010 through 2016, when filed, to the Trustee, and a verified financial statement reflecting his financial condition as of May 10, 2017.

B.     *Mutual Releases*.  The Trustee and Gingerich will agree to release each other and their respective present or former directors, officers, employees, agents, attorneys, affiliates, predecessors, successors, assigns from any and all claims, debts, liabilities, demands, obligations, promises, pay agreements, costs, expenses, including, but not limited to, attorneys fees, damages, injuries, actions and causes of actions of whatever kind or nature, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, based upon, arising out of, appertaining to, or in connection with any matter, event, or circumstances occurring or arising on or prior to the Settlement Effective Date.  This release will also include any and all personal guarantees of Gingerich of the 5 Star debts.

C.     *Approval Order*.  The Approval Order will enjoin all creditors and parties-in-interest of 5 Star, all contingent creditors of 5 Star, all persons who have filed claims against 5 Star, and all persons who have sued or been sued by 5 Star or the Trustee from commencing or

EXHIBIT 1 TO AMENDMENT

continuing any action or proceeding against Gingerich based in whole or in part on claims or causes of actions that are property of the 5 Star Chapter 11 estate that are based upon any of the following allegations:

    (1)    Gingerich received fraudulent transfers or voidable preferences from 5 Star entities;

    (2)    Gingerich is the alter ego of the 5 Star entities;

    (3)    Gingerich breached his fiduciary duties, if any, towards 5 Star;

    (4)    Gingerich is liable for any of the debts or obligations of 5 Star, under any legal theory including but not limited to piercing the corporate veil;

    (5)    Any of the allegations asserted by the Trustee against Gingerich;

    (6)    Gingerich guaranteed any of debts of the 5 Star entities; or

    (7)    Gingerich received any funds through a Ponzi or other type of fraudulent scheme through any of the 5 Star entities.

D.    *Conditions of Effectiveness*.  This Settlement Agreement is contingent upon the entry of the Final Approval Order attached to the Agreement and the Final Approval Order becoming final and no longer subject to any appeals or certiorari proceedings.  In the even the Court refuses to approve the Settlement Agreement, the Settlement Agreement will be terminated and all Parties will be placed in the positions that they were in prior to the execution of the Settlement Agreement.

## IV.    RELIEF REQUESTED

17.    The Trustee requests that the Court enter an Order in the form attached to the Settlement Agreement as Exhibit C authorizing the Trustee to compromise and settle the Adversary Proceeding on the terms set forth in the Settlement Agreement and to take all actions necessary to consummate the transactions set forth in those agreements.

18.    Bankruptcy Rule 9019(a) authorizes this Court, after a hearing on appropriate notice, to approve a compromise or a settlement so long as "the settlement is in the best interests of the estate." *In re Doctors' Hosp. Of Hyde Park, Inc*., 474 F.3d 421, 426 97th Cir. 2007); *In re*

EXHIBIT 1 TO AMENDMENT

*Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *In re Energy Co-op, Inc*., 886 F.2d 921, 926-27 (7th Cir. 1989). To determine whether a settlement is in the best interests of the estate, the Court should consider the risks of the litigation, the cost of the litigation and any delay associated with continuing the litigation. *Id.* Approval of a settlement is committed to the sound discretion of the Court. *Id.* Though a court should never simply "rubber stamp" a trustee's decision to settle a claim, a court should refuse to authorize a settlement only if it "falls below the lowest point in the range of reasonableness." *Energy Co-op*, 886 F.2d at 930; *Accord Doctors' Hospital*, 474 F.3d at 426 (*quoting Energy Co-op*).

19.      First, the proposed settlement satisfies the standards for approval of a settlement for a number of reasons. The proposed settlement is a fair compromise of any claim that the Trustee has against the estate and is maximizing the return to the estate. The assignment of all claims of Gingerich to the estate maximizes the value of any of said claims since the Trustee may maintain said claims for the benefit of the estate.

20.      Second, the proposed settlement avoids delay associated with continued litigation. Further, Gingerich will avoid filing a personal Chapter 7 bankruptcy that would diminish assets that would be available to pay 5 Star's creditors. If Gingerich were to file for bankruptcy relief, a Trustee appointed in his case would administer his assets to pay administrative claims and to distribute, pro rata, funds to Gingerich's other creditors. The Court's approval of this settlement will allow 5 Star's Trustee to maximize the recovery for 5 Star's creditors.

21.       Third, the proposed injunction found in the Settlement Approval Order is consistent with the language of the injunction that the 7th Circuit approved in *Energy Co-op,* 886 F.2d at 930 and by the United States Bankruptcy Court for Northern District of Indiana

EXHIBIT 1 TO AMENDMENT

Hammond Division at Lafayette in *Consolidated Industries Corporation, Debtor*, Case No.: 98-40533 (entry 2383 docketed March 11, 2009). The Trustee submits that entry of this injunction is the best interest of the estate because as a result, Gingerich has represented that he is willing to pay a higher settlement amount than would if he could not be so protected, and would instead file his own personal bankruptcy.

22.    The Trustee, after exercising due diligence asserts that accepting this settlement is prudent and a proper exercise of his business judgment, has negotiated the Settlement Agreement at arm's length and he believes that the Settlement Agreement is fair and in the best interests of the estate for the reasons set forth in this Motion.

WHEREFORE the Trustee requests that this Court enter an Order, pursuant to §§ 105(a) and 502, Federal Rules of Bankruptcy Procedures 2002 and 9019, substantially in the form annexed hereto (i) authorizing the Trustee to settle and compromise; (ii)  approving Settlement Agreement; (iii) authorizing the Trustee to take actions and execute and deliver all documents necessary to consummate the transactions described in the Settlement Agreement; and (iv) allowing such other relief as is just and to which the Trustee may be entitled under the circumstances.

Dated: July 27, 2017                          Respectfully submitted,

**DOUGLAS R. ADELSPERGER**,
not individually but as Chapter 11 Trustee
for the 5 Star entities

 /s/ Douglas R. Adelsperger
Douglas R. Adelsperger (14174-21)

111 West Wayne Street
Fort Wayne, Indiana 46802

EXHIBIT 1 TO AMENDMENT

Telephone: (260) 407-7077
Facsimile: (260) 407-7137
E-mail: dra@adelspergerkleven.com

**KOS & ASSOCIATES**

 /s/ Edmund P Kos
Edmund P. Kos (11234-49)

 /s/ David M. Mustard
David M. Mustard (30056-02)

Attorneys for Douglas R. Adelsperger,
  Chapter 11 Trustee

203 West Wayne Street, Suite 402
Fort Wayne, Indiana 46802
Telephone: (260) 424-2790
Facsimile: (260) 424-1872
E-mail: ekos@ekoslaw.com

## CERTIFICATE OF SERVICE

I certify that on July 27, 2017, true and complete copies of the "Trustee's Motion to Approve Settlement and for Other Relief" were served on the following parties by first class United States mail, postage prepaid, or by notice of electronic filing by authorized e-mail:

By ECF noticing to:

United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Douglas R. Adelsperger, dra@adelspergerkleven.com
Angela D. Dodd dodda@sec.gov
Bridget A. Franklin, bfranklin@brouse.com
Daniel Freeland, dlf9601@aol.com
Deborah J. Caruso dcaruso@rubin-levin.net
Ellen L. Triebold, Ellen.L.Triebold@usdoj.gov
Frederick L. Carpenter, fcarpenter@dfreeland.com
George E. Horn, george.horn@btlaw.com
Harley K. Means, hkm@kgrlaw.com
J. Samuel Tenenbaum, s-tenenbaum@law.northwestern.edu
James E. Rossow, jim@rubin-levin.net

9

EXHIBIT 1 TO AMENDMENT

James C. White, jwhite@ptwfirm.com
James G. Lauck, kmw@kgrlaw.com
Jeffrey L. Lund, jlund@yaub.com
John C. Hoard, marie@rubin-levin.net
Katherine C. O'Malley, komalley@cozen.com
Kimberly A. Mouratides, kim2@kmmglawfirm.com
Mark J. Adey, madey@btlaw.com
Mark P. Telloyan, MarkTelloyan@juno.com
Mark E. Wagner, mark_wagner@embarqmail.com
Meredith R. Theisen, mtheisen@rubin-levin.net
Nancy J. Gargula, USTPRegion10.SO.ECF@usdoj.gov
Rebecca Hoyt Fischer, rebecca@ladfislaw.com
R. William Jonas, rwj@hajlaw.com
Susan E. Trent, strent@rlwlawfirm.com
Susan Jaffe Roberts, susan.j.roberts@usdoj.gov
Theora Ohaneson, theora2009@yahoo.com
Thomas E. Panowicz, teplawecf@gmail.com
Thomas G. Wallrich, twallrich@cozen.com
Wesley N. Steury, wsteury@burtblee.com
Yvette Gaff Kleven, ygk@adelspergerkleven.com


By regular mail to:

Grant Swartzentruber, Chairman
201 East Main Street, Suite 206
Washington, Indiana 47501


         /s/ Edmund P Kos
         Edmund P. Kos

10

EXHIBIT 1 TO AMENDMENT

## Settlement Memo

Douglas Adelsperger, trustee of various 5-Star entities currently in bankruptcy in the Northern District of Indiana, and Matthew Gingerich agree, subject to the Bankruptcy Court's approval, as follows:

1. Gingerich will pay the trustee the sum of $150,000.00, upon court's approval of this agreement.

2. Gingerich shall also pay the trustee, 50% of any and all amounts paid on account of three promissory notes issued by Grand Products and Grand Products shall make no distribution to any member until these notes are paid in full.  Gingerich may reacquire this 50% interest by paying the trustee the sum of $75,000.00 on or before May 31, 2019.

3. Gingerich will assign to the trustee any and all of his claims against:

   a) Earl Miller;

   b) Marlin Schwantz;

   c) any and all pre-bankruptcy professionals of the 5-Star entities, including and not limited to attorneys, accountants, and Global Impact Cos.;

   d) Toth, Foraker (Ohio litigant) Eco Washer and related companies;

   e) Z Ministries and any related individuals; and

   f) Rudy Helmuth and H & H Realty

4. Gingerich will give the trustee copies of his state and federal income tax returns for the tax years 2010 - 2016, when filed.

5. Gingerich will assist the trustee in the investigation of 5-Stars' operations, assets, liabilities, etc., including litigation.

6. Gingerich will provide the trustee with a verified financial statement as of May 10, 2017.

7. The trustee will release Gingerich from any and all claims the trustee and the 5-Star bankruptcy

EXHIBIT 1 TO AMENDMENT                              **EXHIBIT A**

estates, may have against him, including the claims of 5-Star creditors that the trustee may bring on behalf of the bankruptcy estates, as well as obligations of the 5-Star debtors that Gingerich has guaranteed.

8. The trustee will provide support and a narrative detailing Gingerich's cooperation and assistance in collecting assets of and minimizing the damage to creditors of the 5-Star entities.

9. Gingerich waives any and all claims against the bankruptcy estates and will not bring any claims against them.

Dated: _____5-10-2017_____

_____, TTEE
Douglas Adelsperger, Trustee

_____
Matthew Gingerich

2

EXHIBIT 1 TO AMENDMENT                    **EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of the date it is fully executed by Douglas R. Adelsperger (the "Trustee"), Chapter 11 Trustee for the substantively consolidated bankruptcy estates (collectively the "Bankruptcy Cases") of 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively the "Debtors" or "5 Star"), pending in the United State Bankruptcy Court for the Northern District of Indiana, South Bend Division ("Bankruptcy Court") and Matthew D. Gingerich ("Gingerich").

### FACTS

Before July 29, 2014, Earl Miller ("Miller") and Gingerich were each 50% owners of the Debtors.  On July 29, 2014, Miller and Gingerich entered into a "Unit Purchase Agreement" (the "UPA") in which Miller agreed to purchase Gingerich's interest in 5 Star for $2,500,000.  The Trustee alleges that between July 2014 and June 2015, Miller paid his personal debt owed to Gingerich under the UPA by transferring $1,369,289.64 from two of the Debtors, 5 Star Investment Group, LLC ("5 Star Investment Group") and 5 Star Commercial, LLC ("5 Star Commercial").  He further alleges that in two instances, Miller transferred a total of $723,473.97 of 5 Star Investment Group's and 5 Star Commercial's assets to himself before transferring those funds to Gingerich.  He alleges also that Miller transferred the remaining $645,815.67 to Gingerich directly from 5 Star Commercial's accounts.  Gingerich disputes the Trustee's allegations.

1

EXHIBIT 1 TO AMENDMENT

**EXHIBIT B**

The Trustee sent a demand letter to Gingerich directing him to return $1,369,289.64 to the 5 Star bankruptcy estates. The Trustee asserted that the transfers of funds from the Debtors to Gingerich were fraudulent transfers that could be avoided pursuant to 11 U.S.C. § 548 and/or pursuant to 11 U.S.C. § 550(a). The Trustee also asserted that he could raise other claims against Gingerich related to his prior ownership of the Debtors.

Gingerich, by counsel, responded to the Trustee's demand and asserted that the transfers he received, referenced by the Trustee, were not voidable. He denied liability for all claims asserted by the Trustee.

Thereafter, the Trustee and Gingerich engaged in informal settlement negotiations. Because those negotiations were not successful the Trustee's counsel prepared a draft adversary complaint and sent a copy to Gingerich and his counsel. Before the Trustee filed his adversary complaint, he and Gingerich agreed to engage in pre-litigation mediation. On March 30, 2017, the Trustee filed a motion for an order authorizing pre-suit mediation (docket 662). On April 10, 2017, the Bankruptcy Court granted the motion and appointed the Honorable Robert E. Grant, United States Bankruptcy Judge for the Northern District of Indiana, as the mediator (docket 679).

On May 10, 2017, the parties conducted mediation and reached the settlement that is outlined in the "Settlement Memo" that is attached to this Agreement as Exhibit A and incorporated herein by reference. To avoid the expense and delay of litigation, the Trustee, on behalf of the Debtors, and Gingerich agree to the terms that follow.

**THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Trustee and Gingerich, conditioned upon the Bankruptcy Court's approval, agree as follows:

2

EXHIBIT 1 TO AMENDMENT                                **EXHIBIT B**

## THE TRUSTEE'S REPRESENTATIONS
## AND WARRANTIES TO GINGERICH

In consideration of Gingerich's promise to perform the terms of this Agreement, the Trustee represents and warrants to Gingerich that, as of the date of this Agreement:

1.      The Trustee has the full power, authority and legal right to enter into this Agreement on behalf of the Debtors and their bankruptcy estates, subject only to the Bankruptcy Court's approval of the Agreement's terms.

2.      Subject to the approval by the Bankruptcy Court, this Agreement constitutes the Debtors' valid and binding obligation and is enforceable against the Debtors in accordance with its terms.

## GINGERICH'S REPRESENTATIONS
## AND WARRANTIES TO THE TRUSTEE

In consideration of the Trustee's promises to perform the terms of this Agreement, Gingerich represents and warrants to the Trustee that, as of the date of this Agreement:

3.      Gingerich has the power, authority and legal right to enter into this Agreement.

4.      Subject to the approval of the Bankruptcy Court, this Agreement constitutes Gingerich's legal, valid and binding obligation and is enforceable against him in accordance with its terms.

## SETTLEMENT TERMS

1.      **Incorporation of Recitals and Definitions.**  The recitals and definitions set forth above and the Exhibits attached hereto are incorporated herein by this reference.

2.      **Final Approval Order.**  The Trustee shall file a motion pursuant to Fed. R. Bankr. P. 9019 seeking Bankruptcy Court approval of this Agreement within three (3) business days of execution of this Agreement by all Parties.  The Parties agree that they shall deliver their

3

EXHIBIT 1 TO AMENDMENT

**EXHIBIT B**

electronic execution pages to this Agreement on or before two p.m. (EST) on July 24, 2017. This Agreement is subject to the approval of the Bankruptcy Court and the entry of the "Final Approval Order." The "Final Approval Order" shall be in the form of Exhibit B hereto or such other form as the Parties acting through their attorneys may agree upon, and shall provide for, among other things, the approval of this Agreement. The Final Approval Order also shall contain an injunction enforcing the release provisions of this Agreement.

3.     **Settlement Effective Date**. The "Settlement Effective Date" shall occur on the date on which all of the following conditions have been met or, if applicable, have been waived in writing by the Parties:

(a)     The Bankruptcy Court shall have entered the Final Approval Order; and

(b)     The Final Approval Order shall have become a final order that is no longer subject to appeal or certiorari proceedings.

4.     Upon the Settlement Effective Date, Gingerich will immediately pay the Trustee the sum of one hundred fifty thousand dollars ($150,000).

5.     Additionally, Gingerich is a managing member of and owns 30% of the member units in Grand Products, LLC ("Grand Products"). Gingerich has informed the Trustee that he loaned $250,000 to Grand Products, as memorialized by two promissory notes ("Notes"). Gingerich has agreed to pay the Trustee $125,000, which is 50% of any and all amounts owed on the Grand Products' Notes (For each dollar paid on the Note, one half (½) shall be paid to the Trustee and one half (½) to Gingerich). Further, Gingerich has promised that Grand Products will make no distributions to any member on account of that member's interest until the Trustee is paid $125,000. The Trustee has also given Gingerich the following incentive to encourage quick payment: if Gingerich pays $75,000 to the Trustee on or before May 31, 2019, then the

4

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT B**

Trustee's receipt of $75,000 will be deemed full satisfaction of the entire $125,000 obligation. So long as the Trustee has not received the payments provided above, Gingerich shall forward on a quarterly basis commencing 90 days after the Settlement Effective Date a compiled income statement and balance sheet for Grand Products and within 30 days filing of Grand Products Federal Tax Return, a copy of the same.

6.     Additionally, Gingerich will assign or cause to be assigned to the Trustee any and all claims, if any, he has against:

A.     Earl Miller, Marlin Schwartz, and any and all pre-bankruptcy professionals who provided services to the Debtors, including and not limited to attorneys, accountants, and financial advisors, including Global Impact companies;

B.     Julius Toth ("Toth"), Robert A. Foraker ("Foraker"), Eco II Ecowash, LLC, Green Resource Homes Inc., 7 Heavens LLC, doing business as EcoWasher, and all other related companies owned or operated by Toth and Foraker, (including certain promissory notes payable to Capstone Business Solutions, LLC;

C.     Z Ministries and any other related individuals or entities; and

D.     Rudy Helmuth and H & H Real Estate Holdings, LLC.

7.     Additionally, Gingerich will give the Trustee copies of his state and federal income tax returns for the tax years 2010 through 2016, when filed.  He will also provide the Trustee with a verified financial statement as of May 10, 2017.  To satisfy this requirement, Gingerich may provide unfiled bankruptcy schedules provided that they are signed under the penalties for perjury. The Trustee agrees to maintain all tax returns and bankruptcy schedules on a confidential basis and will notify counsel for Gingerich if any individual or entity of any type seeks to review or obtain production of same.

5

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT B**

8.      Gingerich agrees to assist the Trustee in his investigation of the Debtors' operations, assets, liabilities and claims that can be asserted against any other persons or entities. Gingerich will fully cooperate with the Trustee's efforts to recover assets for the Debtors' bankruptcy estates.

9.      Based upon Gingerich's agreement to make the payments and perform the obligations set forth above, the Trustee will file a motion seeking approval of the Settlement Agreement with the Bankruptcy Court.

10.     Additionally, the Trustee will provide support for and a written statement detailing Gingerich's cooperation and assistance with the collection and recovery of assets for the benefit of the Debtors' estates.    The Trustee's narrative can be used as evidence of Gingerich's efforts to mitigate damages he may have caused to the Debtors' creditors.

### Mutual Releases.

11(a)   **Release by the Trustee.**  Except for the rights, duties and obligations created by this Agreement, effective as of the Payment Due Date, the Trustee and his respective successors and assigns, all persons or entities claiming through, under or on behalf of the Debtor's bankruptcy estate, and/or all parties in interest in Debtor's Bankruptcy Cases, hereby unconditionally, absolutely and irrevocably release and forever discharge Gingerich and his employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns (collectively "Gingerich") from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses, including, but not limited to, attorney's fees, damages and consequential damages, injuries, actions and causes of actions, of whatever kind or nature, whether legal or equitable, known or unknown inchoate or matured, suspected or unsuspected, contingent or fixed, based upon, arising out of, appertaining to, or in connection with any matter,

6

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT B**

event or circumstance occurring or arising on or prior to the Settlement Effective Date, including but not limited to: (i) payments under the UPA; (ii) the Bankruptcy Cases; (iii) any claims of any parties in interest in the Bankruptcy Cases, and (iv) guaranteed debt of the 5 Star entities.

(b)    **Release by Gingerich**.  Except for the rights, duties and obligations created by this Agreement, effective as of the Payment Due Date, Gingerich and his successors and assigns hereby unconditionally, absolutely and irrevocably release, waive and forever discharge the Trustee, both in his capacity as Trustee and individually, the Debtors, the Debtors' bankruptcy estate, and each of their respective present and former directors, officers, employees, agents, attorneys, affiliates, predecessors, successors and assigns (collectively "the Trustee Released Parties") from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including, but not limited to, attorneys fees), damages and consequential damages, injuries, actions and causes of actions, of whatever kind or nature, whether legal or equitable, known or unknown, inchoate or matured, suspected or unsuspected, contingent or fixed, based upon, arising out of, appertaining to, or in connection with any matter, event, or circumstance occurring or arising on or prior to the Settlement Effective Date.

12.    **Support for the Settlement**.  Both the Trustee and Gingerich agree to use their best efforts to cause the Bankruptcy Court to approve this Agreement, and the Motion to Approve Settlement attached hereto as Exhibit C, as expeditiously as possible and agree not to take any actions or cause any third person to take any actions to cause the Bankruptcy Court not to approve this Agreement, including but not by way of limitation funding any third person to take any such actions.

13.    **Failure to Obtain Court Approval**.  In the event that the Bankruptcy Court denies the Trustee's Motion to Approve this Agreement, then this Agreement shall be null and

7

EXHIBIT 1 TO AMENDMENT

**EXHIBIT B**

void, the Parties shall be returned to the position that they were in immediately prior to the execution of this Agreement. In the event that the Agreement is not approved, nothing contained in this Agreement or any motion seeking approval of the Agreement, or any other oral or written statements made by any of the Parties hereto in connection with making the Agreement or seeking its approval by the Bankruptcy Court shall be admissible by or against any of the parties hereto and all such statements shall be treated as protected communications pursuant to Fed. R. Evid. 408.

**MISCELLANEOUS**

14.    This Agreement shall be governed by, construed and enforced in accordance with Indiana law. The Bankruptcy Court shall be the sole venue for resolving any disputes to this Settlement Agreement.

15.    This Agreement may be signed in one or more counterparts, and each signed counterpart will be considered an original. Facsimile and/or e-mail signatures shall be as effective as original signatures. All of the signed counterparts together will be considered one document that becomes a binding agreement on each signatory when all counterparts have been signed and delivered.

16.    This Agreement shall inure to the sole benefit of the parties to this Agreement. Nothing in it shall create or be construed to create any right or benefit for any person or entity other than the parties to this Agreement, except as provided in paragraphs 11(a) and (b).

17.    This Agreement cannot be orally modified or amended and represents the entire Agreement between the parties about the subject matter it covers. All previous negotiations between the parties touching on the subject matter of this Agreement are merged into this

8

EXHIBIT 1 TO AMENDMENT                    **EXHIBIT B**

18.    The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions, and this Agreement shall be construed in all respects as if any invalid or unenforceable provision were omitted.

19.    Denial of Liability.    That payment of the settlement amount and agreement to other terms set forth herein is not and shall not be considered an admission by Gingerich of any claim or fact asserted by the Trustee with Gingerich specifically denying any liability, fault, responsibility or wrongdoing.    No past or present wrongdoing, fault, responsibility or liability on the part of Gingerich shall be implied by such payments(s), agreement or negotiation.

20.    Advice of Counsel.    The Trustee and Gingerich warrant and represent that each has utilized the services of legal counsel in negotiating, reaching and entering into this Agreement.    The Trustee and Gingerich further acknowledge that before signing this Agreement, each has had the opportunity to have any questions they have regarding the terms or effect of this Agreement answered by attorneys of their choosing.    Each party confirms that they have been advised of the legal consequences of entering to into this Agreement.    Each party further confirms that they are satisfied with the quality of legal representation provided by their counsel in this matter.

Date:    7/24/17                          · Date:    _____

    **5 STAR INVESTMENT GROUP,**              **MATTHEW D. GINGERICH**
    **LLC AND ALL SUBSTANTIVELY**
    **CONSOLIDATED DEBTORS**

By:    _____, TTEE            By:    _____
    Douglas R. Adelsperger,                       Matthew D. Gingerich
    Chapter 11 Trustee

9

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT B**

18.    The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions, and this Agreement shall be construed in all respects as if any invalid or unenforceable provision were omitted.

19.    Denial of Liability.  That payment of the settlement amount and agreement to other terms set forth herein is not and shall not be considered an admission by Gingerich of any claim or fact asserted by the Trustee with Gingerich specifically denying any liability, fault, responsibility or wrongdoing. No past or present wrongdoing, fault, responsibility or liability on the part of Gingerich shall be implied by such payments(s), agreement or negotiation.

20.    Advice of Counsel.  The Trustee and Gingerich warrant and represent that each has utilized the services of legal counsel in negotiating, reaching and entering into this Agreement.  The Trustee and Gingerich further acknowledge that before signing this Agreement, each has had the opportunity to have any questions they have regarding the terms or effect of this Agreement answered by attorneys of their choosing.  Each party confirms that they have been advised of the legal consequences of entering to into this Agreement.  Each party further confirms that they are satisfied with the quality of legal representation provided by their counsel in this matter.

Date: _____

**5 STAR INVESTMENT GROUP,
LLC AND ALL SUBSTANTIVELY
CONSOLIDATED DEBTORS**

By: _____
　　　Douglas R. Adelsperger,
　　　Chapter 11 Trustee

Date:    July 21, 2017

**MATTHEW D. GINGERICH**

By: _____
　　　Matthew D. Gingerich

9

EXHIBIT 1 TO AMENDMENT

**EXHIBIT B**

AGREED AS TO FORM:

_____
Edmund P. Kos, Attorney for
Trustee Douglas R. Adelsperger

_____
Daniel Freeland, Attorney for
Matthew Gingerich

10

EXHIBIT 1 TO AMENDMENT

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| 5 STAR INVESTMENT GROUP, LLC, | ) | |
| 5 STAR PORTLAND HOLDINGS, LLC, | ) | Case No.: 16-30078-hcd |
| 5 STAR INVESTMENT GROUP V, LLC, | ) | |
| 5 STAR COMMERCIAL, LLC, | ) | |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) | SUBSTANTIVELY CONSOLIDATED |
| 5 STAR HOLDINGS, LLC, | ) | CHAPTER 11s |
| 5 STAR INVESTMENT GROUP III, LLC, | ) | |
| 5 STAR INDIANA HOLDINGS, LLC, | ) | |
| 5 STAR INVESTMENT GROUP II, LLC, | ) | |
| 5 STAR INVESTMENT GROUP IV, LLC | ) | |
| and 5 STAR CAPITAL FUND, LLC, | ) | |
| | ) | |
| Debtors. | ) | |

## <u>ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR OTHER RELIEF</u>

This matter is before the Court on the Trustee's Motion to Approve Settlement Agreement and for Other Relief ("Motion"), due and proper Notice of Motion having been given in accordance with Fed. R. Bankr. P. 2002, L.B.R. B-2002-2, Fed. R. Bankr. P. 9019, and L.B.R. B-9019-1; the Court having considered the Motion and the arguments of counsel in support thereof; and the Court having jurisdiction over this core proceeding and being duly advised in the premises

**THE COURT NOW FINDS THAT:**

1.      On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and

1

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT C**

5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2.      The Debtors are all Indiana limited liability companies owned as of the Petition Date by one individual, Earl Miller, and by reason of common ownership are affiliates as defined by 11 U.S.C. § 101 (2).

3.      Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4.      Following the February 16, 2016 hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11, Trustee."

5.      Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases.  On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration," consolidating the Debtors' bankruptcy cases for purposes of administration only.  On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

6.      This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408.  This Court also has constitutional jurisdiction over the relief sough in this motion.

EXHIBIT 1 TO AMENDMENT

**EXHIBIT C**

7.     If the Trustee were to bring an adversary complaint against Gingerich, the matter would be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

8.     Pursuant to 28 U.S.C. § 651(b), "[e]ach United States district court shall authorize, by local rule adopted under section 2071(a), the use of alternative dispute resolution processes in all civil actions, including adversary proceedings in bankruptcy, in accordance with this chapter."   11 U.S.C. § 105(a) permits bankruptcy judges to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Local Bankruptcy Rule B-9019-2 further states that "[t]he court may, upon its own initiative, or upon the motion of a party, set an appropriate adversary proceeding or contested matter for a non-binding method of alternative dispute resolution."

9.     That on March 30, 2017, the Trustee filed a Motion for an Order Authorizing Pre-Litigation Mediation Concerning Claims Asserted by the Trustee Against Matthew D. Gingerich. Said Motion, being approved by Order of this Court, entered on April 10, 2017, approving the Motion of the Trustee for Mediation and appointing the Honorable Robert E. Grant as Mediator.

10.     Thereafter, on May 10, 2017, the Mediation resulted in the entry of a Settlement Memorandum wherein the parties agreed to settle the disputes between the Trustee and Gingerich, a copy of said Settlement Memo is attached hereto as Exhibit A.

11.     The Trustee has moved for approval of the Settlement Agreement.  Gingerich's counsel have reviewed and approved this order as part of the Settlement Agreement.  The Trustee has served notice of the Motion in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure and such notice is adequate under the circumstances.

3

EXHIBIT 1 TO AMENDMENT

**EXHIBIT C**

12.     Approval of the Settlement Agreement is in the best interests of the estate and satisfies the standards for approval set forth in *In re Doctors' Hosp. Of Hyde Park, Inc*., 474 F.3d 421, 426 (7th Cir. 2007); *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *In re Energy Co-op, inc*., 886 F.2d 921, 926-27 (7th Cir. 1989).

**IT IS THEREFORE ORDERED THAT:**

A.     The Motion is hereby granted in its entirety and all objections to the Motion are hereby overruled to the extent such objections are not withdrawn.

B.     The Settlement Agreement attached as Exhibit B to the Motion is hereby approved. The Trustee is hereby authorized to compromise and settle the Adversary Proceeding and his claims against Gingerich on the terms set forth in the Settlement Agreement. The Parties to the Settlement Agreement are hereby authorized and directed to take all actions and to execute all documents necessary to consummate the Settlement Agreement.

C.     All creditors and parties-in-interest of 5 Star, all contingent creditors of 5 Star, all persons who have filed claims against 5 Star, and all persons who have sued or been sued by 5 Star or the Trustee are enjoined from commencing or continuing any action or proceeding against Gingerich based in whole or in part on claims or causes of actions that are property of the 5 Star Chapter 11 estate that are based upon any of the following allegations:

(1)    Gingerich received fraudulent transfers or voidable preferences from 5 Star entities;

(2)    Gingerich is the alter ego of the 5 Star entities;

(3)    Gingerich breached his fiduciary duties, if any, towards 5 Star;

(4)    Gingerich is liable for any of the debts or obligations of 5 Star, under any legal theory including but not limited to piercing the corporate veil;

4

EXHIBIT 1 TO AMENDMENT                                    **EXHIBIT C**

(5)     Any of the allegations asserted by the Trustee against Gingerich;

(6)     Gingerich guaranteed any of the debts of the 5 Star entities; or

(7)     Gingerich received any funds through a Ponzi or other type of fraudulent scheme through any of the 5 Star entities.

D.     This Order is a final order and the period in which an appeal must be filed shall commence upon the entry thereof.

F.     This Court shall retain jurisdiction to resolve any matters or disputes arising with respect to this order.

ENTER:

_____
United States Bankruptcy Court Judge

Dated: _____2017

5

EXHIBIT 1 TO AMENDMENT

**EXHIBIT C**

dlh

**UNITED STATES BANKRUPTCY COURT**
**NORTHER DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

IN RE:

| | |
|---|---|
| 5 STAR INVESTMENT GROUP, LLC | )   Case No.: 16-30078-hcd |
| 5 STAR PORTLAND HOLDINGS, LLC | ) |
| 5 STAR INVESTMENT GROUP V, LLC, | ) |
| 5 STAR COMMERCIAL, LLC, | ) SUBSTANTIVELY CONSOLIDATED |
| 5 STAR INVESTMENT GROUP VII, LLC, | ) CHAPTER 11s |
| 5 STAR HOLDINGS, LLC, | ) |
| 5 STAR INVESTMENT GROUP III, LLC, | ) |
| 5 STAR INDIANA HOLDINGS, LLC, | ) |
| 5 STAR INVESTMENT GROUP II, LLC, | ) |
| 5 STAR INVESTMENT GROUP IV, LLC, | ) |
| and 5 STAR CAPITAL FUND, LLC, | ) |
| | ) |
| Debtors. | ) |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT**
**AGREEMENT AND FOR OTHER RELIEF**

This matter is before the Court on the Trustee's Motion to Approve Settlement
Agreement and for Other Relief ("Motion"), due and proper Notice of Motion having been given
in accordance with Fed. R. Bankr. P. 2002, L.B.R. B-2002-2, Fed. R. Bankr. P. 9019, and L.B.R.
B-9019-1; the Court having considered the Motion and the arguments of counsel in support
thereof; and the Court having jurisdiction over this core proceeding and being duly advised in the
premises

**THE COURT NOW FINDS THAT:**

1.    On January 25, 2016 (the "Petition Date"), 5 Star Investment Group, LLC, 5 Star
Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star
Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star

1

EXHIBIT 2 TO AMENDMENT

Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, "5 Star" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, initiating eleven separate bankruptcy cases (the "Bankruptcy Cases").

2.      The Debtors are all Indiana limited liability companies owned as of the Petition Date by one individual, Earl Miller, and by reason of common ownership are affiliates as defined by 11 U.S.C. § 101 (2).

3.      Soon after the Petition Date, on February 9, 2016, the United States Trustee (the "UST") filed her "Emergency Motion for an Order Directing the Appointment of a Trustee or, in the Alternative, Conversion to Chapter 7, and Request for an Expedited Hearing on the Motion" (the "UST Motion").

4.      Following the February 16, 2016 hearing on the UST Motion, the Bankruptcy Court entered an "Agreed Order for the Appointment of a Chapter 11, Trustee."

5.      Thereafter, on February 29, 2016, Trustee Douglas R. Adelsperger was appointed as the Chapter 11 Trustee in each of the Bankruptcy Cases.  On March 23, 2016, the Court entered its "Order Granting Motion for Joint Administration," consolidating the Debtors' bankruptcy cases for purposes of administration only.  On April 21, 2016, United States Trustee Nancy J. Gargula filed her notice appointing an unsecured creditors' committee in this matter.

6.      This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. § 1408.  This Court also has constitutional jurisdiction over the relief sought in this motion.

EXHIBIT 2 TO AMENDMENT

7.      If the Trustee were to bring an adversary complaint against Gingerich, the matter would be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

8.      Pursuant to 28 U.S.C. § 651(b), "[e]ach United States district court shall authorize, by local rule adopted under section 2071(a), the use of alternative dispute resolution processes in all civil actions, including adversary proceedings in bankruptcy, in accordance with this chapter."   11 U.S.C. § 105(a) permits bankruptcy judges to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Local Bankruptcy Rule B-9019-2 further states that "[t]he court may, upon its own initiative, or upon the motion of a party, set an appropriate adversary proceeding or contested matter for a non-binding method of alternative dispute resolution."

9.      That on March 30, 2017, the Trustee filed a Motion for an Order Authorizing Pre-Litigation Mediation Concerning Claims Asserted by the Trustee Against Matthew D. Gingerich. Said Motion, being approved by Order of this Court, entered on April 10, 2017, approving the Motion of the Trustee for Mediation and appointing the Honorable Robert E. Grant as Mediator.

10.      Thereafter, on May 10, 2017, the Mediation resulted in the execution of a Settlement Memorandum wherein the parties agreed to settle the disputes between the Trustee and Gingerich.

11.      The parties thereafter memorialized the terms of the Settlement Memorandum in a settlement agreement the "Settlement Agreement").

12.      The Trustee has moved for approval of the Settlement Agreement.   Gingerich's counsel have reviewed and approved this order as part of the Settlement Agreement.   The Trustee has served notice of the Motion in accordance with Rule 2002 of the Federal Rules of

EXHIBIT 2 TO AMENDMENT

Bankruptcy Procedure and such notice is adequate under the circumstances.

12.    On September 15, 2017 the Trustee filed a stipulation modifying the Trustee's Settlement Agreement, Motion to Approve Settlement Agreement and other relief and proposed Order which addressed the concerns of the SEC and the U.S. Trustee (Document 982) (herein after referred to as "SEC Stipulation").

13.    On November 9, 2017 the Trustee filed a Stipulation Modifying the Trustee's Settlement Agreement, Motion to Approve Settlement Agreement and for Other Relief and Proposed Order which addressed the concerns of Modified Agreed Contingent Payment due from Gingerich to the Trustee (hereinafter referred to as the "Trustee/Gingerich Stipulation").

14.    Neither SEC Stipulation nor the Trustee/Gingerich Stipulation materially affect the Settlement Agreement and are deemed to be immaterial modifications.

15.    Approval of the Settlement Agreement is in the best interests of the estate and satisfies the standards for approval set forth in *In re Doctors' Hosp. Of Hyde Park, Inc*., 474 F.3d 421, 426 (7th Cir. 2007); *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *In re Energy Co-op, inc*., 886 F.2d 921, 926-27 (7th Cir. 1989).

**IT IS THEREFORE ORDERED THAT:**

A.    The Motion is hereby granted in its entirety and all objections to the Motion are hereby overruled to the extent such objections are not withdrawn.

B.    The Settlement Agreement attached as Exhibit B to the Motion as modified by the SEC Stipulation and the Trustee/Gingerich Stipulation is hereby approved, and all terms of the SEC Stipulation and the Gingerich/Trustee Stipulation are incorporated herein as if fully stated. The Trustee is hereby authorized to compromise and settle his claims against Gingerich on the

4

EXHIBIT 2 TO AMENDMENT

terms set forth in the Settlement Agreement, as modified by the SEC Stipulation and the Trustee/Gingerich Stipulation. The Parties to the Settlement Agreement are hereby authorized and directed to take all actions and to execute all documents necessary to consummate the Settlement Agreement.

C.    Subject to the terms of the Settlement Agreement as modified by the SEC Stipulation, all creditors and parties-in-interest of 5 Star, all contingent creditors of 5 Star, all persons who have filed claims against 5 Star, and all persons who have sued or been sued by 5 Star or the Trustee are enjoined from commencing or continuing any action or proceeding against Gingerich based in whole or in part on claims or causes of actions that are property of the 5 Star Chapter 11 estate that are based upon any of the following allegations:

(1)    Gingerich received fraudulent transfers or voidable preferences from 5 Star entities;

(2)    Gingerich is the alter ego of the 5 Star entities;

(3)    Gingerich breached his fiduciary duties, if any, towards 5 Star;

(4)    Gingerich is liable for any of the debts or obligations of 5 Star, under any legal theory including but not limited to piercing the corporate veil;

(5)    Any of the allegations asserted by the Trustee against Gingerich;

(6)    Gingerich guaranteed any of the debts of the 5 Star entities; or

(7)    Gingerich received any funds through a Ponzi or other type of fraudulent scheme through any of the 5 Star entities.

D.    Notwithstanding the provisions of Paragraph C, and consistent with the SEC Stipulation, and notwithstanding any provision in the Settlement Agreement to the contrary, the Settlement Agreement does not: (i) enjoin, limit, impair or delay the SEC or the U.S. Trustee

5

EXHIBIT 2 TO AMENDMENT

from commencing or continuing any claims, causes of action, proceedings or investigations against Gingerich; (ii) enjoin, limit, impair or delay any other federal, state or local government entity in addition to the SEC and the U.S. Trustee from commencing or continuing any claims, causes of action, proceedings, or investigations in the exercise of its police or regulatory functions against Gingerich; (iii) preclude the SEC, the U.S. Trustee, and any other federal, state or local government entity from commencing or continuing any investigation or taking any action pursuant to its police or regulatory function against Gingerich; (iv) preclude any party in interest from commencing or continuing any action not held by the Trustee or the 5 Star Bankruptcy Estate, except for any party interest claiming indemnification from Gingerich based upon a limited personal guaranty of collection which expired upon the completion of rehabilitation and remodeling of the Real Estate that the Claimant lent monies in relationship to; (v) release Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns existing prior to the date of the approval of the Settlement Agreement by the Court except Grand Products, LLC and Capstone Business Solutions, LLC both of which are specifically incorporated into and addressed as part of the Settlement Agreement; or (vi) act as a discharge of debt in any future bankruptcy cases filed by Gingerich or Gingerich's employees, agents, attorneys, affiliates, predecessors, successors, heirs, and assigns.

   E.  This Order is a final order and the period in which an appeal must be filed shall commence upon the entry thereof.

   F.  This Court shall retain jurisdiction to resolve any matters or disputes arising with respect to this order.

6

EXHIBIT 2 TO AMENDMENT

ENTER:

_____
United States Bankruptcy Court Judge

Dated: November 16 2017

EXHIBIT 2 TO AMENDMENT